| | |
|---|---|
| 1 | Daniel Lammie (Bar No. 345838) |
| 2 | HAYNES AND BOONE, LLP<br>112 East Pecan Street, Suite 2400 |
| 3 | San Antonio, TX 78205<br>Telephone: (210) 978-7000 |
| 4 | Facsimile: (210) 978-7450<br>Daniel.lammie@haynesboone.com |
| 5 | Letitia Johnson-Smith (Bar No. 355642) |
| 6 | HAYNES AND BOONE, LLP<br>600 Anton Boulevard, Suite 700 |
| 7 | Costa Mesa, CA 92626<br>Telephone: (949) 202-3000 |
| 8 | Facsimile: (949) 202-3001<br>Letitia.johnson-smith@haynesboone.com |
| 9 | Brent R. Owen (Bar No. 45068) |
| 10 | HAYNES AND BOONE, LLP<br>675 15th Street, Suite 2200 |
| 11 | Denver, CO 80202<br>T: (303) 382-6200 |
| 12 | F: (303) 382-6210<br>Brent.owen@haynesboone.com |
| 13 | **[PRO HAC VICE FORHCOMING]** |
| 14 | Attorneys for Defendant<br>TARGET CORPORATION |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIGEN TOVMASYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a corporation, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-08625-SRM-MAR<br>Assigned to District Judge:<br>Hon. Monica Ramirez Almadani<br><br>**DEFENDANT TARGET CORPORATON'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT AND MOTION TO STRIKE CLASS ALLEGATIONS AND MEMORANDUM OF POINTS AND AUTHORITIES HERETO**<br><br>*[Filed Concurrently with the [Proposed] Order]*<br>Date:      May 5, 2025<br>Time:      1:30 p.m.<br>Courtroom:   10B |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 5, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 10B of the above-entitled court, located at 350 West 1st Street, 10th Floor, Los Angeles, California 90012, Defendant TARGET CORPORATION ("Defendant"), by and through its counsel, will and hereby does move this Court, for entry of an order dismissing the Class Action Complaint ("CAC") of VIGEN TOVMASYAN ("Plaintiff") pursuant to Fed. Rule Civ. Proc. 12(b)(1) and 12(b)(6). Additionally, Defendant will, and hereby does, move this Court for an order striking Plaintiff's class allegations pursuant to Fed. Rule Civ. Proc. 12(f). Defendant further requests all other relief as this Court deems just and equitable.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on February 27, 2025, when the parties discussed the potential resolution of the filed motion.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file in this action, and such other evidence and argument as may be properly received by the Court.

Date: March 21, 2025          HAYNES AND BOONE, LLP

                              By: */s/ Daniel Lammie*
                              Daniel Lammie
                              Attorneys for Defendant
                              TARGET CORPORATION

- 1 -

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................. 1

II. FACTUAL BACKGROUND ........................................................................... 1

III. Legal Standards ................................................................................................ 2

    A. Motion to Dismiss: Rules 12(b)(1) and 12(b)(6) ................................... 2

    B. Motion to Strike: Rule 12(f) .................................................................. 3

IV. ARGUMENT .................................................................................................... 4

    A. Mr. Tovmasyan lacks standing to bring claims on behalf of the Nationwide Class. ................................................................................. 4

    B. Mr. Tovmasyan fails to adequately allege claims under the Nationwide Class. ................................................................................. 6

    C. California does not recognize a cause of action for unjust enrichment. ............................................................................................ 7

    D. Mr. Tovmasyan's punitive damage claim fails as a matter of law. ....... 8

    E. Class members who purchased Products online should be stricken from the complaint. ............................................................................. 10

V. CONCLUSION ............................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Adler v. Altsleep, LLC.*
   No. 2:22-CV-05854-JLS-KS, 2023 WL 3080757 (C.D. Cal. Feb. 7,
   2023) ..................................................................................................... 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................ 3

*Avilez v. Pinkerton Gov't Servs., Inc.*
   596 F. App'x 579 (9th Cir. 2015) .......................................................... 11

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696, 699 (9th Cir. 1988) .......................................................... 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................ 3

*In re Capacitors Antitrust Litig.*,
   154 F. Supp. 3d 918 (N.D. Cal. 2015) .................................................... 4

