**MALK & POGO LAW GROUP, LLP**
Valter Malkhasyan (SBN 348491)
*vmalkhasyan@malkpogolaw.com*
Erik Pogosyan (SBN 345650)
*erik@ malkpogolaw.com*
1241 S. Glendale Ave Suite 204
Glendale, CA 91205
Tel: (818) 484-5204
Fax: (818) 824-5144

*Counsel for Plaintiff and the proposed class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VIGEN TOVMASYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a corporation, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-02314-MRA-KS<br><br>*Assigned to Hon. Monica Ramirez Almadani*<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Hearing Information:<br>Date:   May 5, 2025<br>Time:   1:30 p.m.<br>Ctrm:   10B<br><br>Complaint Filed: January 30, 2025 |

## TABLE OF CONTENTS

I. INTRODUCTION ............................................................................. 1

II. FACTS ........................................................................................... 2

    A. Challenged Representations Are Material to Consumers' Purchasing Decisions ........................................................................................ 2

    B. Defendant's Challenged Representation ................................... 2

    C. Plaintiff Relied on Defendant's Deceptive Plant-Based Representation. 2

III. LEGAL STANDARD ...................................................................... 3

IV. ARGUMENT ................................................................................. 3

    A. The Court Should Reject Defendants' Arguments for Dismissal of the Nationwide Class Action Claims ............................................... 3

    B. Plaintiff's Warranty and Restitution Claims Are Properly Pled ............. 7

    C. Plaintiff Has Plausibly Pled Unjust Enrichment ...................... 8

    D. Plaintiff's Allegations in Support of Punitive Damages are Well-Pled 10

    E. Defendant's Motion to Strike Online Purchaser Class Members Is Premature and Procedurally Improper ................................... 14

V. IN THE ALTERNATIVE, PLAINTIFF REQUESTS LEAVE TO AMEND ................................................................................ 16

VI. CONCLUSION ............................................................................. 17

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**TABLE OF AUTHORITIES**

**Cases**                                                                                    **Page No.**

*Adler v. Altsleep, LLC,*
    No. 2:22-cv-05854-JLS-KS,
    2023 U.S. Dist. LEXIS 74860 (C.D. Cal. Feb. 7, 2023) ................................7

*Alejandro v. ST Micro Elecs., Inc.,*
    129 F. Supp. 3d 898 (N.D. Cal. 2015)............................................................11

*Alfaro v. Cmty. Hous. Improvement Sys. & Planning Ass'n, Inc.,*
    171 Cal. App. 4th 1356, 1360 (2009)..............................................................12

*Anaya v. Machs. de Triage et Broyage,*
    No. 18-cv-01731-DMR,
    2019 U.S. Dist. LEXIS 14316 (N.D. Cal. Jan. 29, 2019) ...........................13

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...............................................................................13, 14

*Astiana v. Hain Celestial Grp., Inc.,*
    783 F.3d 753 (9th Cir. 2015) .....................................................................8, 9

*Av Builder Corp. v. Houston Cas. Co.,*
    No. 20-CV-1679 W (KSC),
    2021 U.S. Dist. LEXIS 261291 (S.D. Cal. April 28, 2021) ..............11, 13, 14

*Avilez v. Pinkerton Gov't Servs., Inc.,*
    App'x 579 (9th Cir. 2015) .........................................................................16

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)..........................................................................3, 13, 14

*Brazil v. Dole Food Co.,*
    935 F.Supp. 2d 947 (N.D. Cal. 2013)...............................................................6

*Brenner v. Procter & Gamble Co.,*
    No. SACV 16-1093-JLS(JCG),
    2016 U.S. Dist. LEXIS 187303 (C.D. Cal. Oct. 20, 2016) ..........................10

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*Bruton v. Gerber Prods. Co.*,

    703 F. App'x 468 (9th Cir. 2017)....................................................................10

*Carranza v. Terminix Int'l Co.*,

    529 F. Supp. 3d 1139 (S.D. Cal. 2021) ..........................................................15

*Cholakyan v. Mercedes-Benz USA, LLC*,

    796 F. Supp. 2d 1220 (C.D. Cal. 2011)....................................................15, 16

*Clancy v. The Bromley Tea Co.*,

    308 F.R.D. 564 (N.D. Cal. 2013) ......................................................................6

*Clark v. Allstate Ins. Co.*,

    106 F.Supp.2d 1016 (S.D. Cal. 2000) ............................................................13

*Czuchaj v. Conair Corp.*,

    No. 13-CV-1901-BEN (RBB),

    2014 U.S. Dist. LEXIS 54413 (S.D. Cal. Apr. 17, 2014) ...............................6

*Dinosaur Dev., Inc. v. White*,

    216 Cal. App. 3d 1310 (1989) ..........................................................................9

*Doe v. Successfulmatch.com*,

    No. 13-CV-03376-LHK,

    2014 U.S. Dist. LEXIS 53258 (N.D. Cal. Apr. 16, 2014)................................6

*ESG Cap. Partners, LP v. Stratos*,

    828 F.3d 1023 (9th Cir. 2016) ...............................................................8, 9, 13

*Fehrenbach v. Hewlett Packard Co.*,

    No. 16cv229716cv2297-MMA,

    2017 U.S. Dist. LEXIS 224552 (S.D. Cal. Jan. 5, 2017) ...............................6

*Foman v. Davis*

    371 U.S. 178 (1962)........................................................................................17

*Forcellati v. Hylands, Inc.*,

    876 F. Supp. 2d 1155 (C.D. Cal. 2012)............................................................5

*Forcellati v. Hylands, Inc.*,

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

-iii-

No. CV 12-1983-GHK (MRWx),

2014 U.S. Dist. LEXIS 50600 (C.D. Cal. Apr. 9, 2014) ............................ 6-7

*Fraher v. Surydevara*

No. 1:06-CV-1120AWIGSA,

2009 U.S. Dist. LEXIS 78929 (E.D. Cal. Sept. 3, 2009) ............................ 13

*Gutierrez v. Kaiser Permanente,*

No. 2:17-cv-00897-MCE-GGH,

2018 U.S. Dist. LEXIS 89333 (E.D. Cal. May 29, 2018) ............................ 13

*Haas v. Travelex Ins. Servs.,*

555 F. Supp. 3d 970 (C.D. Cal. 2021) ............................................ 9

*Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.,*

61 Cal. 4th 988 (2015) ............................................................ 10

*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices & Prods. Liab.*
*Litig.,*

