UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-02314-MRA-KS | Date | May 2, 2025 |
|---|---|---|---|
| Title | Vigen Tovmasyan v. Target Corporation, et al. | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING IN SUBSTANTIAL PART AND GRANTING IN LIMITED PART DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT AND MOTION TO STRIKE CLASS ALLEGATIONS [ECF 13]**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Class Action Complaint and Motion to Strike Class Allegations (the "Motion"). ECF 13. The Court read and considered the moving, opposing, and reply papers and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The May 5, 2025, hearing is therefore **VACATED** and removed from the Court's calendar. For the reasons stated herein, the Court **DENIES IN SUBSTANTIAL PART AND GRANTS IN LIMITED PART** the Motion.

## I.   BACKGROUND[1]

Plaintiff Vigen Tovmasyan ("Plaintiff" or "Tovmasyan") filed this putative class action against Target Corporation ("Defendant" or "Target") and Does 1-20 in Los Angeles County Superior Court on January 30, 2025. ECF 1-1 (Compl.). Plaintiff generally alleges that Target falsely and deceptively advertised its Good & Gather dip products (the "Products") and brings the action individually and on behalf of a putative class of similarly situated purchasers of the Products for purposes of monetary recovery and injunctive relief. *Id.* ¶¶ 1, 2, 4. Defendant removed the action to federal court on March 14, 2025. ECF 1.

Tovmasyan purchased various flavors of the Products,[2] including most recently at a Target

---

[1] The factual background is described as alleged in Plaintiff's Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

[2] It is unclear when Plaintiff purchased the Products. The Complaint alleges that Plaintiff made these purchases "at various times during the Class Period" without defining the "Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-02314-MRA-KS | Date | May 2, 2025 |
|---|---|---|---|
| Title | Vigen Tovmasyan v. Target Corporation, et al. | | |

store in September 2024. Compl. ¶ 10. Target advertises that the Products contain "No Artificial Colors, Flavors, or Preservatives" (the "Challenged Representation"). *Id.* ¶¶ 1, 5, 20. However, the Products contain citric acid derived from heavy chemical processing. *Id.* ¶¶ 20, 29. Citric acid acts as a preservative in food products. *Id.* ¶¶ 21. Specifically, the Food and Drug Administration ("FDA") identifies citric acid as a preservative in its Overview of Food Ingredients, Additives, and Colors. *Id.* ¶ 23. The United States Department of Agriculture also recognizes citric acid as a preservative. *Id.* ¶¶ 25, 26.

Plaintiff seeks to represent a nationwide class (the "Nationwide Class"), defined as follows: "All persons or entities that, within the applicable statute of limitations period, purchased the Products in the United States, displaying the Challenged Representation on the Products' labels, for purposes other than resale." *Id.* ¶ 39. He also seeks to represent a California sub-class (the "California Sub-Class"), defined as "[a]ll persons or entities that, within four years prior to the filing of this Complaint through present, purchased the Products in California displaying the Challenged Representation on the Products' labels, for purposes other than resale." *Id.*

Plaintiff brings the following claims individually and on behalf of the California Sub-Class: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (3) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* *Id.* ¶¶ 50-112. He brings the following claims individually and on behalf of the Nationwide Class and California Sub-Class: (4) breach of warranty; (5) unjust enrichment/restitution; (6) common law fraud; (7) intentional misrepresentation; (8) negligent misrepresentation. *Id.* ¶¶ 113-150.

On March 21, 2025, shortly after removing the action to federal court, Defendant filed the instant Motion. ECF 13. Plaintiff filed an Opposition on April 11, 2025. ECF 19. Defendant filed a Reply on April 21, 2025. ECF 22.

## II.    DISCUSSION

### A.    Article III Standing (Claims 4-8)

Defendant argues that Plaintiff does not have Article III standing to bring his common law claims on behalf of the Nationwide Class. ECF 13 at 11-13. Plaintiff responds that Defendant prematurely seeks to resolve Plaintiff's class allegations by conflating standing with class

---

Period." Compl. ¶ 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-02314-MRA-KS | Date | May 2, 2025 |
|---|---|---|---|
| Title | Vigen Tovmasyan v. Target Corporation, et al. | | |

certification. ECF 18 at 13-17.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may raise a facial or a factual challenge to a federal court's subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The Constitution limits federal courts' subject matter jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997)). "She must show that she has suffered, or will suffer, an injury that is 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. "Where, as here, a case is at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured." *Martinez v. Newsom*, 46 F.4th 965, 970 (9th Cir. 2022) (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 40 n.20 (1976)). Even a named plaintiff purporting to represent a class "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class[.]" *Id.* (citation omitted); *see also Sahagian v. Genera Corp.*, No. CV 08-7613-GW PJWX, 2009 WL 9504039, at *6-8 (C.D. Cal. July 6, 2009) (same).

