Daniel Lammie (Bar No. 345838)
HAYNES AND BOONE, LLP
112 East Pecan Street, Suite 2400
San Antonio, TX 78205
Telephone: (210) 978-7000
Facsimile: (210) 978-7450
Daniel.lammie@haynesboone.com

Letitia Johnson-Smith (Bar No. 355642)
HAYNES AND BOONE, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001
Letitia.johnson-smith@haynesboone.com

Brent R. Owen (Bar No. 45068) (admitted *pro hac vice*)
HAYNES AND BOONE, LLP
675 15th Street, Suite 2200
Denver, CO 80202
T: (303) 382-6200
F: (303) 382-6210
Brent.owen@haynesboone.com

Attorneys for Defendant
TARGET CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIGEN TOVMASYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a corporation, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-02314-MRA-KS<br><br>Assigned to District Judge: Hon. Monica Ramirez Almadani<br><br>**TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Target Corporation ("Target" or "Defendant") hereby answers the Complaint of Plaintiff Viegen Tovmasyan ("Tovmasyan" or "Plaintiff"). Each numbered paragraph in this Answer responds to the allegations in the corresponding numbered paragraph of the Complaint. Except to the extent an allegation is admitted, Defendant denies all allegations.

## ANSWER

1. With respect to paragraph 1 of the Complaint, Defendant admits that it sells a dip product under the "Good and Gather" brand name in various flavor varieties, including as relevant here, Spinach Artichoke Dip, Cranberry Jalapeño Dip, Taco Dip, and Tzatiki Yogurt Dip (the "Products") but denies the remainder of the allegations in paragraph 1.

2. Defendant denies the allegations in paragraph 2 of the Complaint as such are conclusions of law.

3. Defendant denies the allegations in paragraph 3 of the Complaint.

4. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, as such, Defendant denies the same.

5. Defendant admits that the labels depicted in this paragraph are accurate portrayals of the Products' labels at certain times during the proposed class period.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

7. Defendant denies the allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, as such, Defendant denies the same.

11. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, as such, Defendant denies the same.

12. Defendant admits that it is a corporation organized under the laws of Minnesota with its principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403. Defendant also admits that it marketed and sold the Products during the proposed class period. Defendant denies the remaining allegations in paragraph 12.

13. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, as such, Defendant denies the same.

14. Defendant denies the allegations in paragraph 14 of the Complaint as such are conclusions of law.

15. Defendant denies the allegations in paragraph 15 of the Complaint as such are conclusions of law and maintains Plaintiff lacks standing to bring claims on behalf of the Nationwide, as previously detailed in Defendant's Motion to Dismiss.

16. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, as such, Defendant denies the same.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint as such are conclusions of law.

19. Defendant denies the allegations in paragraph 19 of the Complaint as such as conclusions of law. To the extent a response is required, Defendant agrees that this Court has personal jurisdiction over Defendant.

20. Defendant admits that the Products' front labels contain the words "No Artificial Colors, Flavors or Preservatives". Defendant admits that citric acid

is listed on the Products' label. Defendant also admits that citric acid can be used as a preservative in some food products. Defendant denies, however that citric acid is used as a preservative in the Products. Defendant denies the remainder of the allegations in paragraph 20.

21. Defendant admits that citric acid can act as a preservative in some food products. Defendant denies, however that citric acid is used as a preservative in the Products. Defendant further denies that the conclusions or inferences Plaintiff attempts to draw from this language and information are valid or establish a claim. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, as such, Defendant denies the same.

22. Defendant admits that paragraph 22 contains language appearing in 21 C.F.R. §101.22(a)(5) but otherwise denies the allegations in paragraph 22 of the Complaint. Defendant further denies that the conclusions or inferences Plaintiff attempts to draw from this language and information are valid or establish a claim.

23. Defendant admits that paragraph 23 contains language appearing in 21 C.F.R. §101.22. However, Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint, as such, Defendant denies the same. Defendant further denies that the conclusions or inferences Plaintiff attempts to draw from this language and information are valid or establish a claim.

24. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, as such, Defendant denies the same. Defendant further denies that the conclusions or inferences Plaintiff attempts to draw from this language and information are valid or establish a claim.

25. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, as such, Defendant denies the same. Defendant further denies that the conclusions or inferences Plaintiff attempts to draw from this language and information are valid or establish a claim.

26. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, as such, Defendant denies the same. Defendant further denies that the conclusions or inferences Plaintiff attempts to draw from this language and information are valid or establish a claim.

27. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, as such, Defendant denies the same. Defendant further denies that the conclusions or inferences Plaintiff attempts to draw from this language and information are valid or establish a claim.

28. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, as such, Defendant denies the same. Defendant further denies that the conclusions or inferences Plaintiff attempts to draw from this language and information are valid or establish a claim.

29. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, as such, Defendant denies the same. Defendant further denies that the conclusions or inferences Plaintiff attempts to draw from this language and information are valid or establish a claim.

30. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, as such, Defendant denies the same. Defendant further denies that the conclusions

or inferences Plaintiff attempts to draw from this language and information are valid or establish a claim.

31. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, as such, Defendant denies the same. Defendant further denies that the conclusions or inferences Plaintiff attempts to draw from this language and information are valid or establish a claim.

32. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, as such, Defendant denies the same. Defendant further denies that the conclusions or inferences Plaintiff attempts to draw from this language and information are valid or establish a claim.

33. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, as such, Defendant denies the same. Defendant further denies that the conclusions or inferences Plaintiff attempts to draw from this statement are valid or establish a claim.

34. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, as such, Defendant denies the same.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 and its subparts.

37. Defendant admits that it received Plaintiff's pre-suit letter dated November 26, 2024, regarding the Products on or about December 2, 2024 and otherwise denies the allegations in paragraph 37 as such are legal conclusions.

38. Defendant denies the allegations in paragraph 36 of the Complaint and its subparts as such are conclusions of law.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint as such are conclusions of law.

42. Defendant denies the allegations in paragraph 42 of the Complaint as such are conclusions of law.

43. Defendant denies the allegations in paragraph 43 of the Complaint and its subparts as such are conclusions of law.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint and its subparts as such are conclusions of law.

47. Defendant denies the allegations in paragraph 47 of the Complaint as such are conclusions of law.

48. Defendant denies the allegations in paragraph 48 of the Complaint as such are conclusions of law.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant denies the allegations in paragraph 51 of the Complaint as such are conclusions of law.

52. Defendant denies the allegations in paragraph 52 of the Complaint as such are conclusions of law.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint as such are conclusions of law.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. Paragraph 62 has been dismissed by this Court. *See* Dkt. 13 (Court's Order Denying in Substantial Part and Granting in Limited Part Defendant's Motion to Dismiss Class Action Complaint and Motion to Strike Class Allegations). As such, Defendant is not required to answer such allegations as they are no longer valid.

63. Defendant denies the allegations in paragraph 63 of the Complaint as such are conclusions of law.

64. Defendant denies the allegations in paragraph 64 of the Complaint.

65. Defendant denies the allegations in paragraph 65 of the Complaint as such are conclusions of law.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant denies the allegations in paragraph 67 of the Complaint.

68. Defendant denies the allegations in paragraph 68 of the Complaint as such are conclusions of law.

69. Defendant denies the allegations in paragraph 69 of the Complaint.

70. Defendant denies the allegations in paragraph 70 of the Complaint.

71. Defendant denies the allegations in paragraph 71 of the Complaint as such are conclusions of law.

72. Defendant denies the allegations in paragraph 72 of the Complaint as such are conclusions of law.

73. Defendant denies the allegations in paragraph 73 of the Complaint as such are conclusions of law.

74. Defendant denies the allegations in paragraph 74 of the Complaint.

75. Defendant denies the allegations in paragraph 75 of the Complaint as such are conclusions of law.

76. Defendant denies the allegations in paragraph 76 of the Complaint.

77. Defendant denies the allegations in paragraph 77 of the Complaint.

78. Defendant denies the allegations in paragraph 78 of the Complaint.

79. Defendant denies the allegations in paragraph 79 of the Complaint.

80. Defendant denies the allegations in paragraph 80 of the Complaint.

81. Defendant denies the allegations in paragraph 81 of the Complaint as such are conclusions of law.

82. Defendant denies the allegations in paragraph 82 of the Complaint as such are conclusions of law.

83. Defendant denies the allegations in paragraph 83 of the Complaint as such are conclusions of law.

84. Defendant denies the allegations in paragraph 84 of the Complaint as such are conclusions of law.

85. Defendant denies the allegations in paragraph 85 of the Complaint.

86. Defendant denies the allegations in paragraph 86 of the Complaint.

87. Defendant denies the allegations in paragraph 87 of the Complaint.

88. Defendant denies the allegations in paragraph 88 of the Complaint.

89. Defendant denies the allegations in paragraph 89 of the Complaint.

90. Defendant denies the allegations in paragraph 90 of the Complaint.

91. Defendant denies the allegations in paragraph 91 of the Complaint as such are conclusions of law.

92. Defendant denies the allegations in paragraph 92 of the Complaint as such are conclusions of law.

93. Defendant denies the allegations in paragraph 93 of the Complaint as such are conclusions of law.

94. Defendant denies the allegations in paragraph 94 of the Complaint.

95. Defendant denies the allegations in paragraph 95 of the Complaint as such are conclusions of law.

96. Paragraph 96 has been dismissed by this Court. *See* Dkt. 13 (Court's Order Denying in Substantial Part and Granting in Limited Part Defendant's Motion to Dismiss Class Action Complaint and Motion to Strike Class Allegations). As such, Defendant is not required to answer such allegations as they are no longer valid.

