-1-

1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIGEN TOVMASYAN,<br><br>            Plaintiff,<br><br>   v.<br><br>TARGET CORPORATION, et al.,<br><br>            Defendants. | Case No. 2:24-cv-02314-MRA-KS<br><br>**PRETRIAL SCHEDULING ORDER** |

On May 6, 2025, the Court issued an Order setting the Scheduling Conference for June 30, 2025. ECF 24. The hearing was continued to July 7, 2025, and then vacated and taken off the Court's calendar. ECF 27, 30. On June 16, 2025, the parties filed a Joint Rule 26(f) Report, which included a Class Certification Plan. ECF 29. The Court, having considered the parties' Joint 26(f) Report and Class Certification Plan, hereby sets the following pretrial dates and deadlines:

//
//

| Pretrial Event | Plaintiff's Dates | Defendant's Dates | Court Order |
|---|---|---|---|
| [Jury] Trial | N/A | N/A | N/A |
| Final Pretrial Conference | 05/10/2027 | 05/10/2027 | 05/10/2027 at 3:00pm |
| Opposition to Motions in Limine Filing Deadline | 04/19/2027 | 04/19/2027 | 04/19/2027 |
| Motions in Limine Filing Deadline | 04/05/2027 | 04/05/2027 | 04/05/2027 |
| Settlement Conference Completion Date [Private] | 04/05/2027 | 04/05/2027 | 04/05/2027 |
| Last Date to **HEAR** *Daubert* Motions | 03/08/2027 | 03/08/2027 | 03/08/2027 |
| Last Date to **HEAR** Non-Discovery Motions | 02/22/2027 | 03/02/2026 | 02/22/2027[1] |
| Hearing on Motion for Class Certification and Daubert Motions for Class Certification | 08/10/2026 | 12/14/2026 | 12/14/2026 at 1:30pm |
| Reply in support of Daubert Motion for Class Certification Filing Deadline | 09/08/2026 | 11/19/2026 | 11/19/2026 |
| Opposition to Daubert Motion for Class Certification Filing Deadline | 08/24/2026 | 11/05/2026 | 11/05/2026 |
| Daubert Motion for Class Certification Filing Deadline | 07/25/2026 | 10/15/2026 | 10/15/2026 |
| Reply in support of Motion for Class Certification | 07/10/2026 | 10/01/2026 | 10/01/2026 |

---

[1] Although this date reflects the deadline to hear motions for summary judgment, Defendant may file a motion for summary judgment sooner than the deadline, including in advance of the class certification motion practice. The Ninth Circuit has recognized that "in some cases, it may be appropriate in the interest of judicial economy to resolve a motion for summary judgment or motion to dismiss prior to ruling on class certification." *Wade v. Kirkland*, 118 F.3d 667, 670 (9th Cir. 1997).

| | | | |
|---|---|---|---|
| Opposition to Motion for Class Certification | 04/11/2026 | 07/15/2026 | 07/15/2026 |
| Expert Discovery Cut-Off | 05/15/2026 | 01/26/2026 | 05/15/2026 |
| Motion for Class Certification | 01/11/2026 | 05/01/2026 | 05/01/2026 |
| Expert Disclosure (Rebuttal) | 05/01/2026 | 12/15/2025 | 05/01/2026 |
| Expert Disclosure (Initial) | 04/24/2026 | 11/1/2025 | 04/24/2026 |
| Expert Class Certification Discovery Cut-Off[2] | 03/12/2026 | 06/15/2026 | 03/12/2026 |
| Non-Expert Discovery Cut-Off | 03/06/2026 | 01/11/2026 | 03/06/2026 |
| Non-Expert Class Certification Discovery Cut-Off | 01/11/2026 | 05/01/2026 | 01/11/2026 |
| Last Date to **HEAR** Motions to Amend Pleadings/Add Parties | 10/06/2025 | 10/06/2025 | 10/06/2025 |

The Court defers setting a trial date until the parties appear for the Final Pretrial Conference (FPTC). However, the parties are expected to be ready to proceed to trial following the FPTC and must confer before the FPTC to identify mutually agreeable trial date(s) within 90 days following the conference.

//
//
//
//
//
//

---

[2] The parties propose setting deadlines to complete depositions and document production with respect to expert witnesses for class certification while briefing on class certification is ongoing. However, it is the Court's view that expert discovery as to class certification should be complete prior to any briefing on class certification. The Court is therefore guided by the parties' proposed deadlines for Defendants to complete depositions and document production.

These dates and deadlines will not be continued except upon a showing of good cause, which generally requires unforeseeable circumstances. *See* Fed. R. Civ. P. 16(b)(4). Failure to conduct discovery diligently or a desire to engage in settlement discussions will not constitute good cause. **The parties shall comply with the Court's forthcoming Civil Trial Order.**

**IT IS SO ORDERED.**

Dated: August 15, 2025

HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE