Daniel Lammie (Bar No. 345838)
HAYNES AND BOONE, LLP
112 East Pecan Street, Suite 2400
San Antonio, TX 78205
Telephone: (210) 978-7000
Facsimile: (210) 978-7450
Daniel.lammie@haynesboone.com

Letitia Johnson-Smith (Bar No. 355642)
HAYNES AND BOONE, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001
Letitia.johnson-smith@haynesboone.com

Brent R. Owen (Bar No. 45068)
Allison Regan (Bar No. 61960)
HAYNES AND BOONE, LLP
675 15th Street, Suite 2200
Denver, CO 80202
T: (303) 382-6200
F: (303) 382-6210
Brent.owen@haynesboone.com
Allison.Regan@haynesboone.com
**[PRO HAC VICE]**

Attorneys for Defendant
TARGET CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIGEN TOVMASYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a corporation, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-02314-MRA-KS<br><br>Assigned to District Judge:<br>Hon. Monica Ramirez Almadani<br>Courtroom: 9B, 9th Floor<br><br>**DEFENDANT TARGET CORPORATION'S <u>UNOPPOSED</u> APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

DEFENDANT TARGET CORPORATION'S UNOPPOSED APPLICATION
FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS IN
SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Case No.: 2:25-cv-02314-MRA-KS

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Local Rule 79-5 of the Central District of California, Defendant Target Corporation ("Target") hereby moves the Court for permission to file under seal the following documents that will be used in conjunction with the Defendant's Motion for Summary Judgment:

- Exhibit H: <u>Internal Compliance Management</u>: Target_00000189 through Target_00000193

- Exhibit K: <u>Internal Compliance Management</u>: Target_00000344 through Target_00000348

Target must file these documents under seal because they quote from, cite to, or are information that has been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" by Target, pursuant to the Protective Order that was filed on August 8, 2025 (Docket #36).

Filed concurrently herewith and pursuant to Civ. L.R. 79-5.2.2(a) are the unredacted and confidential versions of Target's proposed exhibits for sealing, as well as public redacted versions of the exhibits, along with the Declaration of Letitia Johnson-Smith in support of Defendant's Unopposed Application for Leave to File Under Seal Portions of Exhibits i/s/o Defendant's Motion for Summary Judgment.

In accordance with Local Rule 79-5.2.2, and as set forth in the Declaration of Letitia Johnson-Smith, ("Johnson-Smith Decl.") the Parties engaged in meet and confer efforts, and counsel for Plaintiff agrees with Target's proposed redactions and assents to sealing information described above in connection with the Motion.  (Johnson-Smith Decl., ¶ 10.)

///

///

///

- 1 -

DEFENDANT TARGET CORPORATION'S UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Case No.: 2:25-cv-02314-MRA-KS

For the foregoing reasons, Defendant respectfully requests that the Court grant its request that the documents described above remain under seal.

Date:  January 30, 2026                    HAYNES AND BOONE, LLP

                                           By:  */s/ Letitia Johnson-Smith*
                                                Letitia Johnson-Smith
                                                Attorneys for Defendant
                                                TARGET CORPORATION

DEFENDANT TARGET CORPORATION'S UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Case No.: 2:25-cv-02314-MRA-KS

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Pursuant to Local Rule 79-5.2.2, Defendant Target Corporation ("Target") respectfully applies to this Court for an Order granting Target leave to file under seal portions of Exhibits in support of its Motion for Summary Judgment ("Motion").

Target seeks to seal documents containing information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" by Target pursuant to the Protective Order and produced in response to discovery requests in this matter. In support of this request, Target submits this Application, the Declaration of Letitia Johnson-Smith (the "Johnson-Smith Application to Seal Decl."), and a narrowly-tailored Proposed Order, which together establish compelling reasons to seal Target's confidential information. Following conferral between counsel for the parties, counsel for Plaintiff Vigen Tovmasyan has assented to the sealing and proposed redactions of the exhibits identified herein.

