**MALK & POGO LAW GROUP, LLP**
Valter Malkhasyan (SBN 348491)
*valter@malkpogolaw.com*
Erik Pogosyan (SBN 345650)
*erik@malkpogolaw.com*
1241 S. Glendale Ave Suite 204
Glendale, CA 91205
Tel: (818) 484-5204
Fax: (818) 824-5144

*Counsel for Plaintiff Vigen Tovmasyan and the proposed class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIGEN TOVMASYAN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a corporation, and DOES 1-20, inclusive,<br><br>        Defendants. | Case No. 2:25-CV-02314-MRA-KS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION RE PLAINTIFF'S FIRST REQUEST TO AMEND THE SCHEDULING ORDER**<br><br>Hon. Monica R. Almadani |

MEMORANDUM OF P&A ISO *EX PARTE* APPLICATION RE PLAINTIFF'S FIRST REQUEST
TO AMEND THE SCHEDULING ORDER

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

# TABLE OF CONTENTS

**Page No.**

I.   EXIGENT CIRCUMSTANCES JUSTIFY THE *EX PARTE* APPLICATION ................................................................................................ 1

II.   LEGAL STANDARD ........................................................................................ 2

III.   ARGUMENT ................................................................................................... 3

1.   Good Cause Exists to Extend the Scheduling Order ............................... 3

2.   Plaintiff's Diligent Discovery Efforts Warrant the Requested Relief ..... 4

3.   Defendant's Deposition Limitations and Delays Warrant Additional Deposition Time to Fairly Examine Defendant's Corporate Designee on the Originally Identified Topics ................................................................. 5

4.   Defendant's Failure to Make a Reasonable Inquiry Into the Existence and Availability of Relevant Documents Which Have Not Yet Been Produced Is Impacting the Current Scheduling Order ............................... 8

5.   Defendant Will Not Be Prejudiced By a Sixty-Day Extension of the Scheduling Order ....................................................................................... 9

6.   A Sixty-Day Extension of Court Scheduled Deadlines Will Serve the Interest of Justice ..................................................................................... 11

IV.   CONCLUSION .............................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page No.**

*Avila v. Willits Envtl. Remediation Trust*,
   633 F.3d 828, 833 (9th Cir. 2011) ............................................................... 3

*Henderson v. United Student Aid Funds, Inc.*,
   No. 13cv1845-L (BLM), 2014 U.S. Dist. LEXIS 131209
   (S.D. Cal. Sep. 17, 2014) ................................................................... 4, 7, 9

*Hunt v. Cty. of Orange*,
   672 F.3d 606 (9th Cir. 2012) ...................................................................... 3

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ...................................................................... 2

*Lavin v. United Technologies Corp.*,
   2:13-CV-09384-CAS, 2014 WL 4402244
   (C.D. Cal. Sept. 5, 2014) .......................................................................... 11

*Mireles v. Paragon Sys.*,
   2014 U.S. Dist. LEXIS 17230, 2014 WL 575713
   (S.D. Cal. Feb. 11, 2014) ......................................................................... 4, 7

*Primerica Life Ins. Co. v. Rodriguez*,
   No. CV 11-7074 CAS PLAX, 2012 U.S. Dist. LEXIS 35462
   (C.D. Cal. Mar. 14, 2012) .......................................................................... 9

*Saunders v. Knight*,
   No. CV F 04-5924 AWI LJO, 2007 U.S. Dist. LEXIS 3387,
   2007 WL 38000 (E.D. Cal. Jan 4, 2007) ...................................................... 5

*Soto v. Cty. of Sacramento*,
   No. 2:19-cv-00910, 2021 U.S. Dist. LEXIS 110236
   (E.D. Cal. June 9, 2021) ................................................................... 4, 7, 9, 10

*United States v. First Nat. Bank of Circle*,
   652 F.2d 882 (9th Cir. 1981) ..................................................................... 11

*Woodard v. City of Menlo Park*,
   No. C 09-3331-SBA, 2012 Lexis 80730 2012 WL 2119278
   (N.D. Cal. June 11, 2012) ......................................................................... 10

Malk & Pogo Law Group, LLP   |   1241 S. Glendale Ave. Suite 204   |   Glendale, CA 91205

**Rules**

Fed. R. Civ. P. 16 (b)(4) ........................................................................................ 2

Fed R. Civ. P. 6 (b)(1)(B) …………………………………………………...3

Fed. R. Civ. P. 30 (d)(1) …………………………………………...………..5

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

MEMORANDUM OF P&A ISO *EX PARTE* APPLICATION RE PLAINTIFF'S FIRST REQUEST TO AMEND THE SCHEDULING ORDER

## I.     **EXIGENT CIRCUMSTANCES JUSTIFY THE *EX PARTE* APPLICATION**

Plaintiff brings this request to modify the Court's Scheduling Order via *ex parte* application in order to obtain a ruling in advance of the currently scheduled non-expert discovery cutoff and related class certification deadlines. The close of non-expert discovery is presently set for March 6, 2026. ECF No. 37.

