**MALK & POGO LAW GROUP, LLP**
Valter Malkhasyan (SBN 348491)
*valter@malkpogolaw.com*
Erik Pogosyan (SBN 345650)
*erik@malkpogolaw.com*
1241 S. Glendale Ave., Suite 204
Glendale, CA 91205
Tel: (818) 484-5204
Fax: (818) 824-5144

*Counsel for Plaintiff Vigen Tovmasyan and the proposed class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIGEN TOVMASYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a corporation, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:25-CV-02314-MRA-KS<br><br>**DECLARATION OF VALTER MALKHASYAN  IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION RE PLAINTIFF'S FIRST REQUEST TO AMEND THE SCHEDULING ORDER**<br><br>Hon. Monica R. Almadani |

I, Valter Malkhasyan, hereby declare as follows:

1.    I am an attorney at Malk & Pogo Law Group, LLP and counsel of record for Plaintiff Vigen Tovmasyan ("Plaintiff"). I am licensed to practice in the State of California, and I am a member in good standing of the State Bar of California. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.  I make this declaration in support of Plaintiff's Ex Parte Application Plaintiff's First Request to Amend the Scheduling Order.

2.    On May 5, 2025, Plaintiff served Defendant with its First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission (collectively, the "Requests"). The Requests sought, among other things, documents and information concerning product formulation, marketing of the Products, the decision-making process underlying the "No Artificial Flavors, Preservatives or Synthetic Colors" representation, the basis for that representation, and communications concerning the inclusion of citric acid in the Products despite the front-label representation.

3.    On July 9, 2025, Defendant served written responses to Plaintiff's Requests for Production of Documents but did not produce any responsive documents at that time. [Attached hereto as **Exhibit 1** is a true and correct copy of Defendant's July 9, 2025 Responses to Plaintiff's Requests for Production of Documents.] Defendant's responses to Plaintiff's first set of written discovery remain incomplete.

4.    On July 28, 2025, Plaintiff served a Notice of Deposition of Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6), setting the deposition for October 1, 2025. The notice identified numerous topics, including product formulation, labeling decisions, communications with manufacturers, and Defendant's knowledge concerning citric acid.

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

1

DECLARATION OF VALTER MALKHASYAN

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

5. In response, Defendant initially indicated that it would be unable to produce a corporate designee prepared to testify on a majority of the noticed topics, asserting that certain information was known only by the manufacturers of the Products.

6. On September 30, 2025, I sent defense counsel a meet-and-confer letter explaining the relevance of the noticed topics and Defendant's obligation under Rule 30(b)(6) to prepare a knowledgeable designee. The letter explained that Defendant, as the owner of the Good & Gather brand, oversees and approves product specifications, formula changes, quality standards, and labeling claims, and therefore cannot avoid its Rule 30(b)(6) obligations by deferring to third-party manufacturers. [Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiff's meet and confer letter.]

7. Following that correspondence, defense counsel agreed to proceed with the noticed deposition. However, Defendant later cancelled the originally scheduled October 1, 2025 deposition and provided alternative dates in December 2025.

8. When the deposition ultimately proceeded nearly ***four months later*** on December 3, 2025, Defendant imposed a rigid time limitation, setting a hard stop that shifted from 2:00 p.m., to 1:45 p.m., and ultimately to 1:15 p.m. As a result, the deposition lasted ***less than four hours of live testimony***.

9. During the deposition, Defendant produced a corporate designee who was not adequately prepared on several key topics. The witness repeatedly deferred to members of Defendant's "product development" team regarding formulation decisions, label verification, communications with manufacturers, and the manual override of citric acid within Defendant's internal systems. [Attached hereto as **Exhibit 3** are true and correct copy of excerpts from the Deposition of Courtney Jacobson].

10. For example the witness confirmed that the:

i. product development team works with vendors to understand ingredients, requirements of the products and whether Target has achieved project plan. *Id*. at 41:24-43:4.

ii. product development determines which ingredients are allowed or not allowed. *Id*. at 60:9-16.

iii. product development team is responsible for verifying the accuracy of label representations. *Id*. at 71:15-72:6.

iv. product development team defines the challenged claims and sets brand standards. *Id*. at 74:13-18, 74:25–75:9.

v. product development team is in charge of verifying information from specification sheet matches samples provided by vendor. *Id*. at 78:9-25.

vi. the product development team manually overrides the citric acid flag within Defendant's system. *Id*. at 109:7–110:10.

11. The designee further admitted a lack of knowledge regarding basic formulation details, including the quantity or percentage of ingredients in the Products. Attached hereto as **Exhibit 4** are true and correct copy of excerpts from the Deposition of Courtney Jacobson at 86:9–19 ("**Q**: But Target does not know the quantity of each ingredient? A: Target knows the order of predominance. Q: But Target does not know the percentage – the quantity of each ingredient? A: Correct."); *Id*. at 88:7–16. ("Q: So your testimony is that other than the order of predominance, Target has no knowledge as to the quantity of each ingredient being in the product…? A: I am saying that I do not know the exact percentage. Q: Who would know? A: The vendor.").

12. During the Rule 30(b)(6) deposition, Plaintiff also learned for the first time that Defendant engaged in email communications with its manufacturers concerning citric acid. Attached hereto as **Exhibit 5** are true and correct copy of excerpts from the Deposition of Courtney Jacobson, 55:2-25. These communications

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

DECLARATION OF VALTER MALKHASYAN

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

are directly relevant to Defendant's knowledge and decision-making. Although Plaintiff formally requested production of these communications on the record during the deposition, Defendant has not produced them to date.

13.   Plaintiff has since noticed a continued Rule 30(b)(6) deposition, currently scheduled for February 24, 2026, with the expectation that Defendant will produce a properly prepared designee, from the product development team.

**Parties' Meet and Confer Efforts Regarding Scheduling Order**

14.   Plaintiff's Counsel notified Defendant of his intent to request a modification of the scheduling order on February 11, 2026 given that the current scheduling order does not allow Plaintiff the opportunity to conduct essential discovery.

15.   On February 13, 2026, I sent Defense counsel a joint stipulation to amend the scheduling order to allow both parties adequate time to complete discovery following the two upcoming depositions and also ongoing meet and confer discussions regarding pending discovery.

16.   On February 16, 2026, Defense counsel indicated that they will **oppose** any extension and disagree that good cause exists.

17.   On February 18, 2025, I notified Defense Counsel (Allison Regan) that Plaintiff will be seeking this modification via an *ex parte* request, which means that an opposition needs to be filed within one business day after the *ex parte* request is filed.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on February 19, 2025, in Los Angeles, California.

DECLARATION OF VALTER MALKHASYAN

Dated: February 19, 2026

**MALK & POGO LAW GROUP**

By: */s/ Valter Malkhasyan*
    Valter Malkhasyan, Esq.
    Erik Pogosyan, Esq.

*Counsel for Plaintiff and the proposed Class*

Malk & Pogo Law Group, LLP  |  1241 S. Glendale Ave. Suite 204  |  Glendale, CA 91205

5

DECLARATION OF VALTER MALKHASYAN