# EXHIBIT 1 – DEFENDANT'S JULY 9, 2025 RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

Daniel Lammie (Bar No. 345838)
HAYNES AND BOONE, LLP
112 East Pecan Street, Suite 2400
San Antonio, TX 78205
Telephone: (210) 978-7000
Facsimile: (210) 978-7450
Daniel.lammie@haynesboone.com

Letitia Johnson-Smith (Bar No. 355642)
HAYNES AND BOONE, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001
Letitia.johnson-smith@haynesboone.com

Brent R. Owen (Bar No. 45068)
HAYNES AND BOONE, LLP
675 15th Street, Suite 2200
Denver, CO 80202
T: (303) 382-6200
F: (303) 382-6210
Brent.owen@haynesboone.com
**[PRO HAC VICE]**

Attorneys for Defendant
TARGET CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIGEN TOVMASYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a corporation, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-02314-MRA-KS<br><br>Assigned to District Judge:<br>Hon. Monica Ramirez Almadani<br><br>**DEFENDANT TARGET CORPORATION'S RESPONSES TO PLAINTIFF VIGEN TOVMASYAN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |

**PROPOUNDING PARTY:**   **PLAINTIFF VIGEN TOVMASYAN**

**RESPONDING PARTY:**    **DEFENDANT TARGET CORPORATION**

**SET NO.:**             **ONE**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Target Corporation ("Target" or "Responding Party") hereby responds to Plaintiff Vigen Tovmasyan's ("Tovmasyan" or "Propounding Party") Request for Production of Documents, Set One as follows:

### GENERAL OBJECTIONS AND QUALIFICATIONS

1. Responding Party objects to each of these Requests to the extent they call for documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense/common interest doctrine, the confidentiality/privilege over settlement communications/discussions or any other applicable privilege or immunity and refuses to produce such documents.

2. Responding Party objects to the Requests to the extent that they seek confidential or proprietary business information or trade secrets, particularly given the lack of a protective order in this matter.  Responding Party will provide such information and produce documents generally only after the issuance of, and subject to, such a protective order.

3. Responding Party objects to the Requests to the extent that they seek documents protected by a right of privacy.

4. Responding Party objects to the Requests to the extent that they include requirements beyond those of the FRCP, C.D. Cal. Local Rules, or the Rules of this Court.

5. Responding Party objects to these interrogatories as exceeding the scope of permissible discovery pursuant to FRCP 26(b)(1) as not proportional to the needs of this case and thus the burden or expense of the requested discovery outweighs the benefit.

/ / /

- 1 -

6.     Responding Party objects to the definition of "YOU" and "YOUR" as vague, ambiguous, and overbroad.  Responding Party responds to these Requests solely on behalf of Defendant Target.

7.     Responding Party has not yet completed discovery or investigation of the events and transactions underlying these proceedings.  Responding Party provides the following responses based on its investigation to date without prejudice to its right to use, as evidence or otherwise, any information or documentation inadvertently omitted, not yet known to, or not yet ascertained, discovered, identified, located, or confirmed by Responding Party in responding to these Requests.

8.     Responding Party conducted a reasonable and diligent search of the sources reasonably available to it and counsel for the information and documents requested based on its understanding of the Requests.  If Propounding Party subsequently asserts an interpretation of the Requests that differs from that of Responding Party, then Responding Party reserves the right to supplement its objections or responses, or both.

Subject to the foregoing General Objections and Qualifications, Responding Party responds as follows:

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS detailing the specific formulation of each PRODUCT, including lists or tables outlining each ingredient and its respective quantity, amount, or percentage within the PRODUCTS' formulations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information

- 2 -

requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that the scope of information requested is burdensome and overly broad.  The "specific formulation" for every ingredient for each Product is irrelevant to the claims and defenses in this case, which focus on a single ingredient, citric acid.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control.  Target will produce responsive documents on or before Friday August 15, 2025.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS identifying the suppliers of the PRODUCTS' ingredients during the CLASS PERIOD, including contracts, invoices, or correspondence with the suppliers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is burdensome and overly broad.  The "suppliers" for every ingredient for each Product is irrelevant to the claims and defenses in this case, which focus on a single ingredient, citric acid.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's

