# EXHIBIT 3 – PORTIONS OF DEFENDANT'S 30(B)(6) DEPOSITION TRANSCRIPT

Q. So when you say I did review the label and I did review the challenged statement, so you are just

Deposition of PMK, Courtney Anne Jacobson

reviewing that the specification sheet says no artificial flavors, preservatives, or synthetic colors, and if it says that, then approved?

A.   If there are ingredients of question, we would work with our vendor to understand what those ingredients are and what they are used for in the product.

Q.   Were there any ingredients of question for these products?

A.   I don't remember.

Q.   Would you be able to pull that from your e-mails or internal documents?

MR. OWEN:   Objection to form and foundation.

THE WITNESS:   When the specification is turned over to my team, our product development team has already worked with the vendor to review this product and make sure that it meets requirements that the project plan for the desired outcomes that we were hoping to get from this project had been met.

BY MR. MALKHASYAN:

Q.   And what was the project plan for these products?

A.   I don't -- I don't remember.

Q.   What was the Target outcome you were trying to get from these products?

Deposition of PMK, Courtney Anne Jacobson

A.   I don't know.

Q.   Who would know?

A.   Our product development team or merchant team possibly.

Q.   What ingredients are not allowed?

A.   Many ingredients are not allowed.

Q.   Can you list some?

A.   Sure.   Artificial flavors, Red 40, are examples.

Q.   Okay.   And who determines what ingredients are or aren't allowed?

A.   Product development team.

Q.   Product development team.

And the product development team was led by Jasmine Vasquez; correct?

A.   That is their leader now.   I don't know when these items were launched, if she was still the leader.

Q.   Are preservatives ingredients allowed?

MR. OWEN:   Objection to form, vague.

THE WITNESS:   There are certain ingredients that are preservatives that are not allowed.

If there is vested interest, you guys don't confirm the basis of these claims appearing on your product?

MR. OWEN:  Objection to form, misstates prior testimony.

THE WITNESS:  Vendor would not add a claim to a specification that is agreement between Target and the vendor.  That is not an accurate representation.  If we have a question about that claim or product name or other attribute of that product, we would ask to clarify and work with the vendor to understand that position. Target also would never add a claim to a product that the vendor has not agreed to.

BY MR. MALKHASYAN:

Q.  But who verifies the accuracy?

MR. OWEN:  Objection to form, asked and answered, misstates prior testimony.

THE WITNESS:  There are multiple people at Target who have verification roles within this process.

BY MR. MALKHASYAN:

Q.  And who are those people?

A.  So product development confirms that the product meets their requirements of the brand and that the product meets other quality metrics for the product. Product development --

Q.   Sorry.  Go ahead.  I didn't mean to interrupt. I apologize.   I thought you were finished.

A.   Product development works with the vendor to get that specification into our specification system that when that spec becomes validated, it is turned over to my team to review that information.

A.   Per our process, product development would work to ensure that the ingredients of the product meet the requirements of the brand.

Q.   Was there any meeting specifically to citric acid being in these four products?

A.   Not that I know of.

Q.   Okay.  Did you ever question the accuracy of no artificial flavors despite it including citric acid?

A.   No.

Q.   Why?

A.   No artificial flavors is a defined claim, and citric acid is not part of that definition.

Q.   What is the defined claim for no artificial

Deposition of PMK, Courtney Anne Jacobson

flavors?

A.   No flavors from artificial sources.

Q.   And you said citric acid is not part of that definition.   Why?

A.   I don't set the definition, so I don't want to speculate.

Q.   Who sets the definition?

A.   The product development team who was responsible for setting the brand standards.

Deposition of PMK, Courtney Anne Jacobson

A.  I don't know what it means for in default language as related to on-pack ingredients.  I don't know the difference between those two.

Q.  What about the difference between ingredient name in default language or it's the same?

A.  I don't know the difference.

Q.  Okay.  It seems like so Target system flagged this, and then it was overridden by a person named Catherine Potter; is that correct?

A.  Yes.  So what happens is the vendor has created their specification.  They have citric acid in their on-pack ingredient list.  So as found in on-pack ingredients, it requests an override because this product is within our Good & Gather brand.  So they request an override as to why is citric acid in the Good & Gather brand.

Q.  Is Catherine Potter a Target employee?

A.  Not anymore.

Q.  But she was?

A.  She was.

Q.  So the overriding process is done by Target?

A.  Correct.

Q.  Why not the vendor now?

A.  The vendor enters the override.  Target reviews and approves the override.  So the vendor enters the

Deposition of PMK, Courtney Anne Jacobson

reason for the override and they approved -- or is marked yes or no.   And then the comment is done by Target.

Q.   The comment is done by Target.   Got you.

So Target system flags it.   The vendor overrides it, provides a reasoning.   Target reviews, approves it, and comments on it?

A.   Yes.

Q.   Okay.   Who is Catherine Potter?

A.   She was on the product development team.