Daniel Lammie (Bar No. 345838)
HAYNES AND BOONE, LLP
112 East Pecan Street, Suite 2400
San Antonio, TX 78205
Telephone: (210) 978-7000
Facsimile: (210) 978-7450
Daniel.lammie@haynesboone.com

Letitia Johnson-Smith (Bar No. 355642)
HAYNES AND BOONE, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001
Letitia.johnson-smith@haynesboone.com

Brent R. Owen (Bar No. 45068)
Allison Regan (Bar No. 61960)
HAYNES AND BOONE, LLP
675 15th Street, Suite 2200
Denver, CO 80202
T: (303) 382-6200
F: (303) 382-6210
Brent.owen@haynesboone.com
Allison.Regan@haynesboone.com
**[PRO HAC VICE]**

Attorneys for Defendant
TARGET CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIGEN TOVMASYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a corporation, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-02314-MRA-KS<br><br>Assigned to District Judge:<br>Hon. Monica Ramirez Almadani<br><br>**DECLARATION OF ALLISON K. REGAN IN SUPPORT OF DEFENDANT TARGET CORPORATION'S OPPOSITION TO EX PARTE APPLICATION RE PLAINTIFF'S FIRST REQUEST TO AMEND THE SCHEDULING ORDER** |

## <u>DECLARATION OF ALLISON K. REGAN</u>

I, ALLISON K. REGAN, hereby declare as follows:

1. I am an Associate at Haynes and Boone, LLP and counsel for Defendant Target Corporation ("<u>Target</u>") in the within action. I have personal knowledge of the matters set forth herein and, if called to testify, could and would testify competently thereto. I make this Declaration in support of Defendant's Opposition to Plaintiff's Ex Parte Application re First Request to Amend the Scheduling Order.

2. Attached hereto as **Exhibit A** is a true and correct copy of the Plaintiff's Notice of Deposition of a Corporate Representative of Defendant for October 1, 2025, served on July 28, 2025.

3. Attached hereto as **Exhibit B** is a true and correct excerpted copy of correspondence between counsel for Plaintiff and Defendant regarding deposition scheduling and unavailability of counsel for Plaintiff due to a vacation.

4. Throughout September and October, the parties corresponded regularly to identify mutually agreeable dates for the 30(b)(6) deposition of Defendant and the individual deposition of Defendant. Due to the inclusion of confidential settlement discussions between the parties in this correspondence, the correspondence is not attached here.

5. Attached hereto as **Exhibit C** is a true and correct copy of the Plaintiff's Amended Notice of Deposition of a Corporate Representative of Defendant for December 3, 2025, served on October 21, 2025.

6. Attached hereto as **Exhibit D** and **Exhibit E** are a true and correct copies of correspondence between counsel for Plaintiff and Defendant regarding the scope of topics noticed by Plaintiff for the 30(b)(6) deposition of Defendant.

7. Attached hereto as **Exhibit F** is a true and correct copy of additional correspondence from counsel for Defendant regarding the limitation of Defendant's knowledge as to topics noticed for the 30(b)(6) deposition of Defendant.

- 1 -

8.      Attached hereto as **Exhibit G** is a true and accurate copy of an excerpt of correspondence between counsel for the Plaintiff and Defendant regarding time constraints for the 30(b)(b) deposition of Defendant occurring on December 3, 2025.

9.      Attached hereto as **Exhibit H** is a true and accurate copy of the notice of deposition for the continued 30(b)(6) deposition of Defendant for February 10, 2026, served on December 10, 2025.

10.     Attached hereto as **Exhibit I** is a true and accurate copy of an excerpt of correspondence from counsel for Plaintiff demanding Defendant produce a member of target's product development team as deponent for the continued 30(b)(6) deposition.

11.     Attached hereto as **Exhibit J** is a true and correct copy of excerpts of the 30(b)(6) deposition transcript (December 3, 2025) of Courtney Ann Jacobson ("Ms. Jacobson") as corporate representative for Defendant.

12.     Attached hereto as **Exhibit K** is a true and accurate copy of correspondence between counsel for Plaintiff and counsel for Defendant wherein counsel for Defendant obliges Plaintiff's request for an additional deponent from Target's product development team.

13.     During a discovery conferral call between counsel for Plaintiff and Defendant on February 12, 2026, counsel for Defendant notified counsel for Plaintiff that the discovery requests served by Plaintiff on February 5, 2026 were untimely as Defendant's deadline to respond was after the non-expert discovery cut off. Only after counsel for Defendant notified Plaintiff of the untimely nature of the discovery requests did counsel for Plaintiff request an extension of the non-expert discovery cutoff.

14.     Attached hereto as **Exhibit L** is a true and accurate copy of correspondence between counsel regarding Plaintiff's requested extension of the non-expert discovery cutoff, following the parties February 12, 2026 conferral call.

- 2 -

15. On February 18, 2026, counsel for Plaintiff stated that he was filing an ex parte application because the court did not have availability for a regularly scheduled hearing prior to the March 6, 2026 non-expert discovery cutoff.

16. Attached hereto as **Exhibit M** is a true and accurate copy of Plaintiff's request for production of documents, served on February 5, 2026.

17. Attached hereto as **Exhibit N** is a true and accurate copy of the Notice of Deposition of Non-Party Elevation Foods, served on December 10, 2025.

18. Attached hereto as **Exhibit O** is a true and accurate copy of the Notice of Deposition of Non-Party Ailments Fontaine Sante, Inc. ("Fontaine") served on February 5, 2026.

19. Attached hereto as **Exhibit P** is an excerpt of correspondence between counsel for Plaintiff and Defendant regarding designated deponents for Non-Party Fontaine.

20. Attached hereto as **Exhibit Q** is a true and accurate copy of the amended notice of continued 30(b)(6) deposition of Defendant on February 24, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 20, 2026, at Denver, Colorado.

_____

Allison K. Regan