# EXHIBIT K

| From: | Regan, Allison |
| --- | --- |
| To: | "Valter Malkhasyan"; Erik Pogosyan; Owen, Brent |
| Cc: | Solt, Kaley; Johnson-Smith, Letitia; Cusack, Rosella; Marianna Esayan |
| Subject: | RE: Tovmasyan v. Target - Discovery Conferral |
| Date: | Friday, February 13, 2026 9:15:00 AM |

Valter,

Feb 24 works for the continued deposition of Target's corporate representative. Will you be issuing a new notice?

-Allison

**HAYNES BOONE**

**Allison K. Regan** | Associate
allison.regan@haynesboone.com | (t) +1 303.382.6214
Admitted to practice in Colorado, New Hampshire, Massachusetts.

**From:** Valter Malkhasyan <valter@malkpogolaw.com>
**Sent:** Wednesday, February 11, 2026 11:04 AM
**To:** Regan, Allison <Allison.Regan@haynesboone.com>; Erik Pogosyan <erik@malkpogolaw.com>; Owen, Brent <Brent.Owen@haynesboone.com>
**Cc:** Solt, Kaley <Kaley.Solt@haynesboone.com>; Johnson-Smith, Letitia <Letitia.Johnson-Smith@haynesboone.com>; Cusack, Rosella <Rosella.Cusack@haynesboone.com>; Marianna Esayan <marianna@malkpogolaw.com>
**Subject:** Re: Tovmasyan v. Target - Discovery Conferral

**EXTERNAL: Sent from outside Haynes and Boone, LLP**

That works, can you please circulate invite.

Regards,

Valter Malkhasyan, Esq.


**MALK & POGO LAW GROUP, LLP**

1241 S. Glendale Ave, Suite 204

Glendale, CA 91205

Office: 818-484-5204

Direct: 818-351-6611


www.malkpogolaw.com

**From:** Regan, Allison <Allison.Regan@haynesboone.com>
**Sent:** Wednesday, February 11, 2026 8:18 AM
**To:** Valter Malkhasyan <valter@malkpogolaw.com>; Erik Pogosyan <erik@malkpogolaw.com>; Owen, Brent <Brent.Owen@haynesboone.com>
**Cc:** Solt, Kaley <Kaley.Solt@haynesboone.com>; Johnson-Smith, Letitia <Letitia.Johnson-Smith@haynesboone.com>; Cusack, Rosella <Rosella.Cusack@haynesboone.com>; Marianna Esayan <marianna@malkpogolaw.com>
**Subject:** RE: Tovmasyan v. Target - Discovery Conferral

11am MT on Thursday would be best on our end. Will that work for you?

**HAYNES BOONE**

**Allison K. Regan** | Associate
allison.regan@haynesboone.com | (t) +1 303.382.6214
Admitted to practice in Colorado, New Hampshire, Massachusetts.

**From:** Valter Malkhasyan <valter@malkpogolaw.com>
**Sent:** Tuesday, February 10, 2026 6:57 PM
**To:** Regan, Allison <Allison.Regan@haynesboone.com>; Erik Pogosyan <erik@malkpogolaw.com>; Owen, Brent <Brent.Owen@haynesboone.com>
**Cc:** Solt, Kaley <Kaley.Solt@haynesboone.com>; Johnson-Smith, Letitia <Letitia.Johnson-Smith@haynesboone.com>; Cusack, Rosella <Rosella.Cusack@haynesboone.com>; Marianna Esayan <marianna@malkpogolaw.com>
**Subject:** Re: Tovmasyan v. Target - Discovery Conferral

I am available for a call Thursday. Please propose some times.

Regards,

Valter Malkhasyan, Esq.


**MALK & POGO LAW GROUP, LLP**

1241 S. Glendale Ave, Suite 204

Glendale, CA 91205

Office: 818-484-5204

Direct: 818-351-6611


www.malkpogolaw.com

**From:** Regan, Allison <Allison.Regan@haynesboone.com>
**Sent:** Tuesday, February 10, 2026 4:46 PM
**To:** Valter Malkhasyan <valter@malkpogolaw.com>; Erik Pogosyan <erik@malkpogolaw.com>; Owen, Brent <Brent.Owen@haynesboone.com>
**Cc:** Solt, Kaley <Kaley.Solt@haynesboone.com>; Johnson-Smith, Letitia <Letitia.Johnson-Smith@haynesboone.com>; Cusack, Rosella <Rosella.Cusack@haynesboone.com>; Marianna Esayan <marianna@malkpogolaw.com>
**Subject:** RE: Tovmasyan v. Target - Discovery Conferral

Valter,

I am working to confirm available dates for the deponent – they were on vacation until yesterday. I will circle back soon.

