# EXHIBIT Q

**MALK & POGO LAW GROUP, LLP**
Valter Malkhasyan (SBN 348491)
*valter@malkpogolaw.com*
Erik Pogosyan (SBN 345650)
*erik@malkpogolaw.com*
1241 S. Glendale Ave, Suite 204
Glendale, CA 91205
Tel: (818) 484-5204
Fax: (818) 824-5144

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| VIGEN TOVMASYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a corporation, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-02314-MRA-KS<br>Original Complaint: 1/30/2025<br>Removal: 3/14/2025<br><br>**PLAINTIFF VIGEN TOVMASYAN'S AMENDED NOTICE OF TAKING THE DEPOSITION OF DEFENDANT TARGET CORPORATION, PURSUANT TO FED. R. CIV. P. 30(b)(6)**<br><br>Date: February 24, 2026<br>Time: 9:00 a.m. PST<br>Location: Virtual[1] via Zoom |

[1] A zoom video link will be sent by Plaintiff's counsel's office to all individuals who provide their emails in advance of the deposition. Counsel for Defendant must share the video link with the 30(b)(6) deponent(s); in the alternative, Counsel for Defendant may provide Plaintiff's counsel or the court reporter with the deponents' email addresses through which they are able to receive a video link.



Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure Rule 30(b)(6), Plaintiff Vigen Tovmasyan ("Plaintiff"), by and through his undersigned counsel, will take the oral examination of the corporate designee(s) of Defendant Target Corporation ("Defendant" and/or "Deponent") in the above action, with respect to the topics set forth in "Exhibit A" attached hereto. The deposition(s) will take place on **February 24, 2026**, commencing at 9:00 a.m., PST. The deposition(s) shall be taken stenographically and by videographic means and shall be electronically conducted under the supervision of an officer who is authorized to administer an oath.

**PLEASE TAKE FURTHER NOTICE** that, after meeting and conferring, both parties have agreed that Plaintiff will conduct this deposition(s) by remote electronic means. Plaintiff will make the arrangements for all other necessary persons to attend remotely, including the deponent, counsel of record for the parties, counsel for the deponent, videographer, and the deposition officer. Further, following the oral agreement of all parties attending the deposition, the deposition officer will then remotely administer the oath to the party deponent. We further reserve the right to use the following: (1) audio or video technology to record the deposition; (2) instant visual display such that the reporter's writing of the proceeding will be available to all parties to this proceeding to request and receive it in real time; (3) Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (4) to conduct this deposition using a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that in lieu of a paper set of exhibits they may be provided and displayed digitally to the deposition officer, deponent, parties and counsel. The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript.

**PLEASE TAKE FURTHER NOTICE** that the deposition(s), if not completed on the noticed date, shall be continued, if necessary, from day to day thereafter, excluding weekends and holidays, until completed, unless counsel for the noticing party wishes the deposition to be completed at a later date, in which case a mutually agreeable date shall be selected between counsel for the parties.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(6), the Deponent must designate and produce at the deposition one or more "officers, directors, or managing agents, or other persons who consent to testify on its behalf," who possess sufficient knowledge, regarding the matters described in the attached "Exhibit A", which is hereby incorporated into this Notice.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(2) and 34, the Deponent must produce the documents described in the attached "Exhibit B" at the deposition.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(3), Plaintiff intends to utilize stenographic and videographic means of recording which permit the "real time" instant visual display of testimony. In addition to recording the deposition by the stenographic method, the deposition may also be taken by means of videotape recording pursuant to Fed. R. Civ. P. 30(b)(2). Plaintiff reserves the right to use the videotape recording of the deposition of the deponent at the trial or any hearing in this action.

Date: February 13, 2026

**MALK & POGO LAW GROUP, LLP**

By: _/s/ Valter Malkhasyan_
Valter Malkhasyan, Esq.
Erik Pogosyan, Esq.