*Collins v. eMachines, Inc.*,
   202 Cal. App. 4th 249 (2011) ................................................................. 8

*Conservation Force v. Salazar*,
   646 F.3d 1240 (9th Cir. 2011) ................................................................ 3

*Davis v. Fed. Election Comm'n*,
   554 U.S. 724 (2008) ................................................................................ 2

*Dinosaur Dev., Inc. v. White*,
   216 Cal. App. 3d 1310 (Ct. App. 1989) .................................................. 7

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016) .................................................................. 3

*Found. v. Napolitano*,
   No. 17-CV-02255-MMC, 2018 WL 1947766 (N.D. Cal. Apr. 25,
   2018) ....................................................................................................... 9

*Fraher v. Surydevara*,
   No. 106CV-01120AWI-GSAPC, 2009 WL 1371829 (E.D. Cal.
   May 15, 2009) ............................................................................................... 9

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ...................................................................... 3

*Goel v. Coal. Am. Holding Co. Inc*,
   No. CV 11-2349 GAF (EX), 2011 WL 13128300 (C.D. Cal. July
   5, 2011) ......................................................................................................... 8

*In re Graphics Processing Units Antitrust Litig.*,
   527 F. Supp. 2d 1011 (N.D. Cal. 2007) ....................................................... 4

*Gutierrez v. Kaiser Permanente*,
   No. 217CV00897MCEGGH, 2018 WL 2412319, at *5 (E.D. Cal.
   May 29, 2018) .............................................................................................. 9

*Ivie v. Kraft Foods Glob., Inc.*,
   No. C-12-02554-RMW, 2015 WL 183910 (N.D. Cal. Jan. 14,
   2015) ............................................................................................................. 8

*Kavehrad v. Vizio, Inc.*,
   2022 WL 16859975 (C.D. Cal. Aug. 11, 2022) ..................................... 5, 6

*Lauriedale Assocs., Ltd. v. Wilson*,
   7 Cal. App. 4th 1439 (1992) ........................................................................ 7

*Lawson v. Grubhub, Inc.*,
   13 F.4th 908 (9th Cir. 2021) ................................................................ 10, 11

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ..................................................................................... 2

*Maya v. Centex Corp.*,
   658 F.3d 1060 (9th Cir. 2011) ..................................................................... 2

*Melchior v. New Line Prods., Inc.*,
   106 Cal. App. 4th 779 (2003) ...................................................................... 7

*Mercado v. Audi of Am., LLC*,
   No. EDCV1802388JAKSPX, 2019 WL 9051000 (C.D. Cal. Nov.
   26, 2019) ................................................................................................... 4, 5

*Newport Components, Inc. v. NEC Home Elecs. (U.S.A.), Inc.*,
    671 F. Supp. 1525 (C.D. Cal. 1987)......................................................................8

*Pearl v. Coinbase Glob., Inc.*,
    No. 22-CV-03561-MMC, 2024 WL 3416505 (N.D. Cal. July 15,
    2024)...................................................................................................................4

*Petkevicius v. NBTY, Inc.*,
    No. 314CV02616CABRBB, 2017 WL 1113295 (S.D. Cal. Mar.
    24, 2017).............................................................................................................8

*Ramona Manor Convalescent Hosp. v. Care Enterprises*,
    177 Cal. App. 3d 1120 (Ct. App. 1986) ..............................................................7

*Romero v. Flowers Bakeries, LLC*,
    No. 14-CV-05189-BLF, 2016 WL 469370 (N.D. Cal. Feb. 8,
    2016)...................................................................................................................6

*Roper v. Big Heart Pet Brands, Inc.*,
    510 F. Supp. 3d 903 (E.D. Cal. 2020) .............................................................8, 9

*Sahagian v. Genera Corporation*,
    No. CV 08-7613-GW PJWX, 2009 WL 9504039, at *6-8 (C.D.
    Cal. July 6, 2009) ...............................................................................................5

*Schertzer v. Bank of Am., N.A.*,
    445 F. Supp. 3d 1058 (S.D. Cal. 2020) ..............................................................4

*Shroyer v. New Cingular Wireless Servs., Inc.*,
    622 F.3d 1035 (9th Cir. 2010)............................................................................3