295 F. Supp. 3d 927 (N.D. Cal. 2018) ............................................ 4

*In re Clorox Consumer Litig.,*

527 F. Supp. 2d 1011 (N.D. Cal. 2007) ........................................... 6

*In re Graphics Processing Units Antitrust Litig.,*

894 F. Supp. 2d 1224 (N.D. Cal. 2012) ........................................... 7

*In re Safeway Tuna Cases,*

No. 15-cv-05078-EMC,

2016 U.S. Dist. LEXIS 91072 (N.D. Cal. July 13, 2016) ............................ 9

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Products Liab.*
*Litig.,*

No. MDL No. 2672 CRB (JSC),

2017 U.S. Dist. LEXIS 150427 (N.D. Cal. Sep. 15, 2017) ............................ 4

*I.S. v. Veatree,*

No. 2:23-cv-00020-JLS-AGR,

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

2023 U.S. Dist. LEXIS 85748 (C.D. Cal. Mar. 17, 2023) ...........................13

*Jones v. ConocoPhillips Co.*,
   198 Cal.App.4th 1187 (2011). ......................................................................12

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) .......................................................................3

*Kelly Moore Paint Co., Inc. v. Nat'l Union Fire Ins. Co*.,
   No. 14-cv-01797-MEJ,
   2014 U.S. Dist. LEXIS 69948 (N.D. Cal. May 21, 2014)...........................11

*Knapp v. Carmax Auto Superstores Cal., LLC,*
   No. CV 14-01112-BRO (SPx),
   2014 U.S. Dist. LEXIS 159722 (C.D. Cal. July 21, 2014) ..........................12

*Kutza v. Williams-Sonoma, Inc.*,
   No. 18-cv-03534-RS,
   2018 U.S.Dist. LEXIS 192456 (N.D. Cal. Nov. 9, 2018) .........................4, 8

*Lauriedale Assocs., Ltd. v. Wilson,*
   7 Cal. App. 4th 1439 (1992) ...........................................................................9

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992)........................................................................................3

*Mack v. LLR, Inc.*,
   No. EDCV 17-00853 JGB (DTBx),
   2018 U.S. Dist. LEXIS 227380 (C.D. Cal. Aug. 15, 2018) ..........................5

*Maisel v. S.C. Johnson & Son, Inc.,*
   No. 21-cv-00413-TSH,
   2021 U.S.Dist. LEXIS 86203 (N.D. Cal. May 5, 2021)...............................10

*Mason v. Ashbritt, Inc.,*
   No. 19-cv-01062-DMR,
   2020 U.S. Dist. LEXIS 27333 (N.D. Cal. 2020) ...........................................4

*Mazza v. Am. Honda Motor Co.,*

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

1    666 F.3d 581 (9th Cir. 2012) ....................................................................6

2  *Melchior v. New Line Prods., Inc.*,

3    106 Cal. App. 4th 779 (2003) ..................................................................9

4  *Melendres v. Arpaio*

5    784 F.3d 1254 (9th Cir. 2015) ................................................................4

6  *Miles v. Deutsche Bank Nat'l Tr. Co.*,

7    236 Cal.App.4th 394 (2015) ..................................................................12

8  *Morongo Band of Mission Indians v. Rose*,

9    893 F.2d 1074 (9th Cir. 1990) ..............................................................17

10 *Nelson v. PVH Corp.*,

11   No. SACV 15-00512 AG (RNBx),

12   2015 U.S. Dist. LEXIS 200608 (C.D. Cal. Aug. 18, 2015) ..........................16

13 *Palmer v. Cognizant Tech. Sols. Corp.*,

14   No. CV 17-6848-DMG (PLAx),

15   2018 U.S. Dist. LEXIS 221058 (C.D. Cal. Sep. 24, 2018) ...........................4

16 *Pecanha v. The Hain Celestial Grp., Inc.*,

17   No. 17-cv-04517-EMC,

18   2018 U.S.Dist. LEXIS 11739 (N.D. Cal. Jan. 24, 2018)..............................4

19 *Polk v. OSI Elecs., Inc.*,

20   No. CV-14-292-MWF (ASx),

21   2014 U.S. Dist. LEXIS 199943 (C.D. Cal. Feb. 24, 2014) ..........................14

22 *Prescott v. Bayer HealthCare LLC*,

23   No. 20-cv-00102-NC,

24   2020 U.S. Dist. LEXIS 136651 (N.D. Cal. Jul. 31, 2020) ............................7

25 *Rees v. PNC Bank, N.A.*,

26   308 F.R.D. 266, (N.D. Cal. 2015) ..........................................................11

27 *Rice-Sherman v. Big Heart Pet Brands, Inc.*,

28   No. 19-cv-03613-WHO,

-vi-

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

2020 U.S. Dist. LEXIS 46197 (N.D. Cal. Mar. 16, 2020) .......................9, 10

*Robinson v. Unilever United states, Inc.*,

    No. 2018 U.S. Dist. LEXIS 225254,

    2018 U.S. Dist. LEXIS 225254 (C.D. Cal. June 25, 2018)............................4

*Rosales v. FitFlop USA, LLC,*

    882 F. Supp. 2d 1168 (S.D. Cal. 2012) ........................................................15

*Ruiz Torres v. Mercer Canyons Inc.,*

    835 F.3d 1125 (9th Cir. 2016) ........................................................................4

*Sahagian v. Genera Corp.*,

    No. CV 08-7613-GW(PJWx),

    2009 U.S. Dist. LEXIS 132583 (C.D. Cal. July 6, 2009) .............................7

*Sales Practices & Prods. Liab. Litig.*,

    295 F. Supp. 3d 927 (N.D. Cal. 2018).............................................................4

*Shank v. Presidio Brands, Inc.,*

    No. 17-cv-00232-DMR,

    2018 U.S. Dist. LEXIS 10894 (N.D. Cal. Jan. 23, 2018) ...........................14

*Shaterian v. Wells Fargo Bank, N.A.*,

    829 F. Supp. 2d 873 (N.D. Cal. 2011)..........................................................13

*Siqueiros v. GM LLC,*

    No. 16-cv-07244-EMC,

    2023 U.S. Dist. LEXIS 100220 (N.D. Cal. June 8, 2023)...........................13

*Smith v. Jackson,*

    84 F.3d 1213 (9th Cir. 1996) .......................................................................16

*Somera v. Indymac Fed. Bank, FSB*,

    No. 2:09-cv-01947-FCD-DAD,

    2010 U.S. Dist. LEXIS 19256 (E.D. Cal. Mar. 3, 2010).............................11

*Starr v. Baca*,

    652 F.3d 1202 (9th Cir. 2011) .......................................................................8

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*Sultanis v. Champion Petfoods United States Inc.*,
    No. 21-cv-00162-EMC,
    2021 U.S. Dist. LEXIS 145293 (N.D. Cal. Aug. 3, 2021) ............................10