Here, Defendant does not appear to dispute that Plaintiff has standing to bring claims under California law, only that he "must name a representative plaintiff for each state law he sues under." ECF 13 at 11-12. The Court agrees with Plaintiff that this argument impermissibly conflates standing and class certification contrary to Ninth Circuit precedent. In *Melendres v. Arpaio*, the Ninth Circuit recognized that standing and class certification are overlapping concepts, but "[t]hey spring from different sources and serve different functions." 784 F.3d 1254, 1261 (9th Cir. 2015) (citation omitted). "*Standing* is meant to ensure that the injury a plaintiff suffers defines the scope of the controversy he or she is entitled to litigate. *Class certification*, on the other hand, is meant to ensure that named plaintiffs are adequate representatives of the unnamed class." *Id.* Where there is a "disjuncture between the claims of named plaintiffs and those of absent class members," courts have inconsistently classified the disjuncture as either "an issue of standing" or "an issue of class certification." *Id.* (citation omitted). "[C]ourts applying the standing approach would say the disjuncture deprived the named plaintiff of standing to obtain relief for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-02314-MRA-KS | Date | May 2, 2025 |
|---|---|---|---|
| Title | Vigen Tovmasyan v. Target Corporation, et al. | | |

the unnamed class members," *id.* at 1261-62 (citation omitted), whereas under the "class certification" approach, courts hold that "once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met," *id.* (citation and internal quotation marks omitted).

The Ninth Circuit subscribes to the "class certification" approach. *Id.* (recognizing that this approach has been "embraced several times (though not always) by the Supreme Court" and "'most' other federal courts"). Thus, in putative class actions brought in this circuit, "only the named plaintiffs must allege facts sufficient to confer standing." *Short v. Hyundai Motor Co.*, 444 F. Supp. 3d 1267, 1277 (W.D. Wash. 2020); *see also Mason v. Ashbritt, Inc.*, No. 18-CV-07181-DMR, 2020 WL 789570 (N.D. Cal. Feb. 17, 2020) ("[O]nly the named plaintiffs need[] to meet Article III standing requirements, while injuries to other class members are analyzed under Rule 23." (collecting cases)); *Schertzer v. Bank of Am., N.A.*, 445 F. Supp. 3d 1058, 1071 (S.D. Cal. 2020) (same). "Stated differently, '[r]epresentative parties who have a direct and substantial interest have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation." *Melendres*, 784 F.3d at 1262 (citation omitted). Defendant maintains that the "class certification" approach "answers a different question than the one presented by this case; it simply holds that a lead plaintiff with *similar-enough* claims may represent the applicable class[.]" ECF 22 at 3 (emphasis added). The Court strains to make sense of this distinction given Plaintiff's claims *are* similar enough to the class claims.

Defendant observes that district courts in the Ninth Circuit have "routinely dismissed claims that fail to identify a plaintiff for each state law to be enforced." ECF 13 at 11-12 (citing, *inter alia*, *Adler v. Altsleep, LLC*, No. 2:22-CV-05854-JLS-KS, 2023 WL 3080757, at *3-4 (C.D. Cal. Feb. 7, 2023); *Sahagian*, 2009 WL 9504039, at *6-8). But therein lies the issue: standing is a question of subject matter jurisdiction, *not* the legal sufficiency of claims or class allegations. *See Melendres*, 784 F.3d at 1262 ("The jurisdictional question of standing precedes, and does not require, analysis of the merits" (quoting *Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo*, 548 F.3d 1184, 1189 n.10 (9th Cir. 2008)); *Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004) (finding that the district court "correctly addressed the issue of standing before it addressed the issue of class certification"). The court does not find *Adler*, *Sahagian*, and other district court decisions persuasive in this regard.

Defendant takes issue with Plaintiff's suitability to represent a class that has suffered a "distinct and different injury in entirely different jurisdictions under different states' laws." ECF 22 at 3-4. But as alleged, Plaintiff's injury is not distinct or different from the injury

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-02314-MRA-KS | Date | May 2, 2025 |
|---|---|---|---|
| Title | Vigen Tovmasyan v. Target Corporation, et al. | | |

sustained by any other similarly situated purchaser of the Products; the only distinction is that those injuries may have occurred in different jurisdictions. This is irrelevant to whether Plaintiff has suffered an injury in fact. Because Plaintiff has demonstrated a personal stake in the litigation, "the standing inquiry is concluded." *Melendres*, 784 F.3d at 1262.