97. Defendant denies the allegations in paragraph 97 of the Complaint.

98. Defendant denies the allegations in paragraph 98 of the Complaint as such are conclusions of law.

99. Defendant denies the allegations in paragraph 99 of the Complaint as such are conclusions of law.

100. Defendant denies the allegations in paragraph 100 of the Complaint as such are conclusions of law.

101. Defendant denies the allegations in paragraph 101 of the Complaint as such are conclusions of law.

102. Defendant denies the allegations in paragraph 102 of the Complaint as such are conclusions of law.

103. Defendant denies the allegations in paragraph 103 of the Complaint as such are conclusions of law.

104. Defendant denies the allegations in paragraph 104 of the Complaint and its subparts as such are conclusions of law.

105. Defendant denies the allegations in paragraph 105 of the Complaint.

106. Defendant denies the allegations in paragraph 106 of the Complaint.

107. Defendant denies the allegations in paragraph 107 of the Complaint.

108. Defendant denies the allegations in paragraph 108 of the Complaint as such are conclusions of law.

109. Defendant admits that it received Plaintiff's pre-suit letter dated November 26, 2024, regarding the Products on or about December 2, 2024 and otherwise denies the allegations in paragraph 109 as such are legal conclusions.

110. Defendant denies the allegations in paragraph 108 of the Complaint as such are conclusions of law.

111. Defendant denies the allegations in paragraph 108 of the Complaint as such are conclusions of law.

112. Paragraph 112 has been dismissed by this Court. *See* Dkt. 13 (Court's Order Denying in Substantial Part and Granting in Limited Part Defendant's Motion to Dismiss Class Action Complaint and Motion to Strike Class Allegations). As such, Defendant is not required to answer such allegations as they are no longer valid.

113. Defendant denies the allegations in paragraph 113 of the Complaint.

114. Defendant denies the allegations in paragraph 114 of the Complaint.

115. Defendant denies the allegations in paragraph 115 of the Complaint as such are conclusions of law.

116. Defendant denies the allegations in paragraph 116 of the Complaint as such are conclusions of law.

117. Defendant denies the allegations in paragraph 117 of the Complaint as such are conclusions of law.

118. Defendant denies the allegations in paragraph 118 of the Complaint as such are conclusions of law.

119. Paragraph 119 has been dismissed by this Court. *See* Dkt. 13 (Court's Order Denying in Substantial Part and Granting in Limited Part Defendant's Motion to Dismiss Class Action Complaint and Motion to Strike Class Allegations). As such, Defendant is not required to answer such allegations as they are no longer valid.

120. Defendant denies the allegations in paragraph 120 of the Complaint.

121. Defendant denies the allegations in paragraph 121 of the Complaint as such are conclusions of law.

122. Defendant denies the allegations in paragraph 122 of the Complaint.

123. Defendant denies the allegations in paragraph 123 of the Complaint.

124. Defendant denies the allegations in paragraph 124 of the Complaint as such are conclusions of law.

125. Defendant denies the allegations in paragraph 125 of the Complaint as such are conclusions of law.

126. Paragraph 126 has been dismissed by this Court. *See* Dkt. 13 (Court's Order Denying in Substantial Part and Granting in Limited Part Defendant's Motion to Dismiss Class Action Complaint and Motion to Strike Class Allegations). As such, Defendant is not required to answer such allegations as they are no longer valid.