## I. LEGAL STANDARD

In this district, requests to file documents under seal in civil cases are governed by Civil Local Rule 79-5.2.2, which provides that "[n]o document may be filed under seal without prior approval by the Court." Further, a party seeking to file documents under seal must submit a "declaration (1) establishing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome[.]" Civ. L.R. 79-5(a)(i)

Although pretrial discovery is, in the absence of a court order to the contrary, presumptively public, courts have inherent power to deny public access. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978). "The common law right of access, however, is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

The Ninth Circuit applies the "compelling reasons" standard where a party seeks to seal documents attached to a dispositive motion. *See e.g., Opulent Treasures, Inc. v. Ya Ya Creations, Inc.,* 682 F. Supp. 3d 815, 826 (C.D. Cal. 2023); *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1098 (9th Cir. 2016). Under this standard, "the party must articulate[ ] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *TML Recovery, LLC v. Cigna Corp.,* 714 F. Supp. 3d 1214, 1217 (C.D. Cal. 2024). And, the party must demonstrate that the sealing or redactions requested are narrowly tailored to protect that interest. *Opulent Treasures,* 682 F. Supp 3d at 826–27. Examples of "compelling reasons" for limiting public access to certain records include when a court record might be used to "gratify private spite or promote public scandal," to circulate "libelous" statements, or "*as sources of business information that might harm a litigant's competitive standing.*" *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1097 (9th Cir. 2016) (emphasis added); *see also TML Recovery,* 714 F. Supp. 3d at 1218 ("'[S]ources of business information that might harm a litigant's competitive standing' can sufficiently support a request to seal."). Finally, courts have found the public interest relatively weak when redacted information in sealed documents was not relevant to the resolution of a motion before the court. *TML Recovery,* 714 F. Supp. 3d at 1221.

As set forth herein, Target seeks to submit, under seal, certain exhibits in support of its forthcoming Motion.

## II.    **ARGUMENT**

### a.    **Compelling reasons exist for sealing the identified exhibits.**

In accordance with Local Rule 79.5.2.2, Target has narrowly tailored the information sought to be filed under seal. The information sought to be protected is comprised of the following types of information: (1) internal specification

DEFENDANT TARGET CORPORATION'S UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Case No.: 2:25-cv-02314-MRA-KS

documents detailing Target's processes in reviewing and approving the development of new and revised consumer products and other operational information; and (2) formulaic and ingredient information related to consumer food products and proprietary manufacturing information provided by Target's vendors, including the exact compositions of the ingredients of such products; (3) negotiated contracts terms between Target and its vendors. (Johnson-Smith Decl., ¶¶ 6-7.) The designated highly confidential – attorney's eyes only information constitutes proprietary business information of Target and its vendors that, if disclosed, would cause serious economic and competitive harm to Target and its vendors by allowing such information to be used by competitors to gain competitive advantage over Target and its vendors. (Johnson-Smith Decl., ¶¶ 6-7.); *see A In re Elec. Arts, Inc.,* 298 F. App'x 568, 569 (9th Cir. 2008) ("[A] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."); *Edtronic, Inc. v. Axonics Modulation Techs., Inc.,* No. 819CV02115DOCJDE, 2023 WL 6813743, at *1 (C.D. Cal. Aug. 31, 2023) ("[S]ources of business information that might harm a litigant's competitive standing" including negotiated contract terms, "can sufficiently support a request to seal[.]").

Courts in this circuit have repeatedly granted requests to seal proprietary and confidential business information, including information amounting to probable trade secrets, which, if disclosed, would allow competitors to "piece together portions" of internal, proprietary and operational processes and allow such competitors to "gain an advantage by circumventing the time and resources necessary to develop" their own. *See e.g., Rich v. Shrader,* No. CIV. 09CV652 AJB BGS, 2013 WL 6028305, at *2 (S.D. Cal. Nov. 13, 2013) (granting motion to seal confidential documents attached to summary judgment motion to avoid