Plaintiff has diligently pursued discovery since the outset of this case, timely serving written discovery, noticing multiple Rule 30(b)(6) depositions, and working to move discovery forward within the Court's deadline. Despite these efforts, the realities surrounding corporate discovery — including issues related to the preparation and availability of Defendant's corporate designee — have made completion of discovery within the current schedule impracticable. Although Plaintiff timely noticed Defendant's Rule 30(b)(6) deposition, Defendant did not produce its corporate designee until nearly ***four months later***, and the witness was not adequately prepared to testify on numerous noticed topics. During the deposition, the witness repeatedly deferred to members of a different department on key issues, including ***product formulation, the basis for the challenged representation, and the manual override of citric acid in Defendant's internal systems***.

Defendant further imposed strict time limitations that prevented Plaintiff from completing a fair examination of the designee, limiting the deposition to ***less than four hours of live testimony***. As a result, Plaintiff has noticed a continued Rule 30(b)(6) deposition with the expectation that Defendant will produce a properly prepared designee, including a representative from the product development team.

In addition, during the Rule 30(b)(6) deposition, Plaintiff learned for the first time of email communications between Defendant and its manufacturers concerning citric acid—communications directly relevant to Plaintiff's claims. These documents were not included in Defendant's prior discovery production. Although Plaintiff

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

1

MEMORANDUM OF P&A ISO *EX PARTE* APPLICATION RE PLAINTIFF'S FIRST REQUEST TO AMEND THE SCHEDULING ORDER

formally requested their production on the record during the deposition, they still remain outstanding.

Currently, there are two depositions scheduled: (1) the continued Rule 30(b)(6) deposition of Defendant, and (2) the deposition of a manufacturer of one of the four products at issue. These depositions are likely to reveal additional discoverable materials requiring follow-up discovery. The current March 6, 2026 non-expert discovery deadline does not provide sufficient time to complete this discovery, obtain responsive documents, and meaningfully analyze the testimony.

Defendant has not identified (and cannot identify) any prejudice that would result from a sixty-day extension. Instead, the requested extension will ensure that discovery is completed fairly and that this matter proceeds on a complete factual record.

Plaintiff notified Defendant on February 11, 2026 of his intent to seek modification of the Scheduling Order. Defendant advised that it would oppose the request. On February 18, 2026, Plaintiff's counsel informed defense counsel of his intent to file this request via *ex parte* application.

For these reasons, and as set forth more fully below, Plaintiff respectfully requests that the Court extend the Scheduling Order by sixty (60) days to allow completion of critical discovery that is already underway but cannot reasonably be concluded before the current deadline

## II.    LEGAL STANDARD

Once a scheduling order has been issued, Rule 16 allows "[a] schedule [to] be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). When the motion to extend time is made after time has expired, the Court must also consider excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B). "District courts have 'broad discretion to manage discovery and to control the course of

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

MEMORANDUM OF P&A ISO *EX PARTE* APPLICATION RE PLAINTIFF'S FIRST REQUEST TO AMEND THE SCHEDULING ORDER

litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

## III.   <u>ARGUMENT</u>

### 1.   <u>Good Cause Exists to Extend the Scheduling Order</u>

The proposed modification of the current Scheduling Order by sixty (60) days is necessary to allow Plaintiff to: (A) complete and, if necessary, re-take the Rule 30(b)(6) deposition of Defendant with a properly prepared corporate designee. The prior deposition could not be fully completed due to strict time limitations and because Defendant produced a witness who was not adequately prepared on numerous noticed topics; (B) depose Defendant's manufacturer, whose testimony is directly relevant to Defendant's knowledge, communications, and conduct concerning citric acid and its sourcing methods and origins; (C) obtain and, if necessary, move to compel production of documents identified during the corporate depositions but not yet produced, including email correspondence between Defendant and its manufacturers that Plaintiff first learned existed during the Rule 30(b)(6) testimony; and (D) allow sufficient time to analyze the testimony and documents obtained from the remaining depositions and to pursue any additional narrowly tailored discovery necessitated by information revealed during those depositions.