/ / /

possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control related to the identity of the manufacturers.  Target will produce responsive documents on or before Friday August 15, 2025.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS outlining the terms and conditions (such as a contract including all amendments, attachments, exhibits, schedules, or DOCUMENTS incorporated by reference) of relationships with third-parties responsible for sourcing or supplying the ingredients for and manufacturing of the PRODUCTS during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is burdensome and overly broad.  The "sourcing or supplying" for every ingredient for each Product is irrelevant to the claims and defenses in this case, which focus on a single ingredient, citric acid.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

/ / /

- 4 -

DEFENDANT TARGET CORPORATION'S RESPONSES TO PLAINTIFF VIGEN TOVMASYAN'S REQUEST FOR PRODUCITON OF DOCUMENTS, SET ONE
Case No.: 2:25-cv-02314-MRA-KS

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control related to the identity of the manufacturers. Target will produce responsive documents on or before Friday August 15, 2025. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS detailing the manufacturing process of the citric acid ingredient used in the PRODUCTS, including any steps taken to process or alter the ingredient from its naturally occurring state to its inclusion in the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control related to the identity of the manufacturers. Target will produce responsive documents on or before Friday August 15, 2025. Such documents and information will be produced as they are kept in the usual course of business.

- 5 -

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS indicating any proposed, rejected, or approved changes to the PRODUCTS' formulations, including internal memos, emails, meeting minutes, or other records discussing potential variations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that the scope of information requested is burdensome and overly broad. The "formulations" for every ingredient for each Product is irrelevant to the claims and defenses in this case, which focus on a single ingredient, citric acid. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control related to the identity of the manufacturers. Target will produce responsive documents on or before Friday August 15, 2025. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS related to policies, procedures, or practices governing the sourcing, supply, and manufacturing of the citric acid ingredient used in the PRODUCTS', including guidelines, written communications, or training materials.

- 6 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Target will produce responsive documents on or before Friday August 15, 2025.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS outlining the procedures or processes followed for sourcing, supplying, and manufacturing the citric acid ingredient used in the PRODUCTS, including process documents, flow charts, or standard operating procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further

- 7 -

objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Target will produce responsive documents on or before Friday August 15, 2025. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS detailing the costs associated with the citric acid ingredient used in the PRODUCTS, including invoices, receipts, or financial statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored

- 8 -

information within its custody and control subject to a Protective Order. Target will produce responsive documents on or before Friday August 15, 2025.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS concerning any studies, evaluations, or analyses conducted on any of the ingredients used in the PRODUCTS, including lab reports, study findings, or analytical reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. To the extent such documents exist, Target will produce responsive documents on or before Friday August 15, 2025.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that demonstrate how information related to the PRODUCTS' formulations is generated, maintained, stored, organized, or recorded,

including descriptions of electronic filing systems or directory trees for electronically stored information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that Plaintiff fails to define "electronic filing systems" and "directory trees" which are vague and ambiguous, requiring Target to speculate as to its meaning and scope. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects on the grounds that the Interrogatory seeks information neither relevant and proportional to the needs of this case, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. To the extent such documents exist, Target will produce responsive documents on or before Friday August 15, 2025. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS identifying the PERSONS or roles involved in the creation, approval, review, or supervision of CHALLENGED

/ / /

- 10 -

REPRESENTATION as used in the PRODUCTS' advertising, labeling, and packaging materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to the extent the Request seeks information, the disclosure of which could constitute an unwarranted invasion of the affected individuals' constitutional, statutory, and common law rights of privacy and confidentiality.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Target will produce responsive documents on or before Friday August 15, 2025. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 12:**

In the event the CHALLENGED REPRESENTATION has been discontinued, all DOCUMENTS detailing the timeline and reasons for discontinuing its use.