As to the other items in this thread, I have not received a response to my last conferral email regarding deficiencies in plaintiff's interrogatory responses. We'd prefer to resolve the issue without court intervention, but I have not heard back from you regarding whether you will supplement the responses. Let us know when you are available for a call to confer further.

Thanks,
Allison

**HAYNES BOONE**

**Allison K. Regan** | Associate
allison.regan@haynesboone.com | (t) +1 303.382.6214
Admitted to practice in Colorado, New Hampshire, Massachusetts.

**From:** Valter Malkhasyan <valter@malkpogolaw.com>
**Sent:** Tuesday, February 10, 2026 4:33 PM
**To:** Regan, Allison <Allison.Regan@haynesboone.com>; Erik Pogosyan <erik@malkpogolaw.com>; Owen, Brent <Brent.Owen@haynesboone.com>
**Cc:** Solt, Kaley <Kaley.Solt@haynesboone.com>; Johnson-Smith, Letitia <Letitia.Johnson-Smith@haynesboone.com>; Cusack, Rosella <Rosella.Cusack@haynesboone.com>; Marianna Esayan <marianna@malkpogolaw.com>
**Subject:** Re: Tovmasyan v. Target - Discovery Conferral

Hi Allison,

Following up for a date for Target's 30(b)(6) depo. Any update?

Regards,

Valter Malkhasyan, Esq.


**MALK & POGO LAW GROUP, LLP**

1241 S. Glendale Ave, Suite 204

Glendale, CA 91205

Office: 818-484-5204

Direct: 818-351-6611


www.malkpogolaw.com

---

**From:** Valter Malkhasyan <valter@malkpogolaw.com>
**Sent:** Thursday, February 5, 2026 11:44 AM
**To:** Regan, Allison <Allison.Regan@haynesboone.com>; Erik Pogosyan <erik@malkpogolaw.com>; Owen, Brent <Brent.Owen@haynesboone.com>
**Cc:** Solt, Kaley <Kaley.Solt@haynesboone.com>; Johnson-Smith, Letitia <letitia.johnson-smith@haynesboone.com>; Cusack, Rosella <Rosella.Cusack@haynesboone.com>; Marianna Esayan <marianna@malkpogolaw.com>
**Subject:** Re: Tovmasyan v. Target - Discovery Conferral

Counsel,

Please see the attached Notice of Deposition for Aliments Fontaine Santé Inc. You previously indicated that you would facilitate service on Fontaine; if that is no longer the case, please let us know so we can proceed with personal service directly.

Also please see Plaintiff Vigen Tovmasyan's Request for Production of Documents, Set Two.

With respect to the deposition of Target's Rule 30(b)(6) witness from the Product Development Team, we propose the following dates: February 19, 23, 24 or March 3 or 4.


Regards,
Valter Malkhasyan, Esq.

**MALK & POGO LAW GROUP, LLP**
1241 S. Glendale Ave, Suite 204
Glendale, CA 91205
Office: 818-484-5204
Direct: 818-351-6611

www.malkpogolaw.com

---

**From:** Regan, Allison <Allison.Regan@haynesboone.com>
**Sent:** Monday, February 2, 2026 3:29 PM
**To:** Valter Malkhasyan <valter@malkpogolaw.com>; Erik Pogosyan <erik@malkpogolaw.com>
**Cc:** Owen, Brent <Brent.Owen@haynesboone.com>; Solt, Kaley <Kaley.Solt@haynesboone.com>; Cusack, Rosella <Rosella.Cusack@haynesboone.com>; Marianna Esayan <marianna@malkpogolaw.com>
**Subject:** RE: Tovmasyan v. Target - Discovery Conferral

Valter,

I am following up on the discovery items I flagged on January 27, 2026.

1. Elevation Foods Deposition

We have received the updated zoom link for tomorrow's deposition beginning at 8am PST and provided same to the deponent.

As to the substance of tomorrow's deposition, **we are additionally objecting to the proposed topics that topics 1-5, 7, 13-15 as seeking Elevation's proprietary business information or trade secrets.**

2. Plaintiff's Interrogatory Responses

First, plaintiff—as the party refusing to provide responsive information—has the burden of opposing the request as improper. Pres. Techs. LLC v. MindGeek USA, Inc., No. 217CV08906DOCJPR, 2020 WL 10965161, at *1 (C.D. Cal. Dec. 18, 2020) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). More to the point, the relevance of the responses to the interrogatories are that Mr. Tovmasyan's credibility is a central issue to all of the claims he asserts. Specifically, the credibility of

Mr. Tovmasyan's allegations that he purchased certain dips in actual reliance on the challenged representation. That the information may be separate from the instant litigation does not automatically mean it is irrelevant to the instant matter. See e.g., Taction Tech., Inc. v. Apple Inc., No. 21-CV-00812-TWR-JLB, 2022 WL 18781396, at *8 (S.D. Cal. Mar. 16, 2022) (granting a motion to compel information related to other actual or potential litigation, including litigation funding); ConsumerInfo.com, Inc. v. One Techs. LP, No. CV 09-3783-VBF(MANX), 2010 WL 11507581, at *7 (C.D. Cal. May 4, 2010) (granting motion to compel all documents produced in connection with prior litigation, including settlement agreements with third parties). We are entitled to know about the PRIOR CLAIMS in which he was involved. Please supplement your responses by no later than February 3, 2026, as requested.