*Attorneys for Plaintiff and the proposed Class*

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

**EXHIBIT A**

**SUBJECT MATTER OF DEPOSITION**

Pursuant to Rule 30(b)(6), Deponent shall designate and produce for deposition one or more persons to testify on its behalf, regarding the following matters:

**DEFINITIONS**

"PRODUCT" or "PRODUCTS" mean and refer to the products that are the subject of this action, including (1) Good & Gather Spinach Artichoke Dip; (2) Good & Gather Cranberry Jalapeno Dip; (3) Good & Gather Taco Dip; and (4) Good & Gather Tzatziki Yogurt Dip.

**THE PRODUCT**

**1)** The formulation of the Products, including all variations, offered for sale between January 30, 2021 and the present.

**2)** All changes to the formulation of the Products between January 30, 2021 and the present.

**3)** All variations of the Products formulation proposed between January 30, 2021 and the present, whether the variation was proposed, rejected, or approved.

**4)** The combination of ingredients (and any other components) contained in the Product (and be able to present a formula for the ingredients within the Product).

**5)** Product testing conducted by Defendant on all formulations of the Products offered for sale from January 30, 2021 through the present, including the nature of each test, the methodology for each test, the results of each test, and any written report or analysis of each test.

**6)** Information surrounding Defendant's understanding of the "No Artificial Flavors, **Preservatives** or Synthetic Colors" claims including but not limited to ingredients that make up the Product.

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

## ADVERTISING

**7)** All the Products' advertising (includes but is not limited to statements about The Products made in print, radio, television, online, in person, or through any other means) since the Products were first sold in California.

**8)** All drafts and iterations of the Products advertising (including those which were not ultimately used for the Products), including without limitation mock-ups, blueprints, and schematics, since the Products were first sold in California, whether the draft or iteration was proposed, rejected, or approved.

**9)** All changes to the Products advertising materials, including the date of each change and the reason for each change, since the Products were first sold in California.

**10)** All individuals responsible for making changes to the advertising of the Products.

**11)** All mediums of the Products advertising from January 30, 2021 through the present.

## PRODUCT PACKAGING/ LABELING

**12)** The Products' labeling and packaging since the Products were first sold in California.

**13)** Drafts and iterations of the Products' labeling and packaging (including those which were not ultimately used), including without limitation mock-ups and schematics, since the Products were first sold in California, whether the draft or iteration was proposed, rejected, or approved.

**14)** All individuals responsible for making changes to the labeling and packaging of the Products.

**15)** All changes in the labeling and packaging of the Products, including the date of each change and the reason for each change, since the Products were first sold in California.

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

## PRODUCT RETAILERS

**16)** The sellers that sold the Products in California from January 30, 2021 through the present, including in-store retailers, internet retailers, telephone retailers, and by-mail retailers, as well as any others.

**17)** Information concerning the number of units sold for each separate product identified in the complaint, by each retailer, and gross sales for each product sold.

## SALES AND RECORD KEEPING

**18)** The number of units of the Products sold in California from January 30, 2021 through the present (including but not limited the number of units sold by Defendant, and various retailers/authorized third party entities). [The deponent must be knowledgeable to testify regarding the number of units sold by each separate entity (i.e. Defendant, etc.) for each separate Product identified in the operative complaint; know the gross number of sales for each separate Product and be able to approximate the average price of each Product].

**19)** The total dollar amount of the Products sold in California during the period from January 30, 2021 through the present. [The Deponent must be also knowledgeable to understand the total dollar amounts of each separate Product that was sold, and be able to separate the total gross sales from the sales of each Product].

**20)** The total California revenues generated by Defendant during the period from January 30, 2021 through the present in connection with the Products.

**21)** Defendant's method of recording revenues during the time period from January 30, 2021 through the present.

**22)** Information regarding how Defendant keeps accounting of all sales, including invoice level or accounting data quantifying unit sales for the Products sold during the period from January 30, 2021 through the present.