*Sidney-Vinstein v. A.H. Robins Co.*,
    697 F.2d 880 (9th Cir. 1983)..............................................................................4

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
    580 F. Supp. 2d 896, 910 (N.D. Cal. 2008) .......................................................6

*Stewart v. Kodiak Cakes*,
    LLC, 537 F. Supp. 3d 1103 (S.D. Cal. 2021).....................................................6

*Tan v. Grubhub, Inc.*,
  No. 15-CV-05128-JSC, 2016 WL 4721439, at *3 (N.D. Cal. July
  19, 2016) ...................................................................................................... 10

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
  781 F. Supp. 2d 955 (N.D. Cal. 2011) ........................................................... 6

*Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*,
  No. 14-CV-00362-BLF, 2014 WL 3705350, at *6-7 (N.D. Cal.
  July 24, 2014). ............................................................................................... 9

*Tietsworth v. Sears*,
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) ......................................................... 4

*Tschudy v. J.C. Penney Corp., Inc.*,
  No. 11CV1011 JM (KSC), 2015 WL 8484530 (S.D. Cal. Dec. 9,
  2015) ............................................................................................................ 11

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
  313 F. Supp. 3d 1113 (N.D. Cal. 2018) ......................................................... 9

*Yordy v. Plimus, Inc.*,
  No. C12-0229 TEH, 2012 WL 2196128 (N.D. Cal. June 14, 2012) ............. 8

**Statutes**

Cal. Civ. Code § 3294 ........................................................................................ 9

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ....................................................................................... 3

Fed. R. Civ. P. 12(b)(1) ..................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ................................................................................ 2, 3

Fed. R. Civ. P. 12(f) .......................................................................................... 3

Fed. R. Civ. P. 23(a)(1)-(4) ............................................................................. 10

Fed. R. Civ. P. 23(c) .......................................................................................... 4

Fed. R. Civ. P. 23(d)(1)(D) ................................................................................ 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff Vigen Tovmasyan ("Plaintiff" or "Mr. Tovmasyan") sues Defendant Target Corporation ("Target") on behalf of himself, an individual, and in a representative capacity on behalf of a Nationwide Class and California Subclass based on the alleged practice of Target using citric acid in its Good and Gather "No Preservative" Dip Products (the "Products").  Compl. ¶ 1.

Mr. Tovmasyan's claims fail for a number of reasons.  First, Mr. Tovmasyan lacks standing under Article III.  Second, he cannot represent the Nationwide Class since he fails to allege that he lived or purchased any Products outside of California.  Third, he fails to state the applicable law for express warranty (Count Four), unjust enrichment (Count Five), common law fraud (Count Six), intentional misrepresentation (Count Seven), and negligent misrepresentation (Count Eight).  Fourth, he improperly asserts a cause of action for unjust enrichment; California does not recognize unjust enrichment as a separate cause of action.  Fifth, and along the same lines, his claim for restitution is barred by the available legal remedies under the remaining consumer protection statutes.  Sixth, neither Mr. Tovmasyan nor any class member are entitled to punitive damages.  Lastly, Mr. Tovmasyan does not have standing to represent any class member who bought Products online since those individuals are subject to binding arbitration pursuant to Target's Arbitration Agreement found on its Terms & Conditions site, https://www.target.com/c/terms-conditions/-/N-4sr7l#Arb.

## II.    FACTUAL BACKGROUND

Mr. Tovmasyan, at all times relevant to the claims, was a citizen of California. *Id*. ¶ 10.  He allegedly made several purchases of various flavors of the Products at different times throughout the Class Period in California. *Id*. His most recent purchase was of Spinach Artichoke Dip from a Target located in Los Angeles, California, in September 2024. *Id*.  However, despite representing the

Nationwide Class, nowhere in the Complaint does Mr. Tovmasyan allege that he lived in a different state other than California or purchased the Products outside of California.

Furthermore, he alleges that Target falsely and deceptively advertises the Products as containing "No Artificial Colors, Flavors, or Preservatives" ("Challenged Representation") even though the Products contain citric acid—a preservative ingredient used in food products. *Id.* ¶ 2. As a result of the Challenged Representation, Mr. Tovmasyan claims that he, as well as the class members, suffered injuries since Target took advantage of consumers' desire to purchase a product free from preservatives. *Id.* ¶ 3.