*Taheny v. Wells Fargo Bank, N.A.*,
    No. CIV. S-10-2123 LKK/EFB,
    2011 U.S. Dist. LEXIS 44300 (E.D. Cal. Apr. 15, 2011) ............................12

*Tamburri v. Suntrust Mortg., Inc.*,
    875 F. Supp. 2d 1009 (N.D. Cal. 2012)..................................................... 12-13

*Tan v. Grubhub, Inc.*,
    No. 15-cv-05128-JSC,
    2016 U.S. Dist. LEXIS 186342 (N.D. Cal. July 19, 2016) ..........................16

*Thakur v. Betzig*,
    No. 3:17-cv-06603-JD,
    2019 U.S. Dist. LEXIS 86433 (N.D. Cal. May 22, 2019)..............................9

*Thompson v. Transamerica Life Ins. Co.*,
    No. 18-cv-05422-CAS-GJSx,
    2018 U.S. Dist. LEXIS 216312 (C.D. Cal. Dec. 26, 2018)............................5

*Tschudy v. J.C. Penney Corp., Inc.*,
    No. 11CV1011 JM (KSC),
    2015 U.S. Dist. LEXIS 165897 (S.D. Cal. Dec. 9, 2015) ............................16

*Union Pac. R.R. Co. v. Hill*,
    No. 21-cv-03216-BLF,
    2021 U.S. Dist. LEXIS 240524 (N.D. Cal. Dec. 16, 2021) ..........................14

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003). ............................................................... 16-17

*Waddell v. Trek Bicycle Corp.*,
    No. SA CV 15-2082-DOC (JCGx),
    2016 U.S. Dist. LEXIS 187087 (C.D. Cal. Apr. 7, 2016)............................11

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

-viii-

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*Williams v. Gerber Products Co.*,

   552 F.3d 934 (9th Cir. 2008) ........................................................................3

*Wolf v. Hewlett Packard Co.*,

   No. CV 15-01221-BRO (GJSx),

   2016 U.S. Dist. LEXIS 199618 (C.D. Cal. Apr. 18, 2016) ...........................6

*Won Kyung Hwang v. Ohso Clean, Inc.*,

   No. C-12-06355 JCS,

   2013 U.S. Dist. LEXIS 54002 (N.D. Cal. 2013) ..........................................6

*Yastrab v. Apple Inc.*,

   No. 5:14-cv-01974-EJD,

   2015 U.S. Dist. LEXIS 37119 (N.D. Cal. Mar. 23, 2015) ..........................15

## **Federal Statutes**

Rule 8 ...............................................................................................................9
Rule 8(a)(2) ......................................................................................................3
Rule 9(b) ..........................................................................................................14
Rule 12(b)(6) .......................................................................................1, 3, 4, 7, 8
Rule 12(f) .........................................................................................................15
Rule 23 .........................................................................................................1, 15
Rule 23(a) ....................................................................................................4, 5
Rule 23(b)(3) ...................................................................................................6

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

To capitalize on consumers' desire for more nutritious products free from artificial preservatives, Defendant Target Corporation ("Defendant") employs a bait-and-switch scheme by deceptively labeling and advertising its Good and Gather "No Preservatives" Dip Products (the "Products") as containing "**No Artificial Colors, Flavors, or Preservatives**" ("Challenged Representation") – the *bait*. However, Defendant's Products actually contain citric acid – a well-known preservative commonly used in food products – the *switch*.

Defendant's motion to dismiss ("MTD") is largely an improper attempt to resolve class certification issues at the pleading stage. <u>First</u>, Defendant argues that Plaintiff lacks standing to represent a nationwide class, but this argument conflates Article III standing with Rule 23 adequacy and typicality—issues reserved for class certification. <u>Second</u>, Defendant contends that Plaintiff's unjust enrichment claim is not cognizable and duplicative, yet binding Ninth Circuit precedent permits unjust enrichment as an independent cause of action under California law and allows equitable claims to be pled in the alternative. <u>Third</u>, Defendant demands a heightened pleading standard for punitive damages, ignoring that the Federal Rules—not California procedural law—govern and do not require Plaintiff to identify managing individuals at the pleadings stage. <u>Fourth</u>, Defendant's attempt to strike online purchasers from the class based on potential arbitration agreements is premature and unsupported, as courts routinely hold that adequacy and typicality challenges—particularly those involving arbitration provisions—should be addressed at class certification after a developed record. In sum, Defendant seeks to short-circuit the Rule 23 process by raising premature factual and procedural arguments that are not properly resolved on a Rule 12(b)(6) motion. The Court should reject this attempt and deny Defendant's motion in its entirety.

///

## II.    FACTS

### A.    Challenged Representations Are Material to Consumers' Purchasing Decisions

Consumers increasingly prefer products with no preservatives for their perceived quality and health benefits. ECF No. 1, Complaint, ¶ 3.[1] This preference leads to a willingness to pay a premium for such items. ¶¶ 4, 72, 80, 88. Products containing no preservatives are seen as superior, and consumers trust that these labels signify a lack of preservative ingredients. ¶ 80. The average consumer spends less than 13 seconds making an in-store purchase decision, and that decision is heavily based upon the product's front label as consumers do not have the time and are not expected to inspect the entire product packaging. ¶ 36.

### B.    Defendant's Challenged Representation

Defendant deceives consumers by falsely labeling and advertising its Products as "No Preservatives" when in fact, the Products contain a well-known and well-documented preservative, citric acid.  ¶ 20. Plaintiff and other reasonable consumers rely on the Challenged Representation, which conveys to consumers that the Products are made with no preservatives. ¶¶ 34, 36(a). However, the inclusion of citric acid renders the Products as containing a preservative, and thus, Defendant's Challenged Representation is false and deceptive. ¶ 20.

### C.    Plaintiff Relied on Defendant's Deceptive Plant-Based Representation

Plaintiff routinely purchased various flavors of the Products at different times during the Class Period from a Target location in Los Angeles in September of 2024. ¶ 10. Plaintiff relied on the Product's No Artificial Preservatives Representation in making his purchases. *Id.* Unbeknownst to Plaintiff, the Products contained a well-documented artificial preservative, citric acid. *Id.* If Plaintiff had known the Product contained an artificial preservative, as represented, he would not have purchased the

---

[1] All paragraph references throughout refer to Plaintiff's Complaint.