Thus, the Court **DENIES** Defendant's Rule 12(b)(1) Motion to Dismiss Claims 4-8.

### B. Failure to State a Claim (Claims 1-8)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. "On a motion to dismiss, all material facts are accepted as true and are construed in the light most favorable to the plaintiff." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (citing *Coal. for ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). In other words, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (per curiam). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Although the court "must accept as true all of the allegations contained in a complaint," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 1. Choice-of-Law (Claims 4-8)

Defendant argues that Plaintiff's Nationwide Class claims fail because they do not explicitly mention California law or any other state's law and instead "purport to lump together multiple individual causes of action from each state law into one count." ECF 13 at 13-14. Plaintiff responds that his allegations sufficiently state common law claims under California law, and "any remaining concerns about multistate variations [in law] should be resolved after

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-02314-MRA-KS | Date | May 2, 2025 |
|---|---|---|---|
| Title | Vigen Tovmasyan v. Target Corporation, et al. | | |

discovery and at class certification." ECF 19 at 17-18. As above, the gravamen of Defendant's argument is that Plaintiff cannot assert claims under other states' laws. This is a choice-of-law issue, and the Court once more agrees with Plaintiff that it is premature to reach such a dispute at this stage.

"Subject to constitutional limitations and the forum state's choice-of-law rules, a court adjudicating a multistate class action is free to apply the substantive law of a single state to the entire class." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 561 (9th Cir. 2019). Under California's choice-of-law rules, California courts apply California law by default. *Id.* "[T]he class action proponent bears the initial burden to show that California has 'significant contact or significant aggregation of contacts" to the claims of each class member.'" *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012) (quoting *Wash. Mut. Bank v. Superior Ct.*, 24 Cal. 4th 906, 921 (2001)), *overruled on other grounds, Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022). "Once the class action proponent makes this showing, the burden shifts to the other side to demonstrate 'that foreign law, rather than California law, should apply to class claims.'" *Id.* (quoting *Wash. Mut. Bank*, 24 Cal. 4th at 921). To meet this burden, the foreign law proponent must satisfy the three-step governmental interest test. *In re Hyundai*, 926 F.3d at 561 (citation omitted).

Courts in the Ninth Circuit have consistently held that such choice-of-law analysis should occur at the class certification stage. *See, e.g.*, *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1237 (N.D. Cal. 2012) ("At this stage of the instant litigation [on a motion to strike], a detailed choice-of-law analysis would be inappropriate."); *Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1159 (C.D. Cal. 2012) (explaining that "[c]ourts rarely undertake choice-of-law analysis to strike class claims at this early stage in litigation"); *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 572 (N.D. Cal. 2013) ("Such a detailed choice-of-law analysis is not appropriate at this stage of the litigation. Rather, such a fact-heavy inquiry should occur during the class certification stage, after discovery."); *see also Mazza*, 666 F.3d at 587-591 (reversing district court's certification of a class based on a detailed analysis of California's choice-of-law rules and finding that the differences between the consumer protection laws of California and those of other states could materially affect the outcome of that litigation).

Defendant maintains that Plaintiff does not allege which state's law applies to his common law claims. ECF 22 at 5. This may be so, but it is not a persuasive ground for dismissal because it is well-settled that a district court sitting in diversity must "apply the substantive law of the state in which it sits, including choice-of-law rules." *In re Hyundai*, 926 F.3d at 561 (quoting *Harmsen v. Smith*, 693 F.2d 932, 946-47 (9th Cir. 1982)). Thus, by default, California law applies to Plaintiff's common-law claims. *Id.*; *see also Shannon-Vail Five, Inc. v. Bunch*, 270 F.3d 1207,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-02314-MRA-KS | Date | May 2, 2025 |
|---|---|---|---|
| Title | Vigen Tovmasyan v. Target Corporation, et al. | | |