127. Defendant denies the allegations in paragraph 127 of the Complaint.

128. Defendant denies the allegations in paragraph 128 of the Complaint as such are conclusions of law.

129. Defendant denies the allegations in paragraph 129 of the Complaint.

130. Defendant denies the allegations in paragraph 130 of the Complaint.

131. Defendant denies the allegations in paragraph 131 of the Complaint.

132. Defendant denies the allegations in paragraph 132 of the Complaint.

133. Defendant denies the allegations in paragraph 133 of the Complaint.

134. Defendant denies the allegations in paragraph 134 of the Complaint as such are conclusions of law.

135. Defendant denies the allegations in paragraph 135 of the Complaint.

136. Defendant denies the allegations in paragraph 136 of the Complaint as such are conclusions of law.

137. Defendant denies the allegations in paragraph 137 of the Complaint.

138. Defendant denies the allegations in paragraph 138 of the Complaint.

139. Defendant denies the allegations in paragraph 139 of the Complaint.

140. Defendant denies the allegations in paragraph 140 of the Complaint.

141. Defendant denies the allegations in paragraph 141 of the Complaint.

142. Defendant denies the allegations in paragraph 142 of the Complaint as such are conclusions of law.

143. Defendant denies the allegations in paragraph 143 of the Complaint.

144. Defendant denies the allegations in paragraph 144 of the Complaint as such are conclusions of law.

145. Defendant denies the allegations in paragraph 145 of the Complaint.

146. Defendant denies the allegations in paragraph 146 of the Complaint.

147. Defendant denies the allegations in paragraph 147 of the Complaint.

148. Defendant denies the allegations in paragraph 148 of the Complaint.

149. Defendant denies the allegations in paragraph 149 of the Complaint.

150. Defendant denies the allegations in paragraph 150 of the Complaint as such are conclusions of law.

151. Defendant denies the allegations in paragraph 144 of the Complaint and its subparts as such are conclusions of law. Further, paragraph 151(e) has been dismissed by this Court. *See* Dkt. 13 (Court's Order Denying in Substantial Part and Granting in Limited Part Defendant's Motion to Dismiss Class Action Complaint and Motion to Strike Class Allegations). As such, Defendant is not required to answer such allegations as they are no longer valid.

## SEPARATE AND ADDITIONAL DEFENSES

Defendant hereby asserts and alleges the following separate and additional defense without prejudice to Defendant's right to argue that Plaintiff bears the burden of proof as to any said defenses. By alleging the defenses below, Defendant is not in any way agreeing or conceding that it has the burden of proof or persuasion on any of these issues.

## FIRST AFFIRMATIVE DEFENSE

The allegations contained in the Complaint fail to properly state a claim for relief for which relief may be granted in law, including for the reasons previously detailed in Defendant's Motion to Dismiss.

**SECOND AFFIRMATIVE DEFENSE**

Defendant's Products' packaging is not deceptive or misleading.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims, and those of other purchasers of the Products are barred, in whole or in part, because Target's commercial speech was not misleading and is protected under the First Amendment of the United States Constitution and the California Constitution.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and those of other purchasers of the Products, are barred, in whole or in part, because Target adhered to and complied with all applicable federal laws, regulations, and rules, including but not limited to the federal Food, Drug, and Cosmetic Act and FDA regulations. Accordingly, each and every claim asserted or raised in the Complaint is or may be preempted by the federal Nutrition Labeling and Education Act, 21 U.S.C. § 341 *et seq.* under the Supremacy Clause of the United States Constitution.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and those of other purchasers of the Products, may be barred, in whole or in part, by the applicable statutes of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's and putative class members' claims are barred in whole or in part by the economic loss rule.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint is barred under the doctrines of estoppel and unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint is barred because Plaintiff failed to mitigate damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff or other purchasers of the Products suffered injury, ascertainable loss, or damage, Defendant denies such injury, ascertainable loss, or damage was proximately caused by any conduct or inaction of Defendant.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and those of other purchasers of the Products, are barred, in whole or in part, because Plaintiff and other purchase failed to act reasonably to minimize any loss, damages, or harm that they suffered, and could have avoided such harm by making reasonable efforts or expenditures.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and those of other purchasers of the Products, are barred, in whole or in part, because Plaintiffs and/or members of the purported class knew or should have known the characteristics and ingredients of the Products, including that the Products' label listed citric acid as one of the ingredients in the Products, and therefore did not or could not rely or reasonably rely on the alleged statements or conduct of Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

The matters challenged by the Complaint were neither known to Target to be, nor in the exercise of reasonable care should have been known by Target to be, untrue or misleading.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and those of other purchasers of the Products, are barred in whole or in part, because Defendant fully performed any and all obligations pursuant to any statutory duty existing between the parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred because Plaintiff lacks standing to pursue the claims set forth in the Complaint, including for the reasons previously detailed in Defendant's Motion to Dismiss and particularly for a nationwide class of consumers.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred because even assuming a violation occurred, it was the result of good faith and bona fide error and is and/or would be barred by the provisions of California Civil Code section 1784.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendant reserves the right to amend this answer in future, in the event that continuing discovery reveals the relevance of any further affirmative defenses.

**PRAYER**

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;
2. That judgment be rendered in favor of Defendant, and against Plaintiff, on all viable claims alleged in the Complaint;
3. That Defendant is awarded its costs of suit;
4. That Defendant is awarded its reasonable attorneys' fees for the defense of this action; and
5. Such other and further relief as this Court deems just and equitable.

Date: May 16, 2025

HAYNES AND BOONE, LLP

By: [signature]

Brent Owen
Attorney for Defendant
TARGET CORPORATION