- 5 -

disclosure of party's operational information); *A In re Elec. Arts, Inc.,* 298 F. App'x 568, 569 (approving sealing of information falling within the definition of trade secrets); *Edtronic, Inc.,* 2023 WL 6813743, at *1 (granting the application to seal "sources of business information that might harm a litigant's competitive standing" including negotiated contract terms, because disclosure of such information would likely cause competitive harm); *Brady v. Delta Energy & Commc'ns, Inc.,* No. 5:21-CV-01843-FWS-SHK, 2024 WL 4869169, at *2 (C.D. Cal. Feb. 12, 2024) (granting application to seal operational business information, certain contractual terms, and non-public technical information related to the accused products). Courts in this circuit have similarly held that information amounting to trade secrets amounts to a compelling reason to seal such information. *See e.g., Virun, Inc. v. Cymbiotika, LLC,* No. 822CV00325SSSDFMX, 2022 WL 17401698, at *2 (C.D. Cal. Aug. 19, 2022). Indeed, the public disclosure of this information would allow Target and its vendors' competitors to "piece together portions" of Target's internal, proprietary processes and other operational information and the vendor's proprietary ingredient and formula information. (Johnson-Smith Decl., ¶¶ 6-7.) These constitute compelling reasons to grant this Application and seal the exhibits identified herein.

### b.  Target's interests outweigh the public right of access.

Target has extrapolated compelling reasons as to why it maintains the strict confidentiality of the information it seeks to seal. Generally, the disclosure of such information would harm Target and its vendors by revealing proprietary business information. (Johnson-Smith Decl., ¶¶ 6-7.) Here, the portions of the documents which Target seeks to seal, in part, are not relevant to resolution of the Motion. (Johnson-Smith Decl., ¶ 7.) Thus, the public's presumption interest in such information is substantially diminished. *See e.g., Virun, Inc.,* 2022 WL 17401698,

DEFENDANT TARGET CORPORATION'S UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Case No.: 2:25-cv-02314-MRA-KS

at *3 (noting that information which is "inconsequential to the merits of" the underlying dispute and so the need for public access to materials revealing those identities is "substantially attenuat[ed]."); *see also TML Recovery,* 714 F. Supp. 3d at 1221. And in contrast to Target's strong interest in maintaining the confidentiality of such information, the public would derive little benefit or insight into the judicial process by the disclosure of such information. *See Rich,* 2013 WL 6028305, at *2. Accordingly, Target's interests in maintaining the confidentiality of such information outweighs the public's right of access to the information sought to be sealed.

## III.   **CONCLUSION**

Target submits that this Application establishes, in accordance with the Local Rules and legal standards in this court, that compelling reasons exist to overcome the presumption of public access to the court's files. Per Local Rule 79-5.2.2, this Application is supported by the Declaration of Letitia Johnson-Smith, a proposed order, narrowly tailored to seal only the sealable material, and conspicuously labeled redacted and unredacted versions of the document proposed to be filed under seal.

For the reasons set forth above, Target requests that this Court grant its Application to file the above-listed documents under seal in support of its forthcoming Motion for Summary Judgment.

Date:  January 30, 2026                    HAYNES AND BOONE, LLP

By:  */s/ Letitia Johnson-Smith*
Letitia Johnson-Smith
Attorneys for Defendant
TARGET CORPORATION

DEFENDANT TARGET CORPORATION'S UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Case No.: 2:25-cv-02314-MRA-KS

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action.  I am employed with the law offices of Haynes and Boone, LLP and my business address is 600 Anton Blvd., Suite 700, Costa Mesa, California 92626.

On **January 30, 2026**, I served the document(s) listed below on the interested party in this action by serving a true copy thereof on the individuals below, as indicated: **DEFENDANT TARGET CORPORATION'S UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| MALK & POGO LAW GROUP, LLP<br>Valter Malkhasyan, Esq.<br>Erik Pogosyan. Esq.<br>1241 S. Glendale Ave., Suite 204<br>Glendale, CA 91205 | T: (818) 484-5205<br>F: (818) 824-5144<br>valter@malkpogolaw.com<br>erik@malkpogolaw.com<br>anaida@malkpogolaw.com<br>marianna@malkpogolaw.com<br><br>Attorneys for Plaintiff,<br>VIGEN TOVMASYAN |

☐   (**BY FEDERAL EXPRESS)** I am readily familiar with the firm's practice for collecting and processing of correspondence for overnight delivery by Federal Express.  Under that practice, such document was deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒   **(BY ELECTRONIC DELIVERY)** I served a true and correct copy of such document by electronic delivery to the email addresses listed above per the agreement of the parties pursuant to Federal Rule of Civil Procedure 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 30, 2026, at Costa Mesa, California.

*/s/ Carrie L. Gagne*
Carrie L. Gagne

- 1 -