Plaintiff also believes that it is possible that in covering the remaining topics with Defendant's Rule 30(b)(6) deponent, the parties are highly likely to discover additional documents that Defendant has not yet searched and produced. Furthermore, even if Plaintiff obtains the necessary documents from Defendant, Plaintiff will need time to analyze the documents and provide the relevant documents to the appropriate experts in preparation for class certification. With the current timeline this is simply not realistic to accomplish.

Plaintiff's diligent efforts in seeking discovery from Defendant and inability to obtain the necessary documents timely, depict good cause for Plaintiff's request for

MEMORANDUM OF P&A ISO *EX PARTE* APPLICATION RE PLAINTIFF'S FIRST REQUEST TO AMEND THE SCHEDULING ORDER

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

modification. *See e.g. Soto v. Cty. of Sacramento*, No. 2:19-cv-00910, 2021 U.S. Dist. LEXIS 110236, at \*14 (E.D. Cal. June 9, 2021) (finding that plaintiffs were diligent in pursuit of discovery which justified their request to reopen the discovery); *Henderson v. United Student Aid Funds, Inc*., No. 13cv1845-L (BLM), 2014 U.S. Dist. LEXIS 131209, at \*16 (S.D. Cal. Sep. 17, 2014) (extension was warranted despite court's noting that plaintiff "could have conducted discovery in a more accelerated manner" since the efforts by plaintiff were "not unreasonable."); *Mireles v. Paragon Sys.,* 2014 U.S. Dist. LEXIS 17230, 2014 WL 575713, at \*3 (S.D. Cal. Feb. 11, 2014) (modification was warranted because plaintiff diligently engaged in conducting discovery).

Therefore, Plaintiff's request for modification of the scheduling order should be granted.

### 2.  **Plaintiff's Diligent Discovery Efforts Warrant the Requested Relief**

Plaintiff has actively litigated this case and pursued discovery well in advance of deadlines. Plaintiff served its First Set of Requests for Admission, Requests for Production, and Interrogatories on May 5, 2025. Declaration of Valter Malkhasyan ("VM Decl.") ¶ 2. Defendant served incomplete responses on July 9th. ***Responses to Plaintiff's first set of requests still remain incomplete***. *Id.* at ¶ 3.

After reviewing Defendant's initial responses, Plaintiff then noticed Defendant's deposition pursuant to Rule 30(b)(6) on July 28, 2025. Defendant did not produce a witness until almost four months after. *Id.* at ¶¶ 4-7.

Thereafter, Plaintiff served additional Rule 30(b)(6) notices directed to Defendant's product manufacturers. While one manufacturer's deposition has been completed, Defendant has not confirmed a date for the second manufacturer's deposition.

Despite these diligent efforts, the timing of Defendant's corporate witness availability and the unilateral limitations imposed on deposition duration have significantly constrained Plaintiff's ability to complete a fair and thorough

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

4

MEMORANDUM OF P&A ISO *EX PARTE* APPLICATION RE PLAINTIFF'S FIRST REQUEST TO AMEND THE SCHEDULING ORDER

examination within the current schedule. The record reflects consistent and ongoing diligence. Plaintiff did not wait until the eve of discovery cutoff to initiate depositions or written discovery. Instead, Plaintiff has been actively and continuously pursuing discovery for months.

Accordingly, the requested extension is not the result of delay or inaction by Plaintiff, but rather the practical realities of completing necessary discovery under the present circumstances.