/ / /

/ / /

- 11 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects that the Request goes well beyond the claims and defenses at issue in this case. For instance, the "reason" Target changes use of information on the Products is not relevant to a claim or defense in this matter and compiling this irrelevant information is potentially very burdensome. Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Additionally, this request seeks information that is privileged or otherwise protected by work product or other applicable privileges.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Target will produce responsive documents on or before Friday August 15, 2025.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS pertaining to any guidelines, policies, procedures, or practices that guide the creation, review, approval, or modification of the CHALLENGED REPRESENTATION within the PRODUCTS' advertising, labeling, or packaging.

/ / /

- 12 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Target will produce responsive documents on or before Friday August 15, 2025. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 14:**

All instances of the PRODUCTS' advertisements, labels, and packaging materials that incorporate any form of the CHALLENGED REPRESENTATION during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or

/ / /

- 13 -

personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Target will produce responsive documents on or before Friday August 15, 2025.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS related to the decision-making process, discussions, and rationale for utilizing the CHALLENGED REPRESENTATION on the PRODUCTS' labeling and packaging.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects that the Request goes well beyond the claims and defenses at issue in this case. For instance, the "rationale" for Target using information on the Products is not relevant to a claim or defense in this matter and compiling this irrelevant information is potentially very burdensome.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

- 14 -

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Target will produce responsive documents on or before Friday August 15, 2025. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS relating to any alterations made to the CHALLENGED REPRESENTATION, as well as the timelines of their use within the PRODUCTS' advertising, labeling, and packaging.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Target will produce responsive documents on or before Friday August 15, 2025.  Such documents and information will be produced as they are kept in the usual course of business.

- 15 -

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that reveal YOUR interpretation of the CHALLENGED REPRESENTATION and the intended consumer interpretation of the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that "interpretation" is undefined, requiring Target to speculate as to the meaning and scope. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: Target is not in possession, custody, or control of any documents responsive to this request as the information does not exist.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS concerning the general consumer interpretation of the CHALLENGED REPRESENTATION, as well as their interpretation as it pertains to the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that "interpretation" is undefined, requiring Target to speculate as to the meaning and scope. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.

- 16 -

Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: Target is not in possession, custody, or control of any documents responsive to this request as the information does not exist.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS related to consumers' preferences or desires for the CHALLENGED REPRESENTATION within the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the phrase "consumers' preferences or desires" is undefined, requiring Target to speculate as to the meaning and scope. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: Target is not in possession, custody, or control of any documents responsive to this request as the information does not exist.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS, including written communications, that reference the terms and conditions (including contracts, amendments, attachments, exhibits, schedules, or incorporated documents) guiding a third party's creation, review, approval, or modification of the CHALLENGED REPRESENTATION in the PRODUCTS' advertising, labeling, and packaging.

///

- 17 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Target will produce responsive documents on or before Friday August 15, 2025.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that depict the method of generating, maintaining, storing, organizing, or recording information regarding the CHALLENGED REPRESENTATION, including any directory structures for electronically stored information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the

- 18 -

retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Target will produce responsive documents on or before Friday August 15, 2025.    Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS associated with any consumer studies conducted by YOU concerning the CHALLENGED REPRESENTATION used on the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal

- 19 -

knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Target will produce responsive documents on or before Friday August 15, 2025. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS related to any surveys YOU conducted pertaining to the CHALLENGED REPRESENTATION on the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

- 20 -

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Target will produce responsive documents on or before Friday August 15, 2025.   Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS related to any market research YOU conducted regarding the CHALLENGED REPRESENTATION on the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Target will produce responsive documents on or before Friday August 15, 2025. Such

- 21 -

documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS relating to any surveys YOU conducted regarding the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. To the extent they exist, Target will produce responsive documents on or before Friday August 15, 2025. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS relating to any market research YOU conducted regarding the PRODUCTS.

- 22 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. To the extent they exist, Target will produce responsive documents on or before Friday August 15, 2025. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS, including written communications, referring to any marketing research conducted by YOU or a third-party related to the use of CHALLENGED REPRESENTATION on PRODUCTS, including but not limited to surveys, focus groups, marketing studies or analyses, and related data and findings.