4. Target's Corporate Representative Deposition

We have just been notified of a scheduling conflict on February 10, 2026, with the likely deponent from the product development team. Can you please provide alternate dates in February or early March to reschedule the deposition?

Best,
Allison

**HAYNES BOONE**

**Allison K. Regan** | Associate
allison.regan@haynesboone.com | (t) +1 303.382.6214
Admitted to practice in Colorado, New Hampshire, Massachusetts.

**From:** Valter Malkhasyan <valter@malkpogolaw.com>
**Sent:** Tuesday, January 27, 2026 5:59 PM
**To:** Regan, Allison <Allison.Regan@haynesboone.com>; Erik Pogosyan <erik@malkpogolaw.com>
**Cc:** Owen, Brent <Brent.Owen@haynesboone.com>; Solt, Kaley <Kaley.Solt@haynesboone.com>; Cusack, Rosella <Rosella.Cusack@haynesboone.com>; Marianna Esayan <marianna@malkpogolaw.com>
**Subject:** Re: Tovmasyan v. Target - Discovery Conferral

Hi Allison,

I will respond in turn.

1. Deposition of Elevation Foods

Yes, let's start at 8 am pt. For topics 8-12, we will ask questions and the deponent can answer to the extent of its limited role in the labeling.

2. Elevation Foods Doc. Production

Email is fine.

3. Plaintiff's Doc. Production

1. Please explain the relevance of these Interrogatories. Also, please provide authority

establishing that this information is discoverable or that Plaintiff is obligated to breach an existing confidentiality agreement with a third party in order to respond. Is Target prepared to indemnify Plaintiff for any damages resulting from a breach of that agreement? I am happy to meet and confer further on this issue.

ii) To date, Plaintiff has no responsive documents after reasonable search and inquiry. To the extent any responsive documents are identified before the close of discovery, Plaintiff will provide.

4. <u>Target Corporate Representative Deposition</u>

It has been 7 weeks since we asked for this deposition date. Further delay is becoming unreasonable at      this point.

Regards,
Valter Malkhasyan, Esq.

**MALK & POGO LAW GROUP, LLP**
1241 S. Glendale Ave, Suite 204
Glendale, CA 91205
Office: 818-484-5204
Direct: 818-351-6611


[www.malkpogolaw.com](www.malkpogolaw.com)

---

**From:** Regan, Allison <[Allison.Regan@haynesboone.com](mailto:Allison.Regan@haynesboone.com)>
**Sent:** Tuesday, January 27, 2026 4:25 PM
**To:** Valter Malkhasyan <[valter@malkpogolaw.com](mailto:valter@malkpogolaw.com)>; Erik Pogosyan <[erik@malkpogolaw.com](mailto:erik@malkpogolaw.com)>
**Cc:** Owen, Brent <[Brent.Owen@haynesboone.com](mailto:Brent.Owen@haynesboone.com)>; Solt, Kaley <[Kaley.Solt@haynesboone.com](mailto:Kaley.Solt@haynesboone.com)>; Cusack, Rosella <[Rosella.Cusack@haynesboone.com](mailto:Rosella.Cusack@haynesboone.com)>; Marianna Esayan <[marianna@malkpogolaw.com](mailto:marianna@malkpogolaw.com)>
**Subject:** Tovmasyan v. Target - Discovery Conferral

Valter,

I am reaching out on a few discovery items.

1. <u>Deposition of Elevations Foods, Corporate Representative</u>

The Elevation Foods deposition is scheduled to occur remotely on February 3, 2026. We have a hard cut-off of 4pm MT. Let us know if you would like to begin earlier.