**23)** Financial and accounting profitability analyses and forecasts conducted or relied upon by Defendant during the period from January 30, 2021 through the present in connection with the Products.

**PRODUCT PRICING**

**24)** Actual and suggested retail price(s) for the Products paid by wholesale and retail customers in California, including mean, median, and range of list price(s) and invoiced sale price(s), during the period from January 30, 2021 through the present, including from third-party vendors. [The deponent must be knowledgeable and able to testify as to the average price of each Product based on its sales data, and the sales of its retailers/authorized sellers]

**CONSUMERS OF THE PRODUCT**

**25)** Identification of individuals who purchased the Products in California between January 30, 2021 and the present.

**26)** How Defendant tracks California consumer contact information to reasonably identify individuals who purchased the Products between January 30, 2021 and the present.

**27)** Defendant's data management platforms, including software development kits (SDK) and consumer relationship management (CRM) data, which can be used to reasonably identify California purchasers of the Products.

**28)** Any customer rewards, discount, or loyalty programs that track or record purchase information of individuals who purchased the Products in California between January 30, 2021 and the present.

**29)** Defendant's social media (Facebook, Instagram, Twitter, Snapchat, etc.) contact with individuals who purchased the Products in California between January 30, 2021 and the present.

**30)** Consumer surveys conducted by Defendant related to the Products or used in any manner in connection with the Products.





Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

**31)** The history, specific details, and resolution of any customer complaints about the Products made between January 30, 2021 and the present.

**32)** The target market or intended consumer demographic of the Products, including but not limited to tests, studies, surveys, underlying data, and analyses.

## INSURANCE

**33)** Any insurance policies providing coverage for the claims at issue, including whether an insurance claim has been submitted and was denied.

## OTHER

**34)** All documents produced by Defendant in this litigation.

**35)** Defendant's organizational structure and hierarchy.

**36)** Involvement of any third parties/entities in marketing, distribution, and manufacturing of the Products.

**37)** Defendant's factual basis for its affirmative defenses.

**38)** Defendant's investigation into Plaintiff's claims.

**39)** Defendant's custodians of any and all documents responsive to Plaintiff's Request for Production of Documents propounded to Defendant by Plaintiff.

**40)** Defendant's responses to written discovery requests served by Plaintiff to Defendant in this action.

**41)** Attributes deemed important to the purchase process of the products, including ingredients (i.e. internal market research/studies, conjoint studies, separate consumer survey studies).

**42)** Information surrounding Defendant's understanding of possible levels of attributes deemed important to the purchase price of the Product, derived from product marketing analysis, studies, performance analysis, efficiency measures etc.

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

**43)** Information regarding the prices charged for the Products for the transactions during the Class period (internal transactions, sales data, pricing analysis or studies).

**44)** Information surrounding any research studies conducted by Defendant or its vendors regarding developing of pricing for the products at issue (including surveys, conjoint analysis, market research).

**45)** Information surrounding the demographic/socioeconomic information of the class members if known [including Defendant's targeting of certain groups based on their marketing and best estimate of Defendant's understanding of their population of purchasers of these products].

Date: February 13, 2026

**MALK & POGO LAW GROUP, LLP**

By: */s/ Valter Malkhasyan*
Valter Malkhasyan, Esq.
Erik Pogosyan, Esq.

*Attorneys for Plaintiff and the proposed Class*

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

## EXHIBIT B

## DOCUMENTS TO PRODUCE AT THE DEPOSITION

Pursuant to Rule 30(b)(2) and 34, Deponent shall produce the following documents:

## DEFINITIONS

"DOCUMENTS" mean any kind of written, recorded or graphic matter, however, produced or reproduced, whether physical or electronic, including, but not limited to, correspondence, communications, charts, e-mails, text messages, instant messages, reports, memoranda, notes, written analyses, work papers, diaries, calendars, canceled checks, purchase orders, billing statements, receipts or other writings, including copies of the foregoing, within the knowledge, possession, custody, or control, or subject to DEFENDANT'S control.