Mr. Tovmasyan, the Nationwide Class, and California Subclass seek monetary recovery and injunctive relief to stop Target from manufacturing, marketing, and selling the Products. *Id.* ¶ 4.

### III.   LEGAL STANDARDS

####   A.   Motion to Dismiss: Rules 12(b)(1) and 12(b)(6)

District courts must dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). To satisfy Article III's standing requirements, the plaintiff must meet his burden to establish that: (1) he suffered an injury in fact that is concrete and particularized and actual or imminent; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, not merely speculative, that the injury will be redressed by a favorable decision. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). "[E]ach element must be supported…with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). And, "plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008).

Federal Rule of Civil Procedure 12(b)(6) requires that a district court dismiss

a claim if it fails to state a claim upon which relief can be granted. "[D]ismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

The court does not accept as true "legal conclusions," "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff is required to show, through facts alleged, an entitlement to relief. *Id.* at 679 (*citing* FED. R. CIV. P. 8(a)(2)). "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (*citing Iqbal*, 556 U.S. at 679).

### B.    Motion to Strike: Rule 12(f)

Under Federal Rule of Civil Procedure 12(f), the "court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter." The "function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior

to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). In class actions, "[d]istrict courts have the authority to strike class allegations at the pleading stage where the class as defined in the complaint cannot be certified." *Pearl v. Coinbase Glob., Inc.*, No. 22-CV-03561-MMC, 2024 WL 3416505, at *2 (N.D. Cal. July 15, 2024); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010). Further authority to strike is provided under Federal Rule of Civil Procedure 23(c), which states "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Upon order, the court can require the plaintiff to amend the allegations. Fed. R. Civ. P. 23(d)(1)(D).

IV.   **ARGUMENT**

    A.   **Mr. Tovmasyan lacks standing to bring claims on behalf of the Nationwide Class.**

Mr. Tovmasyan does not satisfy Article III requirements to be a representative plaintiff for the Nationwide Class. "Article III standing is a threshold inquiry that must be undertaken at the outset of a case, before the Court proceeds any further." *In re Capacitors Antitrust Litig.*, 154 F. Supp. 3d 918, 924 (N.D. Cal. 2015). In class actions, courts have the authority to "dismiss claims asserted under the laws of states in which no plaintiff resides or has purchased products" at the pleadings stage. *Schertzer v. Bank of Am., N.A.*, 445 F. Supp. 3d 1058, 1072 (S.D. Cal. 2020); *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1027 (N.D. Cal. 2007) (dismissing antitrust claims in seven states where no named plaintiff resided). "Moreover, at least one named plaintiff must have standing with respect to each claim the class representatives seek to bring." *Mercado v. Audi of Am., LLC*, No. EDCV1802388JAKSPX, 2019 WL 9051000, at *14 (C.D. Cal. Nov. 26, 2019).

To obtain standing, Mr. Tovmasyan must name a representative plaintiff for each state law he sues under. Courts routinely dismiss claims that fail to identify a

plaintiff for each state law to be enforced. For example, in *Adler v. Altsleep, LLC*, a single named plaintiff purported to represent a class of consumers under forty different states' laws. No. 2:22-CV-05854-JLS-KS, 2023 WL 3080757, at *3-4 (C.D. Cal. Feb. 7, 2023) ("[T]his Court refused to allow plaintiffs in a class action to assert in a single cause of action violations of multiple state laws without any allegation as to how they can maintain causes of action under those states' laws." (citing *Kavehrad v. Vizio, Inc.,* 2022 WL 16859975, at *3 (C.D. Cal. Aug. 11, 2022)). The court dismissed the claims under the laws of any state other than California, holding that the complaint failed to explain how an individual in one state might seek protection under laws of other states where he did not purchase products. *Id.* at 4.

So too in *Sahagian v. Genera Corporation*; there, the court dismissed plaintiffs' antitrust and consumer protection claims under the laws of almost twenty states since the named plaintiffs failed to identify how they were injured in those states. No. CV 08-7613-GW PJWX, 2009 WL 9504039, at *6-8 (C.D. Cal. July 6, 2009). Specifically, the named plaintiffs failed to allege that they lived or purchased products in many of the states. *Id.* at 8. In class actions, the "[n]amed plaintiffs who represent a class must allege and show that they *personally* have been injured, not that injury has been suffered by other, *unidentified members of the class to which they belong and which they purport to represent*." *Id.* at 6 (emphasis added).