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

1  Product, and certainly would not have paid a "premium" for such a valued perceived

2  benefit. *Id*. Plaintiff wants to purchase the Product again if he can be sure that the

3  Product's labeling is compliant with federal and state consumer protection laws. ¶ 9.

4  ## III.   LEGAL STANDARD

5      On a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[a]ll

6  allegations of material fact are taken as true and construed in the light most favorable

7  to the non-moving party." *Williams v. Gerber Products Co.*, 552 F.3d 934, 937 (9th

8  Cir. 2008). Rule 8(a)(2) "requires only a 'short and plain statement of the claim

9  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice

10  of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v.

11  Twombly*, 550 U.S. 544, 554 (2007). A plaintiff who brings a fraud-based claim must

12  "articulate the who, what, when, where, and how of the misconduct alleged." *Kearns

13  v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009) (referencing Fed. R. Civ.

14  P. 9(b)). "At the pleading stage. . .we presum[e] that general allegations embrace those

15  specific facts that are necessary to support the claim." *Lujan v. Defs. of Wildlife*, 504

16  U.S. 555, 561 (1992).[2]

17  ## IV.   ARGUMENT

18  ### A.   The Court Should Reject Defendants' Arguments for Dismissal of the
19      Nationwide Class Action Claims

20      Defendant moves to dismiss Plaintiff's nationwide allegations on the ground

21  that Plaintiff lacks standing to assert claims on behalf of non-California consumers.

22  *See* MTD at 4-5. Defendant does not dispute that Plaintiff has standing to bring claims

23  under the laws of his home state—California. Instead, Defendant seeks a premature

24  resolution of class allegations by improperly conflating Article III standing with class

25  certification issues.

26

27

28  [2] Throughout this brief, case citations omit internal citations and internal quotation
marks unless otherwise noted.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

The Ninth Circuit has repeatedly held that standing for unnamed class members is a question reserved for the class certification stage—not for resolution on a Rule 12(b)(6) motion. *See Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1137 n.6 (9th Cir. 2016) ("**only the named plaintiff is required to establish Article III standing at the pleading stage.**"). Here, there is no dispute that Plaintiff has Article III standing based on his own purchases of the Products in California. That alone is sufficient at the pleadings stage. *Mason v. Ashbritt, Inc.*, No. 19-cv-01062-DMR, 2020 U.S. Dist. LEXIS 27333, at *20 (N.D. Cal. 2020) (holding that only the named plaintiff must meet Article III's standing requirements at the pleadings stage).

Defendant's misstep is especially clear in light of *Melendres v. Arpaio*, where the Ninth Circuit adopted the "class certification approach," which "holds that once the named plaintiff demonstrates h[is] individual standing to bring a claim, the standing inquiry **is concluded**, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met." 784 F.3d 1254, 1261-62 (9th Cir. 2015) (quoting NEWBERG ON CLASS ACTIONS § 2:6.).[3] "Stated differently, '[r]epresentative parties who have a direct and substantial interest have standing; the question whether they may be allowed to present claims on behalf of

---

[3] In adopting the "class certification approach," the Ninth Circuit explained, "This approach has been embraced several times (though not always) by the Supreme Court, and is the one adopted by 'most' other federal courts to have addressed the issue." *Melendres*, 784 F.3d at 1262; *see also Kutza v. Williams-Sonoma, Inc.*, No. 18-cv-03534-RS, 2018 U.S. Dist. LEXIS 192456, at *8-9 (N.D. Cal. Nov. 9, 2018) (applying the "class action approach" and explaining that the nationwide "claims are brought under a federal statute [Magnuson-Moss Warranty Act], and the common law [breach of express warranty, breach of the implied warranty of merchantability, unjust enrichment, negligent misrepresentation, and fraud], which likely will not vary much among the states") (emphasis added). *See also In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices & Prods. Liab. Litig.*, 295 F. Supp. 3d 927, 953-56 (N.D. Cal. 2018); *Pecanha v. The Hain Celestial Grp., Inc.*, No. 17-cv-04517-EMC, 2018 U.S. Dist. LEXIS 11739, at *25 (N.D. Cal. Jan. 24, 2018); *Robinson v. Unilever United states, Inc.*, 2018 U.S. Dist. LEXIS 225254, at *8 (C.D. Cal. June 25, 2018); *Palmer v. Cognizant Tech. Sols. Corp.*, 2018 U.S. Dist. LEXIS 221058, at *12 (C.D. Cal. Sep. 24, 2018); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Products Liab. Litig.*, 2017 U.S. Dist. LEXIS 150427, at *313 (N.D. Cal. Sep. 15, 2017).

-4-

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation.'" *Id*. at 1262 (*quoting* 7AA CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1785.1 (3d ed.)). Because Defendant does not dispute Plaintiff's individual standing to bring a claim for those Products he purchased, "the standing inquiry is concluded," and any additional inquiries regarding this issue are reserved for class certification. *Id*. This district adopts the class certification approach. In *Thompson v. Transamerica Life Ins. Co.*, No. 18-cv-05422-CAS-GJSx, 2018 U.S. Dist. LEXIS 216312, at *12-13 (C.D. Cal. Dec. 26, 2018), the Court explained:

> The class certification approach . . . holds that once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met. Here, defendants do not dispute that plaintiffs have standing to bring their own claims under ERISA, or that other individuals in the putative class did invest in the other options. Thus, whether the named plaintiffs are appropriate class representatives will be resolved at the class certification stage.

As in *Thompson*, Defendant's challenge here is premature and improperly attempts to adjudicate issues of typicality and adequacy before discovery and class certification. 2018 U.S. Dist. LEXIS 216312, at *12-13.

To the extent Defendant is attempting to raise a choice-of-law issue by arguing Plaintiff cannot assert claims under other states' laws, that too is premature. Courts, including this Court, have consistently held that such analyses should be undertaken at the class certification stage after discovery. *See Mack v. LLR, Inc.*, No. EDCV 17-00853 JGB (DTBx), 2018 U.S. Dist. LEXIS 227380, at *15 (C.D. Cal. Aug. 15, 2018) (denying defendant's motion to strike nationwide class allegations because "it would be premature to engage in a detailed choice-of-law analysis" at the pleadings stage); *Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1159-60 (C.D. Cal. 2012) (denying defendant's motion to strike nationwide class claims and explaining that "[c]ourts rarely undertake choice-of-law analysis to strike class claims at this early stage in litigation."); *Fehrenbach v. Hewlett Packard Co.*, No. 16cv229716cv2297-MMA,

2017 U.S. Dist. LEXIS 224552, at *17 (S.D. Cal. Jan. 5, 2017) ("Such a detailed choice-of-law analysis should occur during the class certification stage, after discovery."); *see also* Rule 23(b)(3) of the Federal Rules of Civil Procedure (addressing whether questions of law or fact common to class members predominate over any questions affecting only individual members).[4]