1210 (9th Cir. 2001) ("[F]ederal district court must apply the state law that would be applied by the state court of the state in which it sits."). For this reason, the Court is not persuaded by Defendant's reliance on *Kavehrad v. Vizio, Inc.*, which reasoned that "given the variance in state laws, failure to allege which state law governs prevents an assessment of whether the claims are adequately pleaded." No. 8:21-CV-01868-JLS-DFM, 2022 WL 16859975, at *3 (C.D. Cal. Aug. 11, 2022) (citing *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1101 (N.D. Cal. 2007)). For one, Defendant acknowledges that "the basic elements of each claim may be similar across state lines." ECF 13 at 13. It also falls short of identifying any conflict of law that would materially impact the Court's assessment of plausibility. ECF 13 at 13 (stating that "there are deviations, nuances, and wrinkles in each states' law that requires [Plaintiff] to separate each claim by state law into individual counts"). Without more, the Court is not satisfied that Plaintiff's purported failure to identify which state's substantive law applies provides grounds for dismissal.

Thus, the Court **DENIES** Defendant's Rule 12(b)(6) Motion to Dismiss Claims 4-8.

### 2. *Unjust Enrichment (Claim 5)*

Defendant argues that Plaintiff fails to state a claim for unjust enrichment because California law does not recognize a cause of action for unjust enrichment. ECF 13 at 14-15. The Court agrees with Plaintiff that this argument is mistaken on the law. ECF 19 at 18-19. It is true that California courts have held that "there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.' However, unjust enrichment and restitution are not irrelevant in California law." *Astiana v. Hain Celestial Grp.*, 783 F.3d 753, 762 (9th Cir. 2015) (internal citations omitted). The Ninth Circuit has "construed the common law to allow an unjust enrichment cause of action through quasi-contract." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016); *see also Astiana*, 783 F.3d at 762 ("When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" (citation omitted)). Thus, "[t]o allege unjust enrichment as an independent cause of action, a plaintiff must show that the defendant received and unjustly retained a benefit at the plaintiff's expense." *ESG Cap. Partners*, 828 F.3d at 1038 (citation omitted).

Defendant maintains that a quasi-contract claim would be duplicative or superfluous because Plaintiff seeks restitution under various other California claims. ECF 22 at 6-7; *see also* ECF 13 at 15. Plaintiff argues that he should be able to plead in the alternative. ECF 19 at 19-20. The Ninth Circuit squarely addressed this issue in *Astiana*. There, as here, the plaintiff alleged that she was entitled to a quasi-contract cause of action because the defendants had enticed her to purchase their products through false and misleading labeling, and that defendants were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-02314-MRA-KS | Date | May 2, 2025 |
|---|---|---|---|
| Title | Vigen Tovmasyan v. Target Corporation, et al. | | |

unjustly enriched as a result. *Astiana*, 783 F.3d at 762; *cf.* Compl. ¶¶ 120-25. The Ninth Circuit held that "[t]his straightforward statement is sufficient to state a quasi-contract cause of action. To the extent that the district court concluded that the cause of action was nonsensical because it was duplicative or superfluous to [the plaintiff]'s other claims, this is not grounds for dismissal." *Id.* (citing Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.")). Following *Astiana*, district courts have permitted unjust enrichment claims to proceed even when they are duplicative of other claims. *See, e.g.*, *In re Safeway Tuna Cases*, No. 15-CV-05078-EMC, 2016 WL 3743364, at *2 (N.D. Cal. July 13, 2016) (collecting cases); *Brenner v. Procter & Gamble Co.*, No. SACV161093JLSJCG, 2016 WL 8192946, at *8 (C.D. Cal. Oct. 20, 2016) (denying dismissal of unjust enrichment claim where the plaintiff plausibly alleged that "a consumer could have been enticed to purchase Defendant's product based on the allegedly misleading label, and a plaintiff may plead claims in the alternative"). The cases relied on by Defendant predate *Astiana* and therefore are not persuasive. *See* ECF 22 at 6-7 (citing *Yordy v. Plimus, Inc.*, No. C12-0229 TEH, 2012 WL 2196128, at *7 (N.D. Cal. June 14, 2012); *Ivie v. Kraft Foods Glob., Inc.*, No. C-12-02554-RMW, 2015 WL 183910, at *2 (N.D. Cal. Jan. 14, 2015)).

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss Claim 5.

### *3. Punitive Damages (Claims 1-5)*

Plaintiff seeks a punitive damages award on his UCL, FAL, CLRA, breach of warranty, and unjust enrichment claims. Compl. ¶¶ 62, 96, 112, 119, 126. Defendant first argues that Plaintiff is not entitled to an award of punitive damages on his UCL, FAL, breach of warranty, and unjust enrichment claims. ECF 13 at 15-16 (citing, *inter alia*, *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 926 (E.D. Cal. 2020); *Goel v. Coal. Am. Holding Co. Inc*, No. CV 11-2349 GAF (EX), 2011 WL 13128300 at *9 (C.D. Cal. July 5, 2011)). Plaintiff does not address, and therefore concedes, this point.