**3. Defendant's Deposition Limitations and Delays Warrant Additional Deposition Time to Fairly Examine Defendant's Corporate Designee on the Originally Identified Topics**

Plaintiff noticed Defendant's Rule 30(b)(6) deposition on July 28, 2025. Defendant initially agreed to produce its corporate designee on October 1st, but later cancelled that deposition. VM Decl. ¶ 7. The deposition ultimately proceeded ***four*** months after service of the notice. *Id.* at ¶ 8. When it did, Defendant imposed a rigid time limitation, setting a hard stop that shifted from 2:00 p.m., to 1:45 p.m., and ultimately to 1:15 p.m. *Id.* As a result, the live deposition testimony was ***less than four hours***. *Id.*

This case involves a false advertising class action involving records over a four-year period. Typical depositions of the corporate designees in these types of cases generally take <u>at a minimum</u> 3 days to complete a fair examination of the corporate entity (averaging approximately 3-5 days). In fact, Federal Rule 30(d)(1) expressly allows additional time to depose a witness if such time is needed to fairly examine a deponent. Fed. Rules of Civ. Proc. 30(d)(1); *Saunders v. Knight*, No. CV F 04-5924 AWI LJO, 2007 U.S. Dist. LEXIS 3387, 2007 WL 38000, at *3 (E.D. Cal. Jan 4, 2007) (granting up to 16 hours over two days for a deposition where needed for a fair examination of the deponent). As such, less than four hours of live testimony is insufficient to examine the numerous noticed topics, particularly in light of the scope of issues involved in this case.

MEMORANDUM OF P&A ISO *EX PARTE* APPLICATION RE PLAINTIFF'S FIRST REQUEST TO AMEND THE SCHEDULING ORDER

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

More significantly, Defendant produced a corporate designee who was not adequately prepared on several key topics. During the deposition, the witness repeatedly deferred to members of Defendant's "product development" team regarding formulation decisions and communications with manufacturers. VM Decl. ¶ 10, Deposition Transcript of Courtney Jacobson ("Jacobson Depo."), Exhibit 3, 41:24-43:4 (deferring to the product development team when asked about Defendant's understanding of the Products' ingredients and the requirements Target imposes for those Products); 60:9-16 (confirming product development team is in charge of determining which ingredients are allowed or not); 71:15-72:6 (deferring to product development team when asked about *verifying the accuracy of label representations*); 74:13-18 and 74:25-75:9 (confirming the product development is responsible for *defining claims and setting brand standards*); 109:7-110:10 (deferring to product development team when asked about the *manual override of citric acid flag within Defendant's system*). The designee even admitted a lack of knowledge concerning basic formulation details, including the quantity of each ingredient in the Products. VM Decl. ¶ 11, Exhibit 4, Jacobson Depo. 88:7-16 (**Q**: "But Target does not know the quantity of each ingredient? **A**: Target knows the order of predominance. **Q**: But Target does not know the percentage – the quantity of each ingredient? **A**: Correct."); 86:9-19 (**Q**: "So your testimony is that other than the order of predominance, Target has no knowledge as to the quantity of each ingredient being in the product. They just know that this one is more than this one, but it doesn't know how much? **A**: I am saying that I do not know the exact percentage. **Q**: Who would know? **A**: The vendor.").

A corporation is obligated to prepare its Rule 30(b)(6) designee to testify fully and non-evasively on the noticed topics. The designee's inability to answer questions about key topics, including label accuracy, label verification, product formulation and manufacturer communications demonstrates that additional testimony from a properly prepared witness is necessary. Plaintiff has therefore noticed a continued

6

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

Rule 30(b)(6) deposition, currently scheduled for February 24, 2026, with the expectation that Defendant will produce a properly prepared representative, including, someone from the product development team.[1] However, it is entirely possible that depending on the second deponent's knowledge, and the parties' ability to address all the necessary remaining topics/issues that have not yet been discussed, an additional Rule 30(b)(6) deposition will likely to be necessary.

Additionally, Plaintiff must depose the manufacturer of one of the products at issue, whose testimony is expected to shed further light on communications, testing, formulation decisions, and potential sources of relevant documents not previously identified. It is highly likely that these depositions will identify additional documents that have not yet been searched for or produced.

The March 6 fact discovery cutoff does not provide sufficient time to meaningfully review and analyze the testimony and corresponding documents produced in connection with those depositions. Even if Defendant produces the outstanding email correspondence prior to the deadline, Plaintiff will require additional time to evaluate the materials, determine whether Defendant's production is complete, assess whether motion practice is necessary to compel further responses, and pursue any narrowly tailored follow-up discovery warranted by the newly obtained evidence.

Plaintiff's inability to complete these tasks before the deadline is not due to lack of diligence, but rather to the timing of Defendant's witness availability, imposed deposition limitations, and newly revealed but unproduced documents. Courts routinely find good cause where a party has diligently pursued discovery but requires additional time due to delayed production or newly discovered information. See, e.g., *Soto v. Cty. of Sacramento*, 2021 U.S. Dist. LEXIS 110236, at *14 (E.D. Cal. June 9, 2021); *Henderson v. United Student Aid Funds, Inc.*, 2014 U.S. Dist. LEXIS 131209,

---

[1] Defendant has not confirmed whether the witness produced will be product development team.