/ / /

/ / /

- 23 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. To the extent they exist, Target will produce responsive documents on or before Friday August 15, 2025. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS, including written communications, related to any marketing research conducted by YOU or a third-party concerning the purchasers of the PRODUCTS for personal use, including but not limited to consumer surveys, focus groups, marketing studies or analyses, and related data and findings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the

- 24 -

retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS, including written communications, that identify, discuss, describe, reference, or relate to the demographics of the PRODUCTS' purchasers, excluding commercial buyers of the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal

- 25 -

knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that illustrate how YOU generate, maintain, store, organize, and/or record information regarding marketing research for the PRODUCTS and/or the CHALLENGED REPRESENTATION for the PRODUCTS, including any directory structures for electronically stored information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the

- 26 -

attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS that pertain to any business analytic data for the PRODUCTS, specifically those evaluating the efficacy of advertising campaigns in reaching consumers and driving sales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored

- 27 -

information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS detailing the terms and conditions, such as contracts and associated documents, governing a third-party's involvement in market research and business analytics concerning the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

/ / /

/ / /

- 28 -

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS referencing any guidelines, policies, procedures, or practices related to marketing research and business analytics for the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS relating to advertisements for the PRODUCTS, including statements about or depictions of the PRODUCTS made in print, radio, television, movies, online, in person, or through any other means during the CLASS PERIOD.

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS relating to or otherwise consisting of drafts and iterations of the PRODUCTS' advertising, including any changes in advertising, mock-ups, blueprints, and schematics, substantiation of the advertising claims, budget, and analysis of the advertisement(s)' performance in generating consumer interest and sales, whether the draft or iteration was proposed, rejected, not ultimately used, or approved during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding.

- 30 -

Target further objects to this Request on the basis that it is a compound Request in the guise of a single Request. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS relating to or referring to any PERSON responsible for creating, approving, reviewing, or overseeing the advertising of the PRODUCT, including names, positions, email addresses, and telephone numbers, during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege,

- 31 -

the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.  Target further objects to this Request to the extent it seeks information, the disclosure of which could constitute an unwarranted invasion of the affected individuals' constitutional, statutory, and common law rights of privacy and confidentiality.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS identifying the terms and conditions (such as a contract including all amendments, attachments, exhibits, schedules or DOCUMENTS incorporated by reference) governing a third-party's advertising of the PRODUCTS during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

/ / /

- 32 -

DEFENDANT TARGET CORPORATION'S RESPONSES TO PLAINTIFF VIGEN TOVMASYAN'S REQUEST FOR PRODUCITON OF DOCUMENTS, SET ONE
Case No.: 2:25-cv-02314-MRA-KS

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS relating to, or referring to, any guidelines, policies, procedures, or practices governing the advertising of the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

- 33 -

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS, including written communications, that identify, discuss, describe, reference, relate to, or refer to the terms and conditions, such as contracts and associated materials, governing a third-party's involvement in the design, review, production, validation, budgeting, and performance analysis of the PRODUCTS' advertising.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS that reflect how YOU generate, maintain, store, organize, and/or record information regarding the PRODUCTS' advertising, including but

- 34 -

not limited to, advertising, validation of advertising claims, budgeting, and performance analysis in generating consumer interest and sales, as well as any directory structures for electronically stored information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that it is a compound Request in the guise of a single Request. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS relating to, or otherwise consisting of, the PRODUCTS' labeling and packaging during the CLASS PERIOD.

///

///

- 35 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS relating to, or otherwise consisting of, drafts and iterations of the PRODUCTS' labeling and packaging, including any changes in the labeling and packaging and reasons therefore, mock-ups, blueprints and schematics, substantiation of the labeling/packaging claims, budget, and analysis of the labels and packaging performance in generating consumer interest and sales, whether the draft or iteration was proposed, rejected, not ultimately used, or approved during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the

- 36 -

retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that it is a compound Request in the guise of a single Request. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS relating to any PERSON responsible for creating, approving, reviewing, or overseeing the labeling and packaging of the PRODUCTS, including names, positions, email addresses, and telephone numbers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that it is a compound Request in the guise of a single Request. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession,

- 37 -

custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.  Target further objects to this Request to the extent it seeks information, the disclosure of which could constitute an unwarranted invasion of the affected individuals' constitutional, statutory, and common law rights of privacy and confidentiality.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS relating to, or referring to, the terms and conditions (such as a contract including all amendments, attachments, exhibits, schedules or DOCUMENTS incorporated by reference) governing a third-party's labeling and packaging for the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests

confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS relating to any guidelines, policies, procedures, or practices governing the labeling and packaging for the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic

- 39 -

copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS concerning any changes to the labeling and packaging of the PRODUCTS during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS identifying the reasons for any changes to the labeling and packaging of the PRODUCTS during the CLASS PERIOD.