As to the substance of the deposition, and as I noted during our conferral call last week, Elevation Foods has identified Rhett Perrman, Research and Development Manager as its corporate representative to provide testimony on the topics listed in your subpoena. Our objections to and the limitations of Mr. Rhett's testimony are as follows:

   a.  First, and generally, Elevation Foods does not manufacture the Tzatiki Yogurt Dip at issue. That dip is manufactured by Ailments Fontaine Sante, Inc. *See* Target_0000030. Neither Mr. Perryman nor anyone else at Elevation Foods will be able to provide testimony related to that dip, its ingredients, or the manufacturing and labeling process.
   b.  Topic 8-12. We object to these topics on the basis of lack of foundation given that Elevation Foods has a limited role in the labeling process.  Accordingly, Mr. Perryman's ability to provide testimony on these topics will be extremely limited. But he is the correct person to testify on the representations at issue in this case, which I think is your primary concern.
   c.  Topic 16.  We object to this topic as it misstates the applicable law and standard. As Mr. Perryman can explain, Elevation Foods is confident in the representation on the dips.  But this topic implies that some legal or formal process exists or is required for the claims, including artificially claiming a "certification" or "audit" or other "verification" should exist.  Mr. Perryman (and documents to be produced) will confirm the lack of merits in your lawsuit; but we object to the extent this implies or imposes legal obligations on Target (or Elevation Foods) that do not exist.
   d.  Topic 18. We object to this topic for lack of foundation and lack of personal knowledge. There is no way for Mr. Perryman, or anyone at Elevations Foods, to know how consumers of the products interpret the challenged representation
   e.  Topic 20. We object to this topic for lack of foundation. This topic relates to Target's affirmative defenses and neither Mr. Perryman, nor anyone else at Elevation Foods will be able to provide testimony related to the affirmative defenses of the Defendant in this matter.

   2. Subpoena for Elevation Foods documents

We will produce documents responsive to the subpoena on or before Thursday of this week. Our ordinary practice would be to serve this production electronically, but your cover letter requests production of physical documents be made available for retrieval by courier. Please confirm if this is still your preferred method and we will identify the pick-up location.

   3. Plaintiff's Discovery Response Deficiencies.

   a. *Responses to Interrogatories.*

We are in receipt of your responses to Defendant's second set of Interrogatories and have identified certain deficiencies, set forth below. If you'd like to confer on the below, please identify a time you are available before February 3, 2026.

(i)    Responses to Interrogatories 23-24.

Your responses to Interrogatories 23 and 24 ignore the definition of "PRIOR MATTERS" which is not limited to involved in filed lawsuits. As Mr. Tovmasyan testified at his deposition, that he was represented by your office in at least one other legal matter, this response is thus not only inaccurate, it is evasive, in violation of Rule 37. F.R.C.P. 37 ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."); see also Franklin v. Smalls, No. 09CV1067 MMA RBB, 2012 WL 5077630, at *6 (S.D. Cal. Oct. 18, 2012) ("A party answering interrogatories has an affirmative duty to furnish any and all information available to the party."). Additionally, your objections based on attorney-client privilege are invalid. The interrogatories request identification of PRIOR MATTERS, not the contents of communications between plaintiff and his counsel. Attorney-client privilege only protects such communications, not underlying facts. See MCC Controls v. Hal Hays Constr., No. EDCV191655ABKKX, 2020 WL 6034321, at *4 (C.D. Cal. July 23, 2020) (overruling privilege objections); Upjohn Co. v. United States, 449 U.S. 383, 397, 101 S. Ct. 677, 686, 66 L. Ed. 2d 584 (1981) (same). Accordingly, we demand you withdraw the privilege objections and revise your responses to Interrogatories 23 and 24 to identify all PRIOR MATTERS, as defined in the Interrogatories, by no later than February 3, 2026.

b. *Responses to Requests for Production of Documents.*

We are in receipt of your responses to Defendant's second set of requests for production. To date, your client has declined to produce a single document responsive to our twenty-five document requests. Though your responses indicate discovery is ongoing and supplementation may come in the future, this response is unacceptable given that discovery is set to close at the end of February. Moreover, your response indicates that certain documents may exist and have been discovered, but have not been produced based on "plaintiff's understanding of the significance" of such documents or information. This is unacceptable. Franklin v. Smalls, No. 09CV1067 MMA RBB, 2012 WL 5077630, at *2 (S.D. Cal. Oct. 18, 2012)("Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matter that could bear on, any issue that may be in the case."). If documents are being withheld on the basis of your objections, you are required to so state. F.R.C.P. 34(b)(2)(C). If documents or information exist and are responsive to our requests, such documents and information must be produced immediately. And your responses to our requests for production must be revised to indicate whether documents are being withheld on the basis of your objections. Please confirm you will revise your responses and objections by no later than February 3, 2026.

4. Target Corporate Representative Deposition, Continued.

Finally, I am still working to confirm the deponent for the continued deposition of Target in February and will circle back in the next day or so.

Thanks,
Allison

**HAYNES BOONE**

**Allison K. Regan**
Associate
allison.regan@haynesboone.com

**Haynes and Boone, LLP**
675 15th Street
Suite 2200
Denver, CO 80202

(t) +1 303.382.6214
(m) +1 603.518.0856

Admitted to practice in Colorado, New Hampshire, Massachusetts.

vCard | Bio | Website

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.