"PRODUCT" or "PRODUCTS" mean and refer to the products that are the subject of this action, including (1) Good & Gather Spinach Artichoke Dip; (2) Good & Gather Cranberry Jalapeno Dip; (3) Good & Gather Taco Dip; and (4) Good & Gather Tzatziki Yogurt Dip.

"DEFENDANT" and "YOU" mean and refer to Defendant Target Corporation, and its affiliates, related entities, and/or agents who are within Defendant's possession, custody or control. ["Control" means legal right to obtain documents upon demand.].

Any terms not otherwise defined shall be given their plain and ordinary meaning.

If the time period is not otherwise stated, Defendant shall presume the following period applies: from January 30, 2021 through present.

///

///

///

///

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

**DOCUMENTS**

**1)** All DOCUMENTS sufficient to identify the average price of each separate Product sold in California.

**2)** All DOCUMENTS sufficient to identify the total number of units sold of each separate Product sold in California.

**3)** All DOCUMENTS sufficient to identify each the average price of each separate Product.

**4)** All DOCUMENTS sufficient to identify the information about the population of purchasers of the Products at issue.

**5)** All DOCUMENTS sufficient to identify attributes deemed important to the purchase price of the Products [including ingredients] (this includes but is not limited to conjoint studies, internal market research, surveys).

**6)** All DOCUMENTS sufficient to identify possible levels of attributes deemed important to the purchase price (derived from product marketing analysis, studies, efficiency measures).

**7)** Documents sufficient to identify prices charged for each separate Product.

**8)** All research studies conducted by Defendant (or on its behalf) to develop pricing for the Products at issue.

**9)** All DOCUMENTS sufficient to identify the target audience for the Products at issue.

**10)** Any additional documents that Defendant intends to rely on in an opposition to Plaintiff's Motion for Class Certification, and at the time of trial.

**11)** Any additional documents Defendant anticipates producing in this litigation that it has not produced to date.

Date: February 13, 2026

**MALK & POGO LAW GROUP, LLP**

By: _/s/ Valter Malkhasyan_
Valter Malkhasyan, Esq.
Erik Pogosyan, Esq.

*Attorneys for Plaintiff and the proposed Class*

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

**PROOF OF SERVICE**

UNITED STATES DISTRICT COURT,
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

I am employed in the County of Los Angeles. I am over the age of eighteen years and not a party to the within entitled action. My business address is 1241 S. Glendale Ave Suite 204, Glendale, CA 91205.

On **February 13, 2026** (date of service), I served a copy of the following document(s) on the interested party(ies) and/or person(s) identified on the Service List in the manner set forth below.

Documents Served

**PLAINTIFF VIGEN TOVMASYAN'S AMENDED NOTICE OF TAKING THE DEPOSITION OF DEFENDANT TARGET CORPORATION, PURSUANT TO FED. R. CIV. P. 30(b)(6)**

Method of Service

☒ **BY EMAIL:** I caused to be transmitted a true and correct copy of the foregoing document(s) via e-mail addressed to the interested party(ies)/person(s) as set forth on the attached Service List pursuant to law, local rules, court order, and/or agreement amongst said party(ies)/person(s) to accept service thereby.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **February 13, 2026**

*/s/ Valter Malkhasyan*
Valter Malkhasyan

Malk & Pogo Law Group, LLP | 1241 S. Glendale Ave. Suite 204 | Glendale, CA 91205

**SERVICE LIST**

**HAYNES AND BOONE, LLP**
Brent Owen
*Brent.Owen@haynesboone.com*
Daniel Lammie
*Daniel.Lammie@haynesboone.com*
Letitia Johnson-Smith
*Letitia.Johnson-Smith@haynesboone.com*
Allison Regan
*Allison.Regan@haynesboone.com*
600 Anton Blvd, Suite 700
Costa Mesa, CA 92626
Tel: (949) 202-3000

*Counsel for Defendant Target Corporation*