That reasoning defeats Mr. Tovmasyan's nationwide claims here. He is the only named plaintiff. Compl. p.1. He alleges he was a citizen of California the whole time in question. *Id.* ¶ 10. He admits to making several purchases of various flavors of the Products at different times throughout the Class Period in California. *Id.* His most recent purchase was of Spinach Artichoke Dip from a Target located in Los Angeles, California, in September 2024. *Id.* But Mr. Tovmasyan does not allege he purchased the Products in a state other than California. He does not allege that he personally suffered injury outside of California resulting from the Products.

He also does not identify a particular person who purchased the Products in a state outside of California and suffered injury. It follows that his claim to seek a "Nationwide Class" fails as a matter of law and should be dismissed. *Id.* ¶ 39.

### B. Mr. Tovmasyan fails to adequately allege claims under the Nationwide Class.

Mr. Tovmasyan's express warranty (Count Four), unjust enrichment (Count Five), common law fraud (Count Six), intentional misrepresentation (Count Seven), and negligent misrepresentation (Count Eight) claims do not explicitly mention California law or any other states' law. *Id.* ¶¶ 113-150. Mr. Tovmasyan's pleadings purport to lump together multiple individual causes of action from each state law into one count.

"Plaintiffs must allege the applicable law to determine whether they plead a sufficient claim," and "state law claims should not be lumped together into one cause of action." *Stewart v. Kodiak Cakes*, LLC, 537 F. Supp. 3d 1103, 1157 (S.D. Cal. 2021). Although the basic elements of each claim may be similar across state lines, there are deviations, nuances, and wrinkles in each states' law that require Mr. Tovmasyan to separate each claim by state law into individual counts. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 781 F. Supp. 2d 955, 966 (N.D. Cal. 2011) ("Even if the basic elements of an unjust enrichment claim are similar in many states, there may be (and very likely are) differences from state to state regarding issues such as the applicable statute of limitations and various equitable defenses."). Courts routinely dismiss claims structured this way for failure to state the applicable law and separate each claim by state law. *Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016) (dismissing common law claims on the grounds that plaintiff failed to allege which state law governed each claim); *Kavehrad v. Vizio, Inc.*, No. 821CV01868JLSDFM, 2022 WL 16859975, at *3 (C.D. Cal. Aug. 11, 2022) (dismissal on same grounds). In *In re Static Random Access Memory (SRAM)*

*Antitrust Litig.*, plaintiffs brought claims on behalf of a nationwide class for unjust enrichment as well as other causes of action. 580 F. Supp. 2d 896, 910 (N.D. Cal. 2008). Defendants argued that plaintiffs' failure to identify which states' law applied to the claim for unjust enrichment deprived them of adequate notice. *Id*. The court agreed and dismissed the unjust enrichment claim since it could not decipher if it had been adequately plead under any state law. *Id*.

Consistent with case law, Mr. Tovmasyan's claims for Counts Four through Eight should be dismissed.

### C. California does not recognize a cause of action for unjust enrichment.

Mr. Tovmasyan's cause of action for unjust enrichment (Count Five) fails under California law too. Compl. ¶¶ 120-26. California does not recognize a cause of action for unjust enrichment. *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003); *Lauriedale Assocs., Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (1992) ("The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so."). Courts have defined unjust enrichment as a general principle, not a separate cause of action. *Dinosaur Dev., Inc. v. White*, 216 Cal. App. 3d 1310, 1315 (Ct. App. 1989).

Even more, Mr. Tovmasyan's unjust enrichment claim is a quasi-contract claim for restitution; where, as here, other legal remedies are available under consumer protection statues, the quasi-contract for restitution claim fails. *Ramona Manor Convalescent Hosp. v. Care Enterprises*, 177 Cal. App. 3d 1120, 1140 (Ct. App. 1986) (holding restitution is not an appropriate relief where other remedies at law are available to correct plaintiff's injury). A court analyzing this exact issue held that: "[Since] plaintiffs' remedies at law are adequate (counts alleged under the CLRA, the UCL, and common law fraud), a claim for restitution…is unnecessary. This conclusion follows from the general principle of equity that

equitable relief (such as restitution) will not be given when the plaintiff's remedies at law are adequate." *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 260 (2011).