Even if the Court determines that it is appropriate to engage in a choice-of law analysis at this early juncture, Defendant has failed to satisfy its burden. In *Mazza v. Am. Honda Motor Co.*, the Ninth Circuit explained that defendants bear the burden to demonstrate "that foreign law, rather than California law, should apply to class claims." 666 F.3d 581, 590 (9th Cir. 2012). To determine whether the interests of other states outweigh California's interest, Defendant must satisfy a three-step governmental interest test. *Id*. Here, Defendant has made no attempt to satisfy any of the steps of the governmental interest test. *See Forcellati v. Hylands, Inc.*, No. CV 12-1983-GHK (MRWx), 2014 U.S. Dist. LEXIS 50600, at *10 (C.D. Cal. Apr. 9,

---

[4] *See, e.g., In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1237 (N.D. Cal. 2012) (rejecting defendant's motion to strike plaintiff's nationwide class allegations and finding that "at [the pleadings] stage of the instant litigation, a detailed choice-of-law analysis would be inappropriate."); *Brazil v. Dole Food Co., Inc.*, 2013 U.S. Dist. LEXIS 136921, *40 (N.D. Cal. Sep. 23, 2013) ("find[ing] that striking the nationwide class allegations at this stage of this case would be premature."); *Doe v. Successfulmatch.com*, No. 13-CV-03376-LHK, 2014 U.S. Dist. LEXIS 53258, *27 (N.D. Cal. Apr. 16, 2014) ("Here, the Court finds that striking the nationwide class allegations at this stage of the case would be premature."); *Wolf v. Hewlett Packard Co.*, No. CV 15-01221-BRO (GJSx), 2016 U.S. Dist. LEXIS 199618, *19 (C.D. Cal. Apr. 18, 2016) ("It is unnecessary at this time to strike Plaintiff's FAC to the extent Plaintiff seeks to represent a class of out-of-state consumers. That issue is more properly addressed at the class certification stage."); *Czuchaj v. Conair Corp.*, No. 13-CV-1901-BEN (RBB), 2014 U.S. Dist. LEXIS 54413, *6 (S.D. Cal. Apr. 17, 2014) ("determination of the choice of law issue is premature at this stage of litigation" and denying defendant's motion to strike nationwide classes); *Won Kyung Hwang v. Ohso Clean, Inc.*, No. C-12-06355 JCS, 2013 U.S. Dist. LEXIS 54002, *59 (N.D. Cal. 2013) ("The Court finds the choice of law question raised by Defendants to be premature" because "[s]uch an inquiry is most appropriate at the class certification stage of the case, after the parties have engaged in discovery."); *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 572 (N.D. Cal. 2013) (Such a detailed choice-of-law analysis is not appropriate at this stage of the litigation. Rather, such a fact-heavy inquiry should occur during the class certification stage, after discovery.").

-6-

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

2014) ("Defendants – as the party bearing the burden of demonstrating that foreign law, rather than California law, should apply to class claims – have failed to satisfy their burden under California's governmental interest analysis test").

Defendant cites a line of cases—including *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011 (N.D. Cal. 2007), *Adler v. Altsleep, LLC*, No. 2:22-cv-05854-JLS-KS, 2023 U.S. Dist. LEXIS 74860 (C.D. Cal. Feb. 7, 2023), and *Sahagian v. Genera Corp.*, No. CV 08-7613-GW(PJWx), 2009 U.S. Dist. LEXIS 132583 (C.D. Cal. July 6, 2009) — to argue that claims under other states' laws should be dismissed because no named plaintiff resides or purchased products in those states. But these cases reflect a minority view that has been implicitly overruled by the Ninth Circuit's adoption of the "class certification approach."

Plaintiff's individual standing is undisputed. The remainder of Defendant's argument raises premature class certification and choice-of-law issues that are properly addressed at the class certification stage. *See Prescott v. Bayer Healthcare LLC,* No. 20-cv-00102-NC, 2020 U.S. Dist. LEXIS 136651, at *26 (N.D. Cal. July 31, 2020). Accordingly, the Court should deny Defendant's motion to dismiss Plaintiff's nationwide class allegations under Rule 12(b)(6).

### B. Plaintiff's Warranty and Restitution Claims Are Properly Pled

Defendant makes another procedural challenge to Plaintiff's Fourth through Eighth causes of action, arguing that Plaintiff fails to identify any applicable state law. MTD at 6. Not so. Plaintiff alleges that the claims are brought under California law on behalf of a California subclass and, separately, on behalf of a nationwide class under state laws that are materially similar. ¶¶ 113–150. Even if the Court were to entertain Defendant's argument as to the nationwide class allegations, that challenge is irrelevant to the viability of the claims asserted under California law. The causes of action brought on behalf of the California subclass are clearly and adequately pled and should proceed.

-7-

To the extent Defendant seeks to challenge the nationwide scope of these claims, such arguments are premature and properly reserved for the class certification stage—not for resolution on a Rule 12(b)(6) motion. *See Kutza v. Williams-Sonoma, Inc.*, No. 18-cv-03534-RS, 2018 U.S. Dist. LEXIS 192456, at *8-9 (N.D. Cal. Nov. 9, 2018) (applying the "class action approach" and explaining that the nationwide "claims are brought under a federal statute [Magnuson-Moss Warranty Act], and the common law [breach of express warranty, breach of the implied warranty of merchantability, unjust enrichment, negligent misrepresentation, and fraud], **which likely will not vary much among the states"**).[5]

Drawing all reasonable inferences in Plaintiff's favor, as the Court must at this stage (*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)), Plaintiff's common law claims are properly pled and should proceed. Plaintiff's allegations are sufficient to state claims under California law, and any remaining concerns about multistate variations should be resolved after discovery and at class certification, not on a motion to dismiss.

## C.    Plaintiff Has Plausibly Pled Unjust Enrichment

Defendant contends that Plaintiff fails to state a claim for unjust enrichment, arguing that (1) unjust enrichment is not a standalone cause of action in California, and (2) the claim is duplicative of others. MTD at 7-8. Defendant's arguments are flawed.

First, the Ninth Circuit has held that unjust enrichment is an independent cause of action under California law. *See, e.g., ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016) (allowing the cause of action because "it states a claim for relief as an independent cause of action or as a quasi-contract claim for restitution"); *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) ("When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a

---

[5] The cases cited by Defendant are distinguishable, as they primarily involved plaintiffs who failed to plead any specific state law or subclass framework — unlike here, where Plaintiff has done both. ¶¶ 113–150.