As to Plaintiff's CLRA claim for punitive damages, Defendant argues that because a corporate entity cannot commit willful and malicious conduct, Plaintiff must include the names or titles of an officer, director, or managing agent of Defendant who allegedly committed oppression, fraud, or malice. ECF 13 at 16. Plaintiff responds that there is no dispute that the actions taken by Defendant here were authorized by the managing body of the corporate entity because the Challenged Representations appear on the label of its Products. ECF 19 at 20-21. Defendant appears to withdraw this particular argument in its Reply. *See* ECF 22 at 7 (stating that "the defect is not the absence of a specific named individual" and it is not seeking dismissal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-02314-MRA-KS | Date | May 2, 2025 |
|---|---|---|---|
| Title | Vigen Tovmasyan v. Target Corporation, et al. | | |

because Plaintiff "does not name a particular executive"). Thus, the Court declines to dismiss Plaintiff's CLRA claim for punitive damages on this basis. *See also Knapp v. Carmax Auto Superstores Cal., LLC*, No. CV1401112BROSPX, 2014 WL 10293769, at *8 (C.D. Cal. July 21, 2014) (observing that the defendant's argument that specific corporate officers need to be named in order to support punitive damages has already been rejected by other courts).

Relatedly, Defendant argues that Plaintiff's allegations are "conclusory in nature and provide minimal, if any, facts." ECF 13 at 17. Plaintiff responds that "[n]othing more is required because intent, including 'malice,' can be alleged generally." ECF 19 at 24.

Under California law, punitive damages are available "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). In federal court, "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). At the same time, Rule 9(b)'s allowance that mental states may be alleged generally "merely excuses a party from pleading . . . intent under an elevated pleading standard. It does not give him license to evade the less rigid—though still operative—strictures of Rule 8." *Iqbal*, 556 U.S. at 686-87 (citation omitted); *see also Polk v. OSI Elecs., Inc.*, No. CV-14-292-MWF (ASX), 2014 WL 12787639, at *10 (C.D. Cal. Feb. 24, 2014). The Court agrees with the district court in *Polk* that perhaps the "best rule" is that "malice must still be alleged in accordance with Rule 8." *Polk*, 2014 WL 12787639, at *10 (quoting *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377 (4th Cir. 2012)). In the context of consumer fraud, general allegations that the defendant knew and intended for consumers to rely on its challenged representations have been found sufficient to support a claim for punitive damages. *See Shank v. Presidio Brands, Inc.*, No. 17-CV-00232-DMR, 2018 WL 510169, at *1 (N.D. Cal. Jan. 23, 2018). Plaintiff so alleges here. *See* Compl. ¶ 36.

Defendant's reliance on *Gutierrez v. Kaiser Permanente*, No. 2:17-CV-00897-MCE-GGH, 2018 WL 2412319 (E.D. Cal. May 29, 2018), is misplaced. *See* ECF 13 at 16-17; ECF 22 at 8. There, the court appears to apply the heightened pleading standard under California law, instead of the general pleading standard under Rule 8. *See Gutierrez*, No. WL 2412319, at *5 (citing California cases for the proposition that "the complaint must identify actual facts, as opposed to conclusory allegations showing that the defendant acted" with oppression, fraud, or malice); *cf. Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1019 (S.D. Cal. 2000) (finding that the Federal Rules preclude district courts from applying a heightened pleading standard for allegations of malice or fraudulent intent).

Accordingly, the Court **GRANTS IN PART** Defendant's Rule 12(b)(6) Motion to Dismiss

Case 2:25-cv-02314-MRA-KS   Document 23   Filed 05/02/25   Page 10 of 11   Page ID #:812

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-02314-MRA-KS | Date | May 2, 2025 |
|---|---|---|---|
| Title | Vigen Tovmasyan v. Target Corporation, et al. | | |

Claims 1, 2, 4, and 5 (UCL, FAL, unjust enrichment, and breach of warranty) for punitive damages **only** and **DENIES IN PART** the Motion as to Claim 3 (CLRA).[3]  Because punitive damages are not an available remedy for Plaintiff's UCL, FAL, unjust enrichment, and breach of warranty claims, it is clear that the allegations subject to dismissal cannot be saved by further amendment. As such, Plaintiff is **DENIED** leave to amend.  *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (providing that denial of leave to amend is proper where it is clear that the pleading could not possibly be saved by the allegation of additional facts).