MEMORANDUM OF P&A ISO *EX PARTE* APPLICATION RE PLAINTIFF'S FIRST REQUEST TO AMEND THE SCHEDULING ORDER

at *16 (S.D. Cal. Sept. 17, 2014); *Mireles v. Paragon Sys.*, 2014 WL 575713, at *3 (S.D. Cal. Feb. 11, 2014).

A sixty-day extension will allow Plaintiff to complete the corporate deposition in a meaningful manner, depose the manufacturer, address outstanding document issues, and avoid unnecessary or piecemeal discovery disputes, ensuring that this matter proceeds on a complete factual record.

### 4. **Defendant's Failure to Make a Reasonable Inquiry Into the Existence and Availability of Relevant Documents Which Have Not Yet Been Produced Is Impacting the Current Scheduling Order**

In addition to the incomplete corporate testimony, Defendant's document production reflects that it has not conducted a reasonable and comprehensive inquiry into the existence and availability of responsive documents.

During Defendant's Rule 30(b)(6) deposition, Plaintiff learned for the first time that Defendant engaged in email communications with its manufacturers concerning citric acid. VM Decl. ¶ 12, Exhibit 5, Jacobson Depo. 55:2-25 (confirming deponent emailed manufacturer to confirm the basis of including citric acid). These communications go to the heart of Plaintiff's claims, including Defendant's basis for the challenged claim, formulation decisions, and interactions with its manufacturers. Although Plaintiff formally requested these communications on the record, they have not yet been produced. *Id*.

The fact that these emails were disclosed for the first time during sworn testimony (rather than through Defendant's prior document production ) demonstrates that Defendant's search and production were incomplete. The corporate designee's testimony revealed categories of relevant documents that had neither been identified nor produced. This strongly suggests that additional responsive materials may exist and have not yet been located or searched.

Accordingly, Plaintiff reasonably believes that further relevant communications—particularly between Defendant, its product development team,

8

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

and its manufacturers—remain outstanding. Plaintiff cannot meaningfully evaluate the completeness of Defendant's production until the continued Rule 30(b)(6) deposition is completed with a properly prepared witness and the communications identified during prior testimony are produced.

If additional documents are produced shortly before the February 24 continued deposition or near the March 6 deadline, Plaintiff will not have sufficient time to review those materials, prepare for examination, or determine whether further follow-up discovery or motion practice is necessary. In that circumstance, Plaintiff may be required to seek limited additional deposition time solely to address late-produced materials—an outcome that could be avoided with a modest extension of the schedule. Federal Rule of Civil Procedure 30(d)(1) expressly allows additional time if needed to fairly examine the deponent where newly revealed documents or incomplete productions affect the flow of deposition.

Accordingly, modification of the Scheduling Order is necessary to allow Plaintiff to obtain, review, and, if necessary, move to compel production of outstanding documents, complete the corporate deposition, and conduct follow-up discovery based on information revealed during sworn testimony. A sixty-day extension will allow the parties to resolve these issues in an orderly manner and avoid unnecessary discovery disputes or piecemeal motion practice.

### 5. <u>Defendant Will Not Be Prejudiced By a Sixty-Day Extension of the Scheduling Order</u>

In evaluating good cause, courts primarily consider the diligence of the moving party and may also consider the existence or degree of prejudice to the party opposing the modification. *Soto v. Cty. of Sacramento*, No. 2:19-cv-00910, 2021 U.S. Dist. LEXIS 110236, at *10 (E.D. Cal. June 9, 2021) (finding that non-moving party was not unduly prejudiced despite plaintiff's request to re-open discovery after the discovery had been closed); *Henderson v. United Student Aid Funds, Inc.*, No. 13cv1845-L (BLM), 2014 U.S. Dist. LEXIS 131209, at *6 (S.D. Cal. Sep. 17, 2014)

9

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

(granting plaintiff's motion to modify discovery schedule and extend class certification deadline even where a party could have conducted discovery in more accelerated manner). Lack of prejudice to the non-moving party may serve as a sufficient basis for modification. *See Primerica Life Ins. Co. v. Rodriguez*, No. CV 11-7074 CAS PLAX, 2012 U.S. Dist. LEXIS 35462, at *4 (C.D. Cal. Mar. 14, 2012) (finding that a motion to amend the scheduling order to permit the moving party to amend her cross-complaint was appropriate despite a non-moving party's opposition to the motion, because the non-moving party's concern that interpleading an additional party would result in a decreased potential award did not constitute prejudice).