/ / /

- 40 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS, identifying the number of units of the PRODUCTS sold in California on a daily, weekly, monthly, quarterly, and annual basis during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent

it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS, identifying the number of units and total revenue generated of the PRODUCTS sold in California on a daily, weekly, monthly, quarterly, and annual basis during the CLASS PERIOD, per retailer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

/ / /

/ / /

- 42 -

DEFENDANT TARGET CORPORATION'S RESPONSES TO PLAINTIFF VIGEN TOVMASYAN'S REQUEST FOR PRODUCITON OF DOCUMENTS, SET ONE
Case No.: 2:25-cv-02314-MRA-KS

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS sufficient to identify the total revenue generated by the PRODUCTS sold in California on a daily, weekly, monthly, quarterly, and annual basis during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS relating to financial and accounting profitability analyses and forecasts for the PRODUCTS, conducted during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent

- 43 -

it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 52:**

All available sales data depicting the sales of the PRODUCTS sold in California during the CLASS PERIOD, including data from third party companies such as Information Resources, Inc. ("IRI") and Circana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS sufficient to identify the price variations for the PRODUCTS sold in California during the CLASS PERIOD.

/ / /

- 44 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS, including written communications, detailing the methodology YOU utilized for recording revenues during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that "methodology" is undefined, requiring Target to speculate as to the meaning of same. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

/ / /

- 45 -

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 55:**

All accounting profitability analysis, tests, memoranda, discussions, reports and/or other documents depicting any profitability and/or benefit attributed to the CHALLENGED REPRESENTATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it is a compound Request in the guise of a single Request.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. To the

- 46 -

extent such information exists, Target will produce responsive documents on or before Friday August 15, 2025. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS, including written and online communications, identifying, naming, discussing, describing, referencing, relating to, or referring to identifying the actual or suggested retail price(s) for the PRODUCTS paid by wholesale and retail customers in California, including mean, median, and range of list price(s) and invoiced sale price(s), including from third-party vendors, during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control related directly to consumers of the Products in California subject to a Protective Order. Target will produce responsive documents on or before Friday August 15, 2025. Such documents and information will be produced as they are kept in the usual course of business.

- 47 -

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS relating to the PERSONS that sell or sold the PRODUCTS in California, including in-store retailers, internet retailers, telephone retailers, and by-mail retailers, as well as any other retailers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.  Target also objects that this Request seeks completely irrelevant information; documents "relating" to the persons who sell products at Target (sales associates) is not relevant to a claim or defense in this lawsuit about whether Target's labels on certain dip products are false and misleading.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control related to the identity of the manufacturer or vendor subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

/ / /

/ / /

- 48 -

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS identifying the terms and conditions (such as a contract including all amendments, attachments, exhibits, schedules, and DOCUMENTS incorporated by reference) governing all PERSONS' sales of the PRODUCTS in California, including in-store retailers, internet retailers, telephone retailers, and by-mail retailers, as well as any other retailers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: Target does not sell the Products to third parties. As such, Target is not in possession, custody, or control of any documents responsive to this request as the information does not exist.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS relating to, or referring to any policies, procedures, or practices governing all PERSONS' sales of the PRODUCTS in California, including in-store retailers, internet retailers, telephone retailers, and by-mail retailers, as well as any other retailers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the