Following this reasoning, to the extent plaintiff also seeks restitution or disgorgement, it would be duplicative to allow unjust enrichment. *See Yordy v. Plimus, Inc.,* No. C12-0229 TEH, 2012 WL 2196128, at *7 (N.D. Cal. June 14, 2012) (holding that "where a plaintiff's CLRA, UCL, and FAL claims seek restitution as a remedy, to allow unjust enrichment would be duplicative"); *Ivie v. Kraft Foods Glob., Inc.*, No. C-12-02554-RMW, 2015 WL 183910, at *2 (N.D. Cal. Jan. 14, 2015) (holding that disgorgement is not appropriate since remedies are available under UCL, FAL, and CLRA that allow a plaintiff to be reimbursed for costs associated with misleading labels).

Here, any request for disgorgement or restitution via quasi-contract, in combination with a request for unjust enrichment under the UCL and CLRA, contradicts established law and should be dismissed. Compl. ¶¶ 50-88, 97-112, 151.

**D.     Mr. Tovmasyan's punitive damage claim fails as a matter of law.**

Mr. Tovmasyan's demand for punitive damages under UCL (Count One), FAL (Count Two), CLRA (Count Three), and express warranty (Count Four) each fail.

It is settled law that "[p]unitive damages are generally not available under the UCL or FAL." *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 926 (E.D. Cal. 2020); *Newport Components, Inc. v. NEC Home Elecs. (U.S.A.), Inc.*, 671 F. Supp. 1525, 1551 (C.D. Cal. 1987) (recovery under a claim for unfair business practices is limited to equitable relief)*; Petkevicius v. NBTY, Inc.*, No. 314CV02616CABRBB, 2017 WL 1113295, at *10 (S.D. Cal. Mar. 24, 2017) ("Punitive damages are not recoverable under the UCL or FAL."). Punitive damages are not an available remedy for unjust enrichment or express or implied warranty. *Goel v. Coal. Am. Holding Co. Inc*, No. CV 11-2349 GAF (EX), 2011

- 8 -

WL 13128300, at *9 (C.D. Cal. July 5, 2011) (punitive damages are not available for unjust enrichment); *Roper*, 510 F. Supp. 3d at 926 (punitive damages are not an available remedy for breach of express or implied warranty).

The CLRA claim (Count Three) fails for two reasons. First, Target is a corporate entity. "A corporate entity cannot commit willful and malicious conduct." *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1147 (N.D. Cal. 2018). "Therefore, Plaintiffs must plead that an officer, director, or managing agent of Defendants committed an act of oppression, fraud, or malice." *Id*. But Mr. Tovmasyan does not do that here. Thus, as in *Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*, where the court acknowledged that plaintiff's failure to include the names or titles of any individual was a fatal defect and dismissed all allegations of "willful and malicious conduct" against the defendant, Mr. Tovmasyan's assertions of "willful and malicious" conduct in support of his claim for punitive damages should also be dismissed against Target. No. 14-CV-00362-BLF, 2014 WL 3705350, at *6-7 (N.D. Cal. July 24, 2014).

Second, punitive damages are restricted to instances "where it is proven by clear and convincing evidence that the defendant has been *guilty of oppression, fraud, or malice*." Cal. Civ. Code § 3294 (emphasis added); *Fraher v. Surydevara*, No. 106CV-01120AWI-GSAPC, 2009 WL 1371829, at *1 (E.D. Cal. May 15, 2009), *report and recommendation adopted*, No. 1:06-CV-1120AWIGSA, 2009 WL 2870100 (E.D. Cal. Sept. 3, 2009). Thus, Mr. Tovmasyan is required to plead sufficient facts to support his demand for punitive damages, which he failed to do. *Young Am.'s Found. v. Napolitano*, No. 17-CV-02255-MMC, 2018 WL 1947766, at *12 (N.D. Cal. Apr. 25, 2018). In *Gutierrez v. Kaiser Permanente*, the court granted defendant's motion to strike punitive damages on the grounds that plaintiff failed to plead sufficient facts to support punitive damages. No. 217CV00897MCEGGH, 2018 WL 2412319, at *5 (E.D. Cal. May 29, 2018). The plaintiff did not allege specific facts, only conclusory allegations. *Id*. Similarly,

Mr. Tovmasyan's allegations are conclusory in nature and provide minimal, if any facts. Compl. ¶¶ 112, 151. For example, he alleges only: "[d]efendant's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law." *Id*. at ¶ 112. This statement as well as others simply restate the requirements to enforce punitive damages. They do not allege the actual actions of Target that establish a finding of fraud or malice.