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

quasi-contract claim seeking restitution.'"); *see also Thakur v. Betzig*, No. 3:17-cv-06603-JD, 2019 U.S. Dist. LEXIS 86433, at *5 (N.D. Cal. May 22, 2019) (Donato, J.) (same).[6] To state a claim for unjust enrichment, a plaintiff must allege that the defendant received and unjustly retained a benefit at the plaintiff's expense. *See ESG Cap. Partners, LP*, 828 F.3d 1023 at 1038. Here, Plaintiff specifically alleges that Defendant was unjustly enriched because consumers paid for Products marketed as containing "no artificial preservatives," but did not receive the benefit of the bargain, as the Products in fact contained citric acid—a well-known and widely recognized preservative. *See* ¶¶ 20.

Second, Defendant's argument that equitable restitution is inappropriate because legal remedies are available and therefore the relief sought would be duplicative (MTD at 7-8) is unavailing, as the Federal Rules of Civil Procedure and Ninth Circuit precedent hold otherwise. Pursuant to Rule 8, Plaintiff may "state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(2)-(3). Thus, it is well established in the Ninth Circuit that "plaintiffs may plead in the alternative at the earliest stages of litigation." *Haas v. Travelex Ins. Servs.*, 555 F. Supp. 3d 970, 980 (C.D. Cal. 2021). And Courts in this District are "obliged to follow the precedent set in *Astiana [v. Hain Celestial Grp., Inc.*, 783 F.3d 753 at 762 (9th Cir. 2015)]" to "permit Plaintiffs' unjust enrichment [claim] at this stage even if it may be duplicative of other claims." *In re Safeway Tuna Cases*, No. 15-cv-05078-EMC, 2016 U.S. Dist. LEXIS 91072, at *5-6 (N.D. Cal. July 13, 2016); *see also Rice-Sherman v. Big Heart Pet Brands, Inc.*, No. 19-cv-03613-WHO, 2020 U.S. Dist. LEXIS 46197, at *37 (N.D. Cal. Mar. 16, 2020) (citing *Astiana* and declining to dismiss unjust enrichment claim; "[t]he Ninth Circuit has clearly held that a district

---

[6] Defendant's reliance on outdated authority is unpersuasive, as those cases predate the Ninth Circuit's decision and do not reflect current law. See *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003); *Lauriedale Assocs., Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (1992); *Dinosaur Dev., Inc. v. White*, 216 Cal. App. 3d 1310, 1315 (1989).

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

court errs when it dismisses a plaintiff's 'unjust enrichment' claims as 'duplicative of or superfluous of' other claims."); *Bruton v. Gerber Prods. Co.*, 703 F. App'x 468, 470 (9th Cir. 2017) (holding dismissal of unjust enrichment claim in false labeling case erroneous, reasoning that the California Supreme Court in *Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988, 1000 (2015) "has clarified California law, allowing an independent claim for unjust enrichment to proceed"); *Brenner v. Procter & Gamble Co.*, No. SACV 16-1093-JLS (JCGx), 2016 U.S. Dist. LEXIS 187303187303, at *8 (C.D. Cal. Oct. 20, 2016) ("Because . . . Plaintiff plausibly alleges that a consumer could have been enticed to purchase Defendant's product based on the allegedly misleading label . . . Plaintiff states a quasi-contract claim."); *Maisel v. S.C. Johnson & Son, Inc.*, No. 21-cv-00413-TSH, 2021 U.S. Dist. LEXIS 86203, at *12 (N.D. Cal. May 5, 2021) ("As Maisel's unjust enrichment claim is based on the same alleged misrepresentations about SC Johnson's products as her other claims, the Court finds they are sufficient to state a claim for unjust enrichment."); *Sultanis v. Champion Petfoods United States Inc.*, No. 21-cv-00162-EMC, 2021 U.S. Dist. LEXIS 145293, at *52 (N.D. Cal. Aug. 3, 2021) (denying to dismiss unjust enrichment claims based on defendant's arguments challenging UCL/CLRA/FAL claims); *Rice-Sherman v. Big Heart Pet Brands, Inc.*, No. 19-cv-03613-WHO, 2020 U.S. Dist. LEXIS 46197, at *13 (N.D. Cal. Mar. 16, 2020) (denying motion to dismiss unjust enrichment claim where plaintiffs sufficiently pled fraud claims).

Accordingly, this Court should deny Defendant's motion to dismiss Plaintiff's unjust enrichment claim.

**D.** **Plaintiff's Allegations in Support of Punitive Damages are Well-Pled**

Defendant argues that this Court should require Plaintiff to identify corporate individuals responsible for fraud, which in this case would mean individuals responsible for naming, labeling, and packaging the Products. MTD at 9. This argument fails for several reasons.

<u>First</u>, the purpose of Cal. Civ. Proc. § 3294(b) is to ensure that the actions were

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

1  authorized by the managing body of the corporate entity, which is not a disputed issue

2  here. Each of the Product labels list Defendant's brand on the Product packaging,

3  which confirms Defendant's knowledge and approval of the fraudulent labeling. ¶ 5

4  (showing the front packaging of the challenged Products, which bear the Good &

5  Gather brand—*a Target-owned brand*); ¶ 10 (Plaintiff purchased the Products at

6  Target). Therefore, Defendant's attempt to create an illusion that its employees acted

7  without knowledge or authority of the Defendant must fail.

8      Second, while some courts have imposed *state* procedural requirements of

9  pleading punitive damages with specificity, the overwhelming majority of courts

10  within the Ninth Circuit have recognized that such heightened pleading is not required

11  by the Federal Rules. *See e.g. Waddell v. Trek Bicycle Corp.,* No. SA CV 15-2082-

12  DOC (JCGx), 2016 U.S. Dist. LEXIS 187087, at *7 n.1 (C.D. Cal. Apr. 7, 2016)

13  (noting that upon further review of *Taiwan Semiconductor Mfg.* "**the Court finds the**

14  **better view is that a plaintiff must make allegations concerning an officer, director,**

15  **and/or managing agent of the corporation, without having to specifically include**

16  **the name of any individual[] at the pleading stage**.") (citing *Alejandro v. ST Micro*

17  *Elecs., Inc.*, 129 F. Supp. 3d 898, 916 (N.D. Cal. 2015)); *see also Av Builder Corp. v.*

18  *Houston Cas. Co.,* No. 20-CV-1679 W (KSC), 2021 U.S. Dist. LEXIS 261291, at *6

19  (S.D. Cal. April 28, 2021) (joining "a substantial and growing number of district

20  courts that have refused to apply a heightened-pleading standard to requests for