### C. Striking Online Purchasers

Defendant argues that class members who purchased the Products online should be stricken from the Complaint because Plaintiff is not an adequate representative of and lacks typicality with such class members since they were subject to an arbitration agreement and class action waiver. ECF 13 at 17-18.  Plaintiff responds that this argument is premature and procedurally improper. ECF 19 at 24-26.

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]"  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted).  Motions to strike class allegations at the pleading stage are highly disfavored and rarely granted.  *See, e.g.*, *Cholakyan v. Mercedes-Benz, USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (collecting cases); *Azad v. Tokio Marine HCC-Med. Ins. Servs. LLC*, No. 17-cv-0618-PJH, 2017 WL 3007040, at *8 (N.D. Cal. July 14, 2017); *Moser v. Health Ins. Innovations, Inc.*, No. 3:17-CV-1127-WQH-KSC, 2018 WL 325112, at *11 (S.D. Cal. Jan. 5, 2018) (citation omitted).  However, "granting a motion to strike may be appropriate where 'the requirements of commonality, typicality and adequacy cannot possibly be met.'"  *Miholich v. Senior Life Ins. Co.*, No. 21-CV-1123-WQH-AGS, 2022 WL 410945, at *6 (S.D. Cal. Feb. 10, 2022) (quoting *Guzman v. Bridgepoint Educ., Inc.*, No. 11CV69 WQH WVG, 2013 WL 593431, at *7 (S.D. Cal. Feb. 13, 2013)).  The decision of whether to grant a motion strike lies within the sound discretion of the district court.  *Id.* (citing *Moser*, 2018 WL 325112, at *11).

---

[3] In the alternative, Defendant requests that Plaintiff's punitive damages allegations be struck.  ECF 22 at 7-8.  The Ninth Circuit has explained that such attempts to have certain portions of the pleading dismissed are "better suited" for a Rule 12(b)(6) motion.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-02314-MRA-KS | Date | May 2, 2025 |
|---|---|---|---|
| Title | Vigen Tovmasyan v. Target Corporation, et al. | | |

Plaintiff's class allegations address each of the elements of Rule 23, are related to the subject matter of the litigation, and are not redundant, immaterial, or impertinent, and as such, they survive a motion to strike. *See* Compl. ¶¶ 39-49; *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1179 (S.D. Cal. 2012). The Court is not persuaded that Plaintiff cannot possibly meet the Rule 23 requirements with respect to online purchasers, and it agrees with Plaintiff that this inquiry is "a fact-intensive question that requires a developed record." ECF 19 at 26. Indeed, the Court finds it telling that Defendant attempts to pass an unauthenticated hyperlink to its online terms and conditions as evidence of an arbitration agreement and class action waiver. *See* ECF 13 at 17.

The cases cited by Defendant also do not support its position. Each case resolved questions of adequacy and typicality at the class certification stage, *not* on a motion to strike. *See Tan v. Grubhub, Inc.*, No. 15-cv-05128-JSC, 2016 WL 4721439, at *3 (N.D. Cal. July 19, 2016) (citing evidence in the record in finding that the class representative who was one of only two class members who opted out of class action waiver could not satisfy either the typicality or adequacy requirements); *Avilez v. Pinkerton Gov't Servs., Inc.*, 596 F. App'x 579, 579 (9th Cir. 2015) (finding that the district court abused its discretion to the extent it certified classes and subclasses including putative class members who signed class action waivers); *Tschudy v. J.C. Penney Corp., Inc.*, No. 11CV1011 JM (KSC), 2015 WL 8484530, at *3 (S.D. Cal. Dec. 9, 2015) (holding on a motion to decertify the class that the named plaintiffs could not satisfy the typicality and adequacy requirements based on an arbitration agreement).

Accordingly, the Court **DENIES** Defendant's Rule 12(f) Motion to Strike online purchasers from Plaintiff's class allegations.

### III.   CONCLUSION

For the foregoing reasons, the Motion to Dismiss is **DENIED IN SUBSTANTIAL PART AND GRANTED IN LIMITED PART** without leave to amend only as to punitive damages with respect to Claims 1, 2, 4, and 5   and the Motion to Strike is **DENIED**.

**IT IS SO ORDERED.**

\_\_\_   :   \_\_\_

Initials of Deputy Clerk   gga