Here, there is no undue prejudice to Defendant in modifying the Scheduling Order. In fact, it is unclear if Defendant can produce the correct corporate deponent as Defendant has still not confirmed whether their February 24th deposition will be of someone from the Product Development Team. Furthermore, since Defendant delayed production of the correct deponent, did not produce the email correspondence and imposed severe timing limitations during the first deposition, any potential prejudice to Defendant is self-imposed.

Additionally, since Plaintiff is seeking extension of the discovery deadlines in advance of the currently set scheduling, Defendant is not entitled to a presumption of prejudice, and thus, must provide specific argument showing how the requested extension would prejudice Defendant. *See e.g. Soto,* 2021 U.S. Dist. LEXIS 110236, at *10 (holding that a rebuttable presumption of prejudice exists if a party moves the court to reopen discovery after the deadline have passed, and yet finding that defendant's arguments regarding this presumption were not persuasive since no actual showing of prejudice was depicted); *see also Woodard v. City of Menlo Park,* No. C 09-3331-SBA, 2012 Lexis 80730 2012 WL 2119278, *2 (N.D. Cal. June 11, 2012) ("Further, while the Court recognizes that Defendant will incur increased litigation costs as a result of granting Plaintiff's request to modify the Scheduling Order, any

10

MEMORANDUM OF P&A ISO *EX PARTE* APPLICATION RE PLAINTIFF'S FIRST REQUEST TO AMEND THE SCHEDULING ORDER

prejudice suffered by Defendant in this regard is substantially outweighed by Plaintiff's need to engage in discovery to adequately prepare for trial.")

Here, considering the circumstances of this case, Plaintiff's diligent discovery efforts and lack of prejudice to Defendant, Plaintiff's request should be granted.

**6. A Sixty-Day Extension of Court Scheduled Deadlines Will Serve the Interest of Justice**

"When refusal to allow modification might result in injustice, while allowing the modification would cause no substantial injury to the opponent and no more than slight inconvenience to the court, modification should be allowed." *Lavin v. United Technologies Corp.*, 2:13-CV-09384-CAS, 2014 WL 4402244 (C.D. Cal. Sept. 5, 2014) (*citing United States v. First Nat. Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981)).

Here, Plaintiff has been actively litigating this case and attempted to meet the establish deadlines, including promptly serving discovery requests, timely and extensively conferring regarding missing discovery, and actively conferring with Defendant regarding missing documents. To date, Plaintiff continues his active efforts to obtain discovery. Plaintiff's inability to obtain the necessary discovery would result in great injustice and is highly likely to impede Plaintiff's ability to adequately prepare for the anticipated class certification motion. Plaintiff understands that the requested extension would further delay this matter, which Plaintiff was actively attempting to avoid. Therefore, the Court's denial of Plaintiff's request is highly likely to result in injustice to the party who has been extremely proactive in their discovery efforts.

## IV. CONCLUSION

Plaintiff respectfully requests this Court to extend the scheduling order deadlines by sixty (60) days, for Plaintiff to be able to conduct discovery because: (a) good cause exists in this case because Plaintiff must have requisite information and data to adequately prepare for class certification; (b) Defendant's suboptimal and

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

MEMORANDUM OF P&A ISO *EX PARTE* APPLICATION RE PLAINTIFF'S FIRST REQUEST TO AMEND THE SCHEDULING ORDER

inadequate document production has presented unanticipated delays of this case; (c) there is no prejudice to Defendants if extension is granted; and (d) the extension of the scheduling order deadlines will serve the interest of justice.

Respectfully submitted,

Dated: February 19, 2026

**MALK & POGO LAW GROUP**

By: */s/ Valter Malkhasyan*
    Valter Malkhasyan, Esq.
    Erik Pogosyan, Esq.

*Counsel for Plaintiff and the proposed class*

MEMORANDUM OF P&A ISO *EX PARTE* APPLICATION RE PLAINTIFF'S FIRST REQUEST TO AMEND THE SCHEDULING ORDER

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205