- 49 -

retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target is not in possession, custody, or control of any documents responsive to this request as the information does not exist. Target does not sell the Products to third parties.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS regarding sales data for the PRODUCTS, which shall be produced in a CSV (comma-separated values) file (such as Excel) that states the following information in separate columns, and chronologically organizes the rows, for each sale of the PRODUCTS in California during the CLASS PERIOD: (1) the PRODUCT name; (2) unique product identifiers (such as a Universal Product Code or Stock Keeping Unit); (3) the date the unit was sold; (4) the number of units sold; (5) the dollar amount charged for each unit sold, including any related charges separately identified (such as taxes, shipping, or interest); (6) whether the sale was direct to consumer or intended for resale; and (7) the manufacturer suggested retail price for the unit sold.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Target objects to this Request as not proportional to the needs of this case as this Request is one of seventy-three requests for production, many of which are compound requests, in addition to requests in other discovery devices. Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the

- 50 -

subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that it is a compound Request in the guise of a single Request.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS, including written communications, identifying, naming, discussing, describing, referencing, relating to, or referring to the vendors that distributed or distribute the PRODUCTS in California, including their contact information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Target objects to this Request as not proportional to the needs of this case as this Request is one of seventy-three requests for production, many of which are compound requests, in addition to requests in other discovery devices. Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Target further objects to this Request to the extent it seeks

information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS that reflect the way YOU generate, maintain, store, organize, and/or record information concerning third-party sellers of the PRODUCTS, including directory trees for any electronically stored information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Target objects to this Request as not proportional to the needs of this case as this Request is one of seventy-three requests for production, many of which are compound requests, in addition to requests in other discovery devices. Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: Target does not sell the Products to third parties. As such, Target is not in

/ / /

- 52 -

possession, custody, or control of any documents responsive to this request as the information does not exist.

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS relating to objections, concerns, complaints, or criticisms over the CHALLENGED REPRESENTATION or ingredients in the PRODUCTS, including, but not limited to, consumer complaints, pre-suit notice letters, settlement demands, complaints filed in any court of law, and threatened claims or lawsuits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Target objects to this Request as not proportional to the needs of this case as this Request is one of seventy-three requests for production, many of which are compound requests, in addition to requests in other discovery devices. Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such

///

- 53 -

documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS regarding any investigation, enforcement action, or inquiry by the Federal Trade Commission and/or Federal and Drug Administration related to the PRODUCTS and/or YOUR use of the CHALLENGED REPRESENTATION in any advertisement, label or package.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Target objects to this Request as not proportional to the needs of this case as this Request is one of seventy-three requests for production, many of which are compound requests, in addition to requests in other discovery devices. Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

/ / /

/ / /

- 54 -

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS regarding any Better Business Bureau National Advertising Division or National Advertising Review Board investigation, inquiry, or proceeding related to the PRODUCTS and/or YOUR use of the CHALLENGED REPRESENTATION in any advertisement, label or package.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Target objects to this Request as not proportional to the needs of this case as this Request is one of seventy-three requests for production, many of which are compound requests, in addition to requests in other discovery devices. Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS, including written communications, addressing any objections, concerns, complaints, or criticisms regarding the use of the CHALLENGED REPRESENTATION in association with the PRODUCTS.

- 55 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Target objects to this Request as not proportional to the needs of this case as this Request is one of seventy-three requests for production, many of which are compound requests, in addition to requests in other discovery devices. Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS sufficient to identify all PERSONS that purchased the PRODUCTS in California during the CLASS PERIOD, including by name, address, phone number, and/or email address.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Target objects to this Request as not proportional to the needs of this case as this Request is one of seventy-three requests for production, many of which are

- 56 -

compound requests, in addition to requests in other discovery devices. Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect. Target further objects on the grounds that the Request seeks information, the disclosure of which could constitute an unwarranted invasion of the affected individuals' constitutional, statutory, and common law rights of privacy and confidentiality.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS that concern or otherwise have anything whatsoever to do with Plaintiff Vigen Tovmasyan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Target objects to this Request as not proportional to the needs of this case as this Request is one of seventy-three requests for production, many of which are compound requests, in addition to requests in other discovery devices. Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested

- 57 -

is undefined and overbraod, requiring Target to speculate as to same. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 69:**