### E. Class members who purchased Products online should be stricken from the complaint.

To certify a class, a plaintiff must meet four threshold elements: (1) numerosity, (2) common question of fact or law, (3) typicality, and (4) the representative plaintiff fairly and adequately protects the interest of the class. Fed. R. Civ. P. 23(a)(1)-(4). Here, Mr. Tovmasyan is not an adequate representative and lacks typicality with not only the Nationwide Class as discussed above but also with any class member that purchased Products online. Online purchasers are bound by Target's Binding Arbitration Agreement that can be found under the Terms and Conditions tab on Target's website, https://www.target.com/c/terms-conditions/-/N-4sr7l. The Arbitration Agreement states that any dispute will be subject to binding arbitration and that parties waive their right to participate in a class action.

In *Tan v. Grubhub, Inc*., a class action matter, the court held that one of the representative plaintiffs could not satisfy the requirements of typicality or adequacy because he was one of two individuals in California to opt out of the class action waiver when all other class members but one were bound by the waiver. No. 15-CV-05128-JSC, 2016 WL 4721439, at *3 (N.D. Cal. July 19, 2016), aff'd sub nom. *Lawson v. Grubhub, Inc*., 13 F.4th 908 (9th Cir. 2021). The court noted that since the plaintiff opted out of the waiver, he "would be unable to credibly make several procedural unconscionability arguments on behalf of unnamed class members." *Id*. Therefore, he could not represent the class. *Id*.

Similarly, in a leading Ninth Circuit unpublished decision, *Avilez v. Pinkerton Gov't Servs., Inc.*, the representative plaintiff's arbitration agreement did not contain a class action waiver. 596 F. App'x 579 (9th Cir. 2015). However, several class members of the putative class and subclasses signed arbitration agreements with class waivers. *Id*. The district court certified the classes. *Id*. The Ninth Circuit held that the district court abused its discretion in certifying the classes since it was apparent the named plaintiff could not argue potential defenses on their behalf. *Id*. Thus, the named plaintiff lacked adequate representation and typicality. *Id*.; *Tschudy v. J.C. Penney Corp., Inc.*, No. 11CV1011 JM (KSC), 2015 WL 8484530, at *3 (S.D. Cal. Dec. 9, 2015) (holding named plaintiffs lacked adequacy and typicality based on arbitration agreement).

In the instant case, Mr. Tovmasyan concedes that he purchased the Products at various times during the Class Period. Compl. ¶ 10. His most recent purchase was at a Target store located in Los Angeles, California, in September 2024. *Id*. Nowhere in the complaint does Mr. Tovmasyan allege that he purchased any of the Products online. Thus, Mr. Tovmasyan may not be subject to Target's binding Arbitration Agreement (based at least on his allegations). (Target reserves the right to compel individual arbitration if Mr. Tovmasyan shopped at Target online.) Consistent with the findings in *Tan* and *Avilez*, Mr. Tovmasyan lacks adequacy and typicality with any class member that purchased Products online since he will not have standing to raise relevant defenses on their behalf. Accordingly, class members who purchased Products online should be stricken from the Complaint.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## V. CONCLUSION

For the foregoing reasons, the Court should grant Target Corporation's Motion to Dismiss and Motion to Strike in their entirety with prejudice.

Date: March 21, 2025

HAYNES AND BOONE, LLP

By: */s/ Daniel Lammie*
Daniel Lammie
Attorneys for Defendant
TARGET CORPORATION

### L.R. 11-6 CERITICATION

The undersigned, counsel of record for Target Corporation certifies that this brief contains 3,618 words, which complies with the word limit of L.R. 11-6.1.

By: */s/ Daniel Lammie*
Daniel Lammie
Attorneys for Defendant
TARGET CORPORATION.