21  punitive damages in light of Federal Rules of Civil Procedure 8 and 9"); *Rees v. PNC*

22  *Bank, N.A.,* 308 F.R.D. 266, 273 (N.D. Cal. 2015) (holding that in diversity

23  jurisdiction cases, Cal. Civ. Code § 3294 provides the governing substantive law for

24  punitive damages, but that the Federal Rules of Civil Procedure provide the pleading

25  standard for cases in federal courts); *Kelly Moore Paint Co., Inc. v. Nat'l Union Fire*

26  *Ins. Co.*, No. 14-cv-01797-MEJ, 2014 U.S. Dist. LEXIS 69948, at *3 (N.D. Cal. May

27  21, 2014) (same); *Somera v. Indymac Fed. Bank, FSB*, No. 2:09-cv-01947-FCD-

28  DAD, 2010 U.S. Dist. LEXIS 19256, at *4-5 (E.D. Cal. Mar. 3, 2010) ("Under federal

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

pleading standards, defendant's argument that plaintiff must plead specific facts to support allegations for punitive damages is without merit."); *Taheny v. Wells Fargo Bank, N.A.,* No. CIV. S-10-2123 LKK/EFB, 2011 U.S. Dist. LEXIS 44300, at *10 (E.D. Cal. Apr. 15, 2011) (rejecting the argument that plaintiffs must plead punitive damages under the heightened pleading standard under California Rules of Civil Procedure § 3294).

Importantly, even state courts do not always require such levels of specificity. *Alfaro v. Cmty. Hous. Improvement Sys. & Planning Ass'n, Inc.,* 171 Cal. App. 4th 1356, 1360 (2009) ("[E]ven under the strict rules of common law pleading, one of the canons was that ***less particularity is required when the facts lie more in the knowledge of the opposite party***[.]") (emphasis added); *Miles v. Deutsche Bank Nat'l Tr. Co.*, 236 Cal.App.4th 394, 403 (2015) (same); *see also Jones v. ConocoPhillips Co.,* 198 Cal.App.4th 1187, 1199 (2011). In *Alfaro,* the court explained that although "plaintiffs may or may not know the names of all the corporate employees with whom they interacted . . ." such details "are properly the subject of discovery, not [motion to dismiss]." *Alfaro,* 171 Cal.App.4th at 1384 (collecting cases).

Consumers like Plaintiff, in bringing their claims in court cannot possibly know the corporate officers responsible for Defendant's actions in manufacturing, advertising, labeling, and selling the Products. All they know before discovery begins is that Defendant has authorized the sale of a "no artificial preservatives" product line with a well-documented preservative listed on the Products ingredient list. This information is in Defendant's possession, not Plaintiff's.

Therefore, Defendant's argument that Plaintiff must identify the corporate officers should be rejected, as courts before have done. *See e.g., Knapp v. Carmax Auto Superstores Cal., LLC,* No. CV 14-01112-BRO (SPx), 2014 U.S. Dist. LEXIS 159722, at *24 (C.D. Cal. July 21, 2014) (holding that "specific corporate officers need not to be named in order to support punitive damages," and that plaintiffs pled "numerous facts" to support fraud and intent) (citing *Tamburri v. Suntrust Mortg.,*

-12-

*Inc.,* 875 F. Supp. 2d 1009, 1028 (N.D. Cal. 2012)); *see also Anaya v. Machs. de Triage et Broyage*, No. 18-cv-01731-DMR, 2019 U.S. Dist. LEXIS 14316, at *15 (N.D. Cal. Jan. 29, 2019) ("Plaintiffs may meet the standard for pleading punitive damages against corporate employers by showing that the harm alleged could not have occurred in the absence of authorization or ratification by corporate employer") (citing *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 888-89 (N.D. Cal. 2011) (denying motion to strike punitive damages even though plaintiff did not expressly plead authorization or ratification by the corporate employer)).

<u>Third,</u> Defendant cites several cases,[7] demanding that Plaintiff meet a heightened pleading standard establishing that Defendant "acted with 'oppression, fraud, or malice,'" but the Ninth Circuit disagrees. *See ESG Cap. Partners, LP,* 828 F.3d at 1032 ("malice, intent, knowledge, and other conditions of a person's mind may be alleged generally"); *I.S. v. Veatree,* No. 2:23-cv-00020-JLS-AGR, 2023 U.S. Dist. LEXIS 85748, at *5 (C.D. Cal. Mar. 17, 2023) (holding that in evaluating "punitive damages under California law" "general or conclusory averments that a defendant acted knowingly or recklessly are sufficient"); *Av Builder Corp.* 2021 U.S. Dist. LEXIS 261291, at *6 (S.D. Cal. April 28, 2021) (rejecting defendant's argument

---

[7] Defendant's reliance on *Fraher v. Surydevara*, No. 1:06-CV-1120AWIGSA, 2009 U.S. Dist. LEXIS 78929 (E.D. Cal. Sept. 3, 2009), is misplaced. That case involved a pro se prisoner action with materially different factual and procedural circumstances and does not establish a heightened pleading standard for punitive damages in consumer fraud cases. As for *Gutierrez v. Kaiser Permanente*, No. 2:17-cv-00897-MCE-GGH, 2018 U.S. Dist. LEXIS 89333, at *5 (E.D. Cal. May 29, 2018), Plaintiff acknowledges that some district courts have applied a more stringent standard to punitive damages post-*Iqbal* and *Twombly*. However, such rulings are inconsistent with the Federal Rules of Civil Procedure and controlling Ninth Circuit precedent, which permit intent, knowledge, and malice to be pled generally. See *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1032 (9th Cir. 2016) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); *see also Siqueiros v. GM LLC*, No. 16-cv-07244-EMC, 2023 U.S. Dist. LEXIS 100220, at *18 (N.D. Cal. June 8, 2023); *Av Builder Corp.*, 2021 U.S. Dist. LEXIS 261291, at *4–6; *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1019 (S.D. Cal. 2000) ("conclusory assertions that a defendant acted intentionally, with 'malice,' or with 'conscious disregard' as adequate to plead the mental state required under Section 3294).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

that plaintiff must plead "oppression, fraud or malice on the part of" the defendant); *Shank v. Presidio Brands, Inc*., No. 17-cv-00232-DMR, 2018 U.S. Dist. LEXIS 10894, at *36 (N.D. Cal. Jan. 23, 2018) (declining to dismiss request for punitive damages pursuant to Cal. Civ. Code § 3294 because fraudulent intent need only be alleged generally for CLRA claim under Rule 9(b)) (collecting cases); *Polk v. OSI Elecs., Inc.,* No. CV-14-292-MWF (ASx), 2014 U.S. Dist. LEXIS 199943, at *23 (C.D. Cal. Feb. 24, 2014) ("The Ninth Circuit has interpreted Rule 9(b) to mean that conclusory allegations of a party's mental state are sufficient."); *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (holding that the complaint must state a claim for relief that is "plausible" because the alleged facts "raise the right to relief above the speculative level"); *Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009) (holding that Rule 9(b)'s allowance that mental states may be alleged generally "excuses a party from pleading discriminatory intent under an elevated pleading standard[.]").