A copy of each insurance policy, including all declarations of coverage, riders, schedules, amendments, endorsements, and exhibits thereto, providing coverage for the claims asserted in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Target objects to this Request as not proportional to the needs of this case as this Request is one of seventy-three requests for production, many of which are compound requests, in addition to requests in other discovery devices. Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request to the extent that it requests confidential and/or proprietary information.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic

copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 70:**

All DOCUMENTS, including written communications, discussing, relating to, referring to, or referencing any insurance coverage for the claims at issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Target objects to this Request as not proportional to the needs of this case as this Request is one of seventy-three requests for production, many of which are compound requests, in addition to requests in other discovery devices. Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

/ / /

/ / /

- 59 -

**REQUEST FOR PRODUCTION NO. 71:**

All DOCUMENTS relating to, referencing, discussing, or describing communications, exchanged between or among YOU and any third-party regarding the claims asserted in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Target objects to this Request as not proportional to the needs of this case as this Request is one of seventy-three requests for production, many of which are compound requests, in addition to requests in other discovery devices. Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS that support YOUR defenses, if any.

/ / /

- 60 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Target objects to this Request as not proportional to the needs of this case as this Request is one of seventy-three requests for production, many of which are compound requests, in addition to requests in other discovery devices. Target objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same.  Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge.  Target further objects to this Request to the extent that it requests confidential and/or proprietary information.  Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: As exclusively the retailer, Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order.  Such documents and information will be produced as they are kept in the usual course of business.

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS in support of YOUR responses to Plaintiff's Requests for Admission, Set One that are not unqualified admissions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Target objects to this Request as not proportional to the needs of this case as this Request is one of seventy-three requests for production, many of which are compound requests, in addition to requests in other discovery devices. Target

- 61 -

objects to this Request to the extent it seeks to misclassify Target's involvement in this lawsuit as the manufacturer when, in fact, Target is only the retailer of the subject products and will answer this Request with that understanding. Target further objects to this Request on the basis that the scope of information requested is undefined, requiring Target to speculate as to same. Target further objects to this Request on the basis that it seeks information in the possession of third parties and not within Target's possession, custody, control, or personal knowledge. Target further objects to this Request to the extent that it requests confidential and/or proprietary information. Target further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other privileges, protections, or doctrines of similar effect.

Subject to the foregoing objections and limitations, Target responds as follows: Target will search for and produce electronic copies of responsive, non-privileged documents and/or electronically stored information within its custody and control subject to a Protective Order. Such documents and information will be produced as they are kept in the usual course of business.

Date:  July 9, 2025                                    HAYNES AND BOONE, LLP

By: _____

Brent R. Owen
Attorneys for Defendant
TARGET CORPORATION

DEFENDANT TARGET CORPORATION'S RESPONSES TO PLAINTIFF VIGEN TOVMASYAN'S REQUEST FOR PRODUCITON OF DOCUMENTS, SET ONE
Case No.: 2:25-cv-02314-MRA-KS

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. I am employed with the law offices of Haynes and Boone, LLP and my business address is 600 Anton Blvd., Suite 700, Costa Mesa, California 92626.

On **July 9, 2025** I served the document(s) listed below on the interested party in this action by serving a true copy thereof on the individuals below, as indicated: **DEFENDANT TARGET CORPORATION'S RESPONSES TO PLAINTIFF VIGEN TOVMASYAN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

| MALK & POGO LAW GROUP, LLP<br>Valter Malkhasyan, Esq.<br>Erik Pogosyan. Esq.<br>1241 S. Glendale Ave., Suite 204<br>Glendale, CA 91205 | T: (818) 484-5205<br>F: (818) 824-5144<br>valter@malkpogolaw.com<br>erik@malkpogolaw.com<br><br>Attorneys for Plaintiff,<br>VIGEN TOVMASYAN |
| --- | --- |

☒ **(BY U.S. MAIL)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I caused such envelope, with postage thereon fully prepaid, to be placed in the United States Mail at Costa Mesa, California as indicated above

☒ **(BY ELECTRONIC DELIVERY)** I served a true and correct copy of such document by electronic delivery to the email addresses listed above per the agreement of the parties pursuant to Federal Rule of Civil Procedure 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 9, 2025, at Costa Mesa, California.

_Carrie L. Gagne_
Carrie L. Gagne

- 1 -