Plaintiff specifically pled fraud claims giving rise to his requested relief for punitive damages. Nothing more is required because intent, including "malice," can be alleged generally. *See e.g., Av Builder Corp.*, 2021 U.S. Dist. LEXIS 261291, at *5 (rejecting defendant's argument that punitive damages must be dismissed for failure to "show that there was any oppression, fraud or malice on the part of" defendant); *Union Pac. R.R. Co. v. Hill*, No. 21-cv-03216-BLF, 2021 U.S. Dist. LEXIS 240524, at *19 (N.D. Cal. Dec. 16, 2021) (similar).

**E.   Defendant's Motion to Strike Online Purchaser Class Members Is Premature and Procedurally Improper**

Defendant argues that Plaintiff cannot represent class members who purchased the Products online because such consumers may be subject to an arbitration agreement and class action waiver. MTD at 10-11. Defendant's arguments are premature, unavailing and disregard well-established precedent holding that issues such as adequacy, typicality, and the enforceability or effect of arbitration agreements are matters to be addressed during class certification—not at the pleading stage.

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

*See Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (stating "it is in fact rare to [strike class allegations] in advance of a motion for class certification," and holding "it is premature to determine if this matter should proceed as a class action" because discovery has not begun);  *Yastrab v. Apple Inc.*, No. 5:14-cv-01974-EJD, 2015 U.S. Dist. LEXIS 37119, at *8 (N.D. Cal. Mar. 23, 2015) ("[I]n general, class allegations are not tested at the pleading stage and are instead scrutinized after a party has filed a motion for class certification.").

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading...any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[d]etermining whether to certify a class is normally done through a motion for class certification under Rule 23." *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1179 (S.D. Cal. 2012). Although a few courts have held that Rule 12(f) provides a way of striking class allegations, "such a motion appears to allow parties a way to circumvent Rule 23 in order to make a determination of the suitability of proceeding as a class action without actually considering the motion for class certification." *Id*. Thus, as "long as class action allegations address each of the elements of Rule 23, related to the subject matter of the litigation, and are not redundant, immaterial, or impertinent, the court should find that the allegations are sufficient to survive a motion to strike." *Id.*; *Carranza v. Terminix Int'l Co.*, 529 F. Supp. 3d 1139, 1142 (S.D. Cal. 2021) (holding that although class allegations may be stricken in rare cases, such motions are generally disfavored and that challenges to typicality and adequacy are more appropriately addressed at the class certification stage, following discovery).

In *Rosales*, the court denied a motion to strike class allegations, emphasizing that "as long as class action allegations address each of the elements of Rule 23... the court should find that the allegations are sufficient to survive a motion to strike." 882 F. Supp. 2d at 1179. The court further noted that allowing such motions at the pleading stage invites improper attempts to circumvent Rule 23. *Id.* Courts in this circuit have

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

consistently reached the same conclusion. *Nelson v. PVH Corp.*, No. SACV 15-00512 AG (RNBx), 2015 U.S. Dist. LEXIS 200608, at *2 (C.D. Cal. Aug. 18, 2015) ("It is in fact rare for a court to grant a motion to strike class allegations before a motion for class certification and before discovery."); *Cholakyan*, 796 F. Supp. 2d at 1245–46 (denying a defendant's motion to strike class allegations that argued a class was not ascertainable and a representative not typical before the defendant filed an answer and before discovery).

Plaintiff has alleged class definitions, common issues of law and fact, and facts supporting adequacy and typicality. ¶¶ 39-49. Whether Plaintiff can ultimately represent online purchasers is a fact-intensive question that requires a developed record. Defendant itself concedes that Plaintiff may not be subject to the arbitration agreement and merely "reserves the right" to compel arbitration if future facts support it (MTD at 11)—further demonstrating the speculative and premature nature of this challenge.

Defendant's reliance on *Tan v. Grubhub, Inc.* is unpersuasive as *Tan* was decided at the certification stage and thus does not support striking class allegations based solely on the pleadings. No. 15-cv-05128-JSC, 2016 U.S. Dist. LEXIS 186342, at *3 (N.D. Cal. July 19, 2016).[8]

Accordingly, Defendant's motion to strike class allegations should be denied.

## V.   IN THE ALTERNATIVE, PLAINTIFF REQUESTS LEAVE TO AMEND

Alternatively, Plaintiff respectfully requests leave to amend his complaint to cure any pleading defects. Dismissal of a complaint, without leave to amend, is proper only where "it appears beyond doubt that plaintiff can prove no set of facts that would entitle her to relief." *Smith v. Jackson*, 84 F.3d at 1217. A dismissal pursuant to Fed. R. Civ. P. 12(b)(6) "should ordinarily be without prejudice." *Vess*, 317 F.3d at 1108.

---

[8] Defendant's remaining cases are likewise unpersuasive for the same reason. *See Avilez v. Pinkerton Gov't Servs., Inc.*, 596 F. App'x 579 (9th Cir. 2015) (decided at class certification stage); *Tschudy v. J.C. Penney Corp., Inc.*, No. 11CV1011 JM (KSC), 2015 U.S. Dist. LEXIS 165897, at *3 (S.D. Cal. Dec. 9, 2015) (same).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Malk & Pogo Law Group, LLP   |   1241 S. Glendale Ave. Suite 204   |   Glendale, CA 91205

Leave to amend should be "freely given" when the plaintiff could cure the pleadings defects and present viable claims. Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (The Ninth Circuit applies the policy favoring amendment with "extreme liberality".).

## VI.  **CONCLUSION**

  For the foregoing reasons, the Court should deny Defendant's motion to dismiss and motion to strike in its entirety.


Dated: April 11, 2025                    **MALK & POGO LAW GROUP, LLP**


             By: _/s/ Valter Malkhasyan_
               Valter Malkhasyan, Esq.
               Erik Pogosyan, Esq.

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

1

# **CERTIFICATE OF COMPLIANCE**

2        The undersigned, counsel of record for Plaintiff Vigen Tovmasyan certifies that

3  this brief contains five thousand seven hundred fifty-three (5,753) words, which

4  complies with the word limit of L.R 11-6.1.